| | |
|---|---|
| **KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (*pro hac vice* pending)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br>jsussberg@kirkland.com<br><br>Chad J. Husnick, P.C. (*pro hac vice* pending)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone: (312) 862-2000<br>Facsimile: (312) 862-2200<br>chusnick@kirkland.com | **COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq.<br>Warren A. Usatine, Esq.<br>Felice R. Yudkin, Esq.<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>Telephone:  (201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br>fyudkin@coleschotz.com<br><br>*Proposed Co-Counsel to the Debtors and Debtors in Possession* |

*Proposed Co-Counsel for Debtors and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>CAREISMATIC BRANDS, LLC, *et al*.,<br><br>Debtors. [1] | Chapter 11<br><br>Case No. 24-10561 (VFP)<br><br>(Joint Administration Requested) |

## DEBTORS' MOTION SEEKING ENTRY OF
## AN ORDER (I) EXTENDING TIME TO FILE (A) SCHEDULES AND
## STATEMENTS AND (B) 2015.3 REPORTS, AND (II) GRANTING RELATED RELIEF

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion (the "Motion"):[2]

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.donlinrecano.com/careismatic. The location of Debtor Careismatic Brands, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is:  1119 Colorado Avenue, Santa Monica, California 90401.

[2] A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Kent Percy, Chief Restructuring Officer of Careismatic Brands, LLC, in Support of the Chapter 11 Petitions and First Day Motions*

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (i) extending the deadline by which the Debtors must file (a) their schedules of assets and liabilities, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements") by 36 days, for a total of 50 days from the Petition Date (as defined herein), to and including March 12, 2024 without prejudice to the Debtors' ability to request additional extensions for cause shown, and (b) their initial reports of financial information with respect to entities in which the Debtors hold a controlling or substantial interest as set forth in rule 2015.3 (the "2015.3 Reports") of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to and including the later of (x) 30 days after the meeting of creditors (the "341 Meeting") to be held pursuant to section 341 of title 11 of the United States Code (the "Bankruptcy Code") and (y) March 12, 2024, 50 days from the Petition Date; and (ii) granting related relief.

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

---

(the "First Day Declaration"), filed contemporaneously herewith. Capitalized terms used but not defined in this Motion have the meaning ascribed to them in the First Day Declaration.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a) and 521 of title 11 of the Bankruptcy Code and Bankruptcy Rules 1007(c), 2015.3(d) and 9006(b).

## **Background**

5. The Debtors, together with their non-Debtor affiliates (collectively, "Careismatic" or the "Company"), are a leading global designer, marketer, and distributor of medical apparel uniforms, footwear, and accessories. Founded in 1995, today Careismatic's distribution platform spans approximately 65 countries to serve a diverse base of retailers and customers across multiple channels, including specialty retail, mass retail, online marketplaces, and direct-to-consumer. The Company has an extensive portfolio of iconic and emerging brands across the health and wellness platform, including Cherokee Uniforms, Dickies Medical, Heartsoul Scrubs, Infinity, Scrubstar, Healing Hands, Med Couture, Medelita, Classroom Uniforms, AllHeart, Silverts Adaptive Apparel, and BALA Footwear. The combination of its geographic footprint, coupled with an expansive item profile, enables Careismatic to quickly and efficiently meet the needs of its valued customers worldwide.

6. On January 22, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors have also filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no official committees have been appointed or designated.

**Basis for Relief**

**I.    Cause Exists to Extend the Time to File the Schedules and Statements.**

7. The requirements of section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c) normally require debtors to file their schedules of assets and liabilities, schedules of executory contracts and unexpired leases, and statements of financial affairs within fourteen days of the petition date. However, pursuant to Bankruptcy Rules 1007 and 9006(b), the Court has authority to extend the time required for the filing of the Schedules and Statements "for cause shown." Fed. R. Bankr. P. 1007(c) and 9006(b). Showing "cause" requires that a debtor "demonstrate some justification for the issuance of the order" and bankruptcy courts have regularly granted such extensions "in the absence of bad faith or prejudice to the adverse party." *See, e.g.*, *Bryant v. Smith*, 165 B.R. 176, 182 (W.D. Va. 1994) (discussing the standard for granting extensions under Bankruptcy Rule 1007) (internal citations and quotation marks omitted).

