| | |
|---|---|
| **KIRKLAND & ELLIS LLP** <br> **KIRKLAND & ELLIS INTERNATIONAL LLP** <br> Joshua A. Sussberg, P.C. (admitted *pro hac vice*) <br> 601 Lexington Avenue <br> New York, New York 10022 <br> Telephone: (212) 446-4800 <br> Facsimile: (212) 446-4900 <br> jsussberg@kirkland.com <br><br> Chad J. Husnick, P.C. (admitted *pro hac vice*) <br> 300 North LaSalle Street <br> Chicago, Illinois 60654 <br> Telephone: (312) 862-2000 <br> Facsimile: (312) 862-2200 <br> chusnick@kirkland.com <br><br> *Proposed Co-Counsel to the Debtors and Debtors in Possession* | **COLE SCHOTZ P.C.** <br> Michael D. Sirota, Esq. <br> Warren A. Usatine, Esq. <br> Felice R. Yudkin, Esq. <br> Court Plaza North, 25 Main Street <br> Hackensack, New Jersey 07601 <br> Telephone: (201) 489-3000 <br> msirota@coleschotz.com <br> wusatine@coleschotz.com <br> fyudkin@coleschotz.com <br><br> *Proposed Co-Counsel to the Debtors and Debtors in Possession* |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: <br><br> CAREISMATIC BRANDS, LLC, *et al.*, <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 24-10561 (VFP) <br><br> (Jointly Administered) |

**SUPPLEMENTAL DECLARATION OF KENT PERCY, CHIEF RESTRUCTURING OFFICER OF CAREISMATIC BRANDS, LLC IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE USING THE CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, (C) MAINTAIN EXISTING DEBTOR BANK ACCOUNTS, BUSINESS FORMS, AND BOOKS AND RECORDS, AND (D) CONTINUE INTERCOMPANY TRANSACTIONS, AND (II) GRANTING RELATED RELIEF**

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.donlinrecano.com/careismatic. The location of Debtor Careismatic Brands, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is: 1119 Colorado Avenue, Santa Monica, California 90401.

I, Kent Percy, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury:

1. I am the Chief Restructuring Officer ("CRO") of Careismatic Brands, LLC, and certain of its affiliated debtors and debtors in possession (collectively, the "Debtors" and, together with their non-Debtor affiliates, the "Company" or "Careismatic"). I have served as Chief Restructuring Officer since January 2, 2024. In the month before becoming CRO of Careismatic, I advised the Company in my capacity as a Partner & Managing Director of AlixPartners, LLC (together with its affiliates, "AlixPartners"), which the Company retained in December 2023 as financial advisor to assist in the Company's restructuring efforts and to evaluate certain strategic alternatives.

2. In both that capacity and as CRO of the Debtors, I am generally familiar with the Debtors' day-to-day operations, business and financial affairs, and books and records, including, without limitation, the Debtors' Cash Management System.[2] Except as otherwise indicated herein, all facts set forth in this supplemental declaration (this "Supplemental Declaration") are based upon my personal knowledge, input by the Debtors' management team, employees, and advisors, my review of relevant documents and information concerning the Debtors' operations, financial affairs, and restructuring initiatives, or my opinions based on my experience and knowledge. I am over the age of 18 and authorized to submit this declaration on behalf of the Debtors. If called upon to testify, I could and would testify competently to the facts set forth herein.

3. On January 23, 2024, I submitted the *Amended Declaration of Kent Percy, Chief Restructuring Officer of Careismatic Brands, LLC, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 33] in support of the *Debtors' Motion for Entry of Interim and*

---

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

2

*Final Orders (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records, and (D) Continue Intercompany Transactions, and (II) Granting Related Relief* [Docket No. 16] (the "Motion").  On January 24, 2024, the Court entered the *Interim Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records, and (D) Continue Intercompany Transactions, and (II) Granting Related Relief* [Docket No. 58] (the "Interim Order").