8. Good and sufficient cause exists for granting an extension of time to file the Schedules and Statements. The ordinary operation of the Debtors' businesses requires the Debtors to maintain voluminous books, records, and complex accounting systems. To prepare the Schedules and Statements, the Debtors must compile information from those books and records, and from documents relating to the claims of their thousands of creditors, and the Debtors' many assets and contracts. This information is extensive and located in numerous places throughout the Debtors' organization. Collecting the necessary information requires an enormous expenditure of time and effort on the part of the Debtors, their employees, and their professional advisors in the near term.

9. The Debtors, with the assistance of their professional advisors, are mobilizing their employees to work diligently and expeditiously on preparing the Schedules and Statements, but resources are strained. Given the amount of work entailed in completing the Schedules and

4

Statements and the competing demands on the Debtors' employees and professionals to assist with stabilizing business operations during the initial postpetition period, and the critical matters that the Debtors' management and professionals were required to address prior to the commencement of these chapter 11 cases, the Debtors likely will not be able to properly and accurately complete the Schedules and Statements within the time period required by the Bankruptcy Rules.

10. Prior to the Petition Date, the Debtors focused on preparing for the chapter 11 filing, preparing the business to transition into chapter 11, and negotiating certain of the Debtors' lenders for a proposed debtor-in-possession financing facility and go-forward reorganization to facilitate a soft landing into chapter 11. The Debtors now intend to focus the attention of key personnel on critical operation and chapter 11 compliance issues during the early days of these chapter 11 cases. Although the Debtors have commenced the process that will enable them to prepare and finalize what will be voluminous Schedules and Statements, and are working diligently to move the process forward, the Debtors anticipate that they may require up to 36 additional days to complete the Schedules and Statements. The extensive amount of information that must be assembled and compiled, the multiple places where the information is located, and the hundreds of employee and professional hours required to complete the Schedules and Statements constitute good and sufficient cause for granting the requested extension of time. No party in interest will be prejudiced by the extension requested herein because (i) the Schedules and Statements will be filed in advance of any deadline for filing proofs of claim in these chapter 11 cases, and (ii) the Debtors have financial and operational incentives to progress these chapter 11 cases as expeditiously as possible. The Debtors therefore request that the Court extend the fourteen-day period for an additional 36 days, without prejudice to the Debtors' right to request further extensions for cause shown.

11. Courts in this district have granted similar relief to that requested herein in a number of cases. *See, e.g., WeWork Inc., et al.*, No. 23-19865 (JKS) (Bankr. D.N.J. Nov. 8, 2023) (granting debtors a total of 60 days from the petition date to file their schedules and statements); *In re Rite Aid Corp.*, No. 23-18993 (MBK) (Bankr. D.N.J. Oct. 15, 2023) (granting the debtors a total of 52 days from the petition date to file their schedules and statements); *In re Cyxtera Tech., Inc.*, No. 23-14853 (JKS) (Bankr. D.N.J. June 6, 2023) (granting debtors a total of 36 days from the petition date to file their schedules and statements); *In re Bed Bath & Beyond*, No.23-13359 (VFP) (Bankr. D.N.J. Apr. 25, 2023) (granting debtors a total of 37 days from the petition date to file their schedules and statements); and *In re David's Bridal, LLC*, No. 23-13131 (CMG) (Bankr. D.N.J. Apr. 17, 2023) (granting debtors a total of 35 days from the petition date to file their schedules and statements).[3]

**II.     Cause Exists to Extend the Time to File the 2015.3 Reports.**

12. Pursuant to Bankruptcy Rule 2015.3, a chapter 11 debtor must file, no later than seven days before the date set for the 341 Meeting and no less than every six months thereafter, periodic financial reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in the chapter 11 cases, and in which the estate holds a substantial or controlling interest. *See* Fed. R. Bankr. P. 2015.3(a)–(c). Bankruptcy Rule 9006(b)(1) provides the Court with authority to extend the period of time to file the 2015.3 Reports "for cause." Fed. R. Bankr. P. 9006(b)(1). Additionally, Bankruptcy Rule 2015.3(d) provides the Court with the ability, after notice and a hearing, to modify the reporting requirements for cause,

---

[3] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

6

including that the debtor is "not able, after a good faith effort, to comply with those reporting requirements, or that the information . . . is publicly available." Fed. R. Bankr. P. 2015.3(d).