4. The Interim Order provided a limited waiver of the Debtors' compliance with the deposit and investment guidelines set forth in section 345 of the Bankruptcy Code and the U.S. Trustee Guidelines.  As set forth in the Motion, only two (2) of the Debtors' Bank Accounts—the Debtor Foreign Bank Accounts[3]—are not compliant with section 345 of the Bankruptcy Code and the U.S. Trustee Guidelines, as they are maintained at Scotiabank, which is not an Authorized Depository under the U.S. Trustee Guidelines.

5. In connection with ongoing discussions between the Debtors and the U.S. Trustee since entry of the Interim Order, I submit this Supplemental Declaration to provide additional evidentiary support for the Motion, including information regarding the purpose of, and need for, the continued maintenance of the Debtor Foreign Bank Accounts at Scotiabank during the pendency of these chapter 11 cases.

---

[3] The Debtor Foreign Bank Accounts are the two accounts maintained at the Bank of Nova Scotia ("Scotiabank") ending in 4016 and 3811.

3

**The Debtor Foreign Bank Accounts**

6.  As set forth in the Motion, the Debtors operate a complex Cash Management System similar to those commonly employed by businesses comparable in size and scale to Careismatic to help control funds, ensure cash availability for each entity, and reduce administrative expenses by facilitating the movement of funds among multiple entities. Significant disruption to the Debtors' business would result if they were forced to alter their existing Cash Management System, including, without limitation, any interruption to the continued use of the two (2) Debtor Foreign Bank Accounts maintained at Scotiabank.

7.  The Debtor Foreign Bank Accounts are operational in nature and are maintained to process receipts and operational disbursements for the Debtors' operations in Canada, which primarily consist of key relationships with Walmart and Amazon. Specifically, the Debtor Foreign Bank Account ending in 3811 processes receivables and operational disbursements for the Silverts Adaptive brand and is held by Debtor Silverts Adaptive LLC (the "Canadian Silverts Account") whereas the Foreign Debtor Bank Account ending in 4016 is maintained for the other Company brands sold in Canada and is held by Debtor Careismatic Brands, LLC (the "Canadian Careismatic Brands Account"). Prior to the Petition Date, the Debtor Foreign Bank Accounts ending in 3811 and 4016 held a monthly average balance of approximately $410,000 and $628,000 USD, respectively, and excess cash was repatriated to the Depository Account ending in 3561—which is maintained at J.P. Morgan Chase Bank, N.A., an Authorized Depository—on an *ad hoc* basis to help fund domestic business operations.

8.  To maintain the requisite amount for projected disbursements and other operational needs, the Canadian Silverts Account must hold a minimum cash balance of approximately $100,000 USD and the Canadian Careismatic Brands Account must hold a minimum cash balance of approximately $220,000 USD. Historically, the Debtors repatriated excess funds from the

Debtor Foreign Bank Accounts to the Depository Account ending in 3561 on an *ad hoc* basis, no less than once per month; however, the Debtors are able to repatriate funds on a more frequent basis, as needed.

9. I understand that the Company has chosen Scotiabank because it is a well-capitalized, financially stable, and reputable institution that is not an Authorized Depository solely because of its location in Canada, and not because of any risk in holding funds at the institution. Further, I understand that the funds the Foreign Debtor Bank Accounts are insured by the Canada Deposit Insurance Corporation up to $74,000 USD, which protects a substantial amount of the funds the Debtors are proposing to maintain in the Canadian Silverts Account and the Canadian Careismatic Brands Account during these chapter 11 cases.

10. Weighing the minimal risk of holding limited funds at Scotiabank against the benefit of continued operations in Canada, which provides over $11 million USD in annual revenue to the Debtors' business, I believe that maintaining the Debtor Foreign Bank Accounts is value-maximizing to the Debtors' estates and is critical so that the Debtors may continue to process Canadian receipts and disbursements in the ordinary course consistent with prepetition practice.

[*Remainder of page intentionally left blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

February 27, 2024
/s/ Kent Percy
Kent Percy
Chief Restructuring Officer