13. The Debtors directly and indirectly own non-Debtor subsidiaries that are subject to Bankruptcy Rule 2015.3 and, as such, are required to file 2015.3 Reports. The Debtors are not in a position to complete the initial 2015.3 Reports within the time required in Bankruptcy Rule 2015.3 due to (i) the size, complexity, and geographic scope of the Debtors' business; (ii) the substantial burdens imposed by complying with Bankruptcy Rule 2015.3 in the early days of these chapter 11 cases; and (iii) the same considerations supporting an extension of the date by which to file the Schedules and Statements. Accordingly, cause exists to extend the deadline for filing the 2015.3 Reports as requested herein.

14. Extending the deadline to file the initial 2015.3 Reports will provide the Debtors with the necessary time to examine the books and records of their non-Debtor subsidiaries that are subject to Bankruptcy Rule 2015.3. The additional time will also enable the Debtors to work with their financial advisors and the United States Trustee for the District of New Jersey (the "U.S. Trustee") to determine the appropriate nature and scope of the reports and any proposed modifications to the reporting requirements established by Bankruptcy Rule 2015.3. Accordingly, the Debtors request that the Court grant an extension of the time by which the Debtors must file their initial 2015.3 Reports to the later of (i) 30 days after the 341 Meeting or (ii) 50 days from the Petition Date pursuant to Bankruptcy Rule 2015.3(d).

15. Courts in this and other districts regularly have found cause to extend the deadline for filing 2015.3 reports in chapter 11 cases of comparable size, complexity, and geographic scope. *See, e.g.*, *WeWork Inc., et al.*, No. 23-19865 (JKS) (Bankr. D.N.J. Nov. 8, 2023) (granting debtors the later of 30 days after the 341 meeting or a total of 60 days from the petition date to file their

7

2015.3 reports); *In re PGX Holdings, Inc.*, No. 23-10718 (CTG) (Bankr. D. Del. June 4, 2023) (granting debtors the later of 30 days after the 341 meeting or a total of 44 days from the petition date to file their 2015.3 reports); *In re Celsius Network LLC*, No. 22-10964 (MG) (Bankr. S.D.N.Y. July 13, 2022) (granting debtors the later of 30 days after the 341 meeting or a total of 44 days from the petition date to file their 2015.3 reports); *In re Alliant Tech. L.L.C.*, No. 21-19748 (JKS) (Bankr. D.N.J. Dec. 21, 2021) (granting debtors a total of 36 days from petition date to file their 2015.3 reports); *In re Akorn Inc.*, No. 20-11177 (KBO) (Bankr. D. Del. May 20, 2020) (granting debtors the later of 30 days after the 341 meeting or a total of 41 days from the petition date to file their 2015.3 reports).[4]

### Request of Waiver of Stay

16. To the extent that the relief sought in this Motion constitutes a use of property under section 363(b) of the Bankruptcy Code, the Debtors seek a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h). Further, to the extent applicable, the Debtors request that the Court find that the provisions of Bankruptcy Rule 6003 are satisfied. As explained herein, the relief requested in this Motion is immediately necessary for the Debtors to be able to continue to operate their businesses and preserve the value of their estates.

### Waiver of Memorandum of Law

17. The Debtors request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and this Motion does not raise any novel issues of law.

---

[4] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

**Reservation of Rights**

18.     Notwithstanding anything to the contrary herein, nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as: (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission by the Debtors as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

**No Prior Request**

19. No prior request for the relief sought in this Motion has been made to this or any other court.

**Notice**

20. The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee for the District of New Jersey; (b) the holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the First Lien Ad Hoc Group; (d) counsel to the Cross-Holder Group; (e) counsel to the Sponsor; (f) the agents under each of the Debtors' prepetition secured credit facilities and counsel thereto; (g) the office of the attorney general for each of the states in which the Debtors operate; (h) the United States Attorney's Office for the District of New Jersey; (i) the Internal Revenue Service; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank.*]

**WHEREFORE**, the Debtors request that the Court enter an order, in substantially the form submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated: January 22, 2024

/s/ *Michael D. Sirota*
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email: msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: jsussberg@kirkland.com

-and-

Chad J. Husnick, P.C. (*pro hac vice* pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: chusnick@kirkland.com

**<u>Exhibit A</u>**

**Proposed Order**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (*pro hac vice* pending)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br>jsussberg@kirkland.com<br><br>Chad J. Husnick, P.C. (*pro hac vice* pending)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone: (312) 862-2000<br>Facsimile: (312) 862-2200<br>chusnick@kirkland.com<br><br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq.<br>Warren A. Usatine, Esq.<br>Felice R. Yudkin, Esq.<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>Telephone: (201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br>fyudkin@coleschotz.com<br><br>*Proposed Co-Counsel to the Debtors and Debtors in Possession* | |
| In re:<br><br>CAREISMATIC BRANDS, LLC, *et al*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-10561 (VFP)<br><br>(Joint Administration Requested) |

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.donlinrecano.com/careismatic. The location of Debtor Careismatic Brands, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is: 1119 Colorado Avenue, Santa Monica, California 90401.

**ORDER (I) EXTENDING TIME
TO FILE (A) SCHEDULES AND STATEMENTS
AND (B) 2015.3 REPORTS, AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through five (5), is **ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al*. |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | Order (I) Extending Time to File (A) Schedules and Statements and (B) 2015.3 Reports, and (II) Granting Related Relief |

Upon the *Debtors' Motion Seeking Entry of an Order (I) Extending to File (A) Schedules and Statements and (B) 2015.3 Reports, and (II) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (i) extending the deadline by which the Debtors must file their Schedules and Statements by 36 days, for a total of 50 days from the Petition Date, to and including March 12, 2024 without prejudice to the Debtors' ability to request additional extensions for cause shown; and (ii) extending the deadline by which the Debtors must file the 2015.3 Reports of the Bankruptcy Rules, or to file a motion with the Court seeking a modification of such reporting requirements for cause, to the later of: (a) 30 days after the 341 Meeting or (b) 50 days from the Petition Date, each without prejudice to the Debtors' ability to request additional extensions; and (iii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the

---

[2] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

(Page | 4)
Debtors:  CAREISMATIC BRANDS, LLC, *et al*.
Case No.  24-10561 (VFP)
Caption of Order:  Order (I) Extending Time to File (A) Schedules and Statements and (B) 2015.3 Reports, and (II) Granting Related Relief

legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. Pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rules 1007(c) and 9006(b), the time by which the Debtors shall file the Schedules and Statements is extended by an additional 36 days beyond the fourteen-day extension provided for pursuant to Bankruptcy Rule 1007(c) through and including March 12, 2024.

3. The time within which the Debtors must file the 2015.3 Reports is extended to the later of (i) 30 days after the 341 Meeting or (ii) 50 days from the Petition Date. The Debtors reserve the right to file a motion with the Court seeking a modification of such reporting requirements for cause.

4. The foregoing extensions are without prejudice to the Debtors' right to file a motion with this Court seeking a further extension upon a showing of cause.

5. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules of the United States Bankruptcy Court for the District of New Jersey are satisfied by such notice.

(Page | 5)
Debtors: CAREISMATIC BRANDS, LLC, *et al*.
Case No. 24-10561 (VFP)
Caption of Order: Order (I) Extending Time to File (A) Schedules and Statements and (B) 2015.3 Reports, and (II) Granting Related Relief

8. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

9. Any party may move for modification of this Order in accordance with Local Rule 9013-5(e).

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.