*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022

Chad J. Husnick, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654

**COLE SCHO**
Michael D. Siro
Warren A. Us
Felice R. Yud
Court Plaza N
Hackensack, New Jersey 07601

Order Filed on February 29, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| In re: | Chapter 11 |
| CAREISMATIC BRANDS, LLC, *et al.* | Case No. 24-10561 (VFP) |
| Debtors. | (Jointly Administered) |

### ADMINISTRATIVE FEE ORDER ESTABLISHING
### PROCEDURES FOR THE ALLOWANCE AND PAYMENT
### OF INTERIM COMPENSATION AND REIMBURSEMENT OF
### EXPENSES OF PROFESSIONALS RETAINED BY ORDER OF THIS COURT

The relief set forth on the following pages, numbered two (2) through nine (9) is

**ORDERED**.

**DATED: February 29, 2024**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

(Page | 2)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al.* |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court |

Upon the *Debtors' Motion for Entry of an Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court* (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"),[2] for entry of an administrative order (this "Order") establishing procedures for the allowance and payment of interim compensation and reimbursement of expenses of certain professionals retained by Order of this Court pursuant to sections 105(a) and 331 of the Bankruptcy Code and Local Rule 2016-3, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that sufficient cause exists for the relief set forth herein; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[2]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.donlinrecano.com/careismatic.  The location of Debtor Careismatic Brands, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is:  1119 Colorado Avenue, Santa Monica, California 90401.

(Page | 3)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al.* |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court |

the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT:**

1.     The Motion is **GRANTED** as set forth herein.

2.     Except as may otherwise be provided in Court orders authorizing the retention of specific Professionals, all Professionals retained in these chapter 11 cases pursuant to section 327 and, to the extent applicable, sections 328(a) and 1103 of the Bankruptcy Code, may seek monthly compensation in accordance with the following procedures (the "Compensation Procedures"):

(A)     Monthly Fee Statements.

1.     Not later than the 25th day of the month following the month for which compensation is sought, each Professional seeking compensation under the Order must file and serve, by electronic transmission, hand delivery, or overnight delivery, or by any means directed by the Court, a monthly fee and expense statement (a "Monthly Fee Statement") on the following parties (collectively, the "Notice Parties"):

A.     Careismatic Brands LLC, 1119 Colorado Avenue, Santa Monica, California 90401, Attn: Kent Percy, CRO (kpercy@alixpartners.com);

B.     Cole Schotz P.C., as proposed co-counsel to the Debtors, Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), and Felice R. Yudkin, Esq. (fyudkin@coleschotz.com);

C.     Kirkland & Ellis LLP, as proposed co-counsel to the Debtors, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. (jsussberg@kirkland.com); 300 North LaSalle Street, Chicago, Illinois; 60654, Attn: Chad J. Husnick P.C. (chusnick@kirkland.com) and Ashley L. Surinak (ashley.surinak@kirkland.com);

(Page | 4)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al.* |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court |

D.  the United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey, 07102, Attn: Fran B. Steele (fran.b.steele@usdoj.gov) and Peter J. D'Auria (peter.j.d'auria@usdoj.gov);

E.  Milbank LLP, as counsel to the First Lien Ad Hoc Group, 55 Hudson Yards, New York, New York 10001, Attn: Evan R. Fleck (efleck@milbank.com), Nelly Almeida (nalmeida@milbank.com), and Rachelle Rubin (rrubin@milbank.com);

F.  King & Spalding LLP, as counsel to the Cross-Holder Ad Hoc Group, 1185 6th Avenue, New York, New York 10036, Attn: Peter Montoni (pmontoni@kslaw.com) and Matt Warren (mwarren@kslaw.com);

G.  Davis Polk & Wardwell, as counsel to UBS AG, Stamford Branch, as administrative agent and collateral agent under the First Lien Credit Agreement and Second Lien Credit Agreement, 450 Lexington Avenue, New York 10017, Attn: Brian M. Resnick (brian.resnick@davispolk.com);

H.  Paul Hastings LLP, counsel to Jefferies Finance LLC in its capacity as DIP Agent, 200 Park Avenue, New York, New York 10166, Attn: Jayme Goldstein (jaymegoldstein@paulhastings.com) and Alex Cota (alexcota@paulhastings.com).

I.  Pachulski Stang Ziehl & Jones LLP, as proposed counsel to the Official Committee of Unsecured Creditors, 780 Third Avenue, 34th Floor, New York, NY 10017, Attn: Bradford J. Sandler (bsandler@pszjlaw.com), Robert J. Feinstein (rfeinstein@pszjlaw.com), Teddy M. Kapur (tkapur@pszjlaw.com), and Cia H. Mackle (cmackle@pszjlaw.com);

J.  any other secured creditor and counsel, to the extent known;

K.  any party requesting notice of all proceedings; and

L.  any other party designated by the Court.

(Page | 5)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al.* |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court |

2. Unless otherwise provided in the order authorizing the Professional's retention, each Professional's Monthly Fee Statement, in accordance with Local Rules 2016-1 and 2016-3, shall include a monthly invoice with fee and expense detail that describes the fees and expenses incurred by such Professional in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines established by the UST Guidelines.

3. Time spent traveling without actively working on these chapter 11 cases shall be billed at 50% of the Professional's normal hourly rate.

4. Except as otherwise provided in the Professional's specific retention orders, all timekeepers must contemporaneously maintain time entries, in increments of tenths (1/10th) of an hour, for each individual.

5. Excepts as otherwise provided in the order authorizing the Professional's retention, all Monthly Fee Statements shall comply with the Bankruptcy Code, the Bankruptcy Rules, the UST Guidelines, and applicable law.

(B) Objections.

An objection to a Monthly Fee Statement must be filed and served on the applicable Professional and the parties listed in subdivision (A)(1) not later than fourteen (14) days after service of the statement. The objection must set forth the nature of the objection and the amount of fees and expenses at issue. Grounds for objection include: (i) the Debtors' failure to timely file monthly operating reports; and (ii) the Debtors' failure to remain current with administrative expenses and fees under 28 U.S.C. § 1930.

(Page | 6)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al*. |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court |

(C)     Payments.

1.     On the expiration of the objection deadline under subdivision (B), a Professional may file and serve on the parties listed in subdivision (A)(1) Local Form *Certification of No Objection* or Local Form *Certification of Partial Objection*, and then receive 80% of the fees and 100% of the expenses not subject to an objection. No payments shall be made to a Professional until the Professional's retention is approved by the Court. A Professional may seek authorization as part of its next interim or final fee application to receive the remaining 20% of fees not subject to an objection. If a Professional receives an objection to a particular Monthly Fee Statement, the Debtors shall withhold payment of that portion of the Monthly Fee Statement to which the objection is directed and promptly pay the remainder of the fees and expenses in the percentages set forth herein.

2.     If the parties resolve an objection and if the applicable Professional files and serves on the parties listed in subdivision (A)(1) a statement indicating that the objection is withdrawn and describing the terms of the resolution, the Debtors may pay in accordance with subdivision (C)(1) that portion of the Monthly Fee Statement which is no longer subject to an objection.

3.     If the parties are unable to resolve an objection not later than fourteen (14) days after the deadline for filing an objection under subdivision (B), the Professional may either (i) file a response to the objection together with a request for payment of the fees and expenses to which the objection applies and schedule a hearing on at least fourteen (14) days' notice; or (ii) forgo payment of those fees and expenses until the next interim or final fee application or another date directed by the Court.

4.     The service of an objection to a Monthly Fee Statement shall not prejudice the objecting party's right to object to any Interim Fee Application or final fee application made to the Court in accordance with the Bankruptcy Code on any ground whether raised in an objection or not. Failure by any Notice Party to object to a Monthly Fee Statement shall not constitute a waiver of any kind nor prejudice such Notice Party's right to object to any Interim Fee Application (as defined below) or final fee application.

(Page | 7)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al.* |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court |

    (D)    <u>Fee Applications</u>.

    1.    A Professional who has received monthly payments under the Order must, at four-month intervals (the "<u>Interim Fee Period</u>") or such other intervals directed by the Court, file and serve on the parties listed in subdivision (A)(1) an interim application under section 331 of the Bankruptcy Code for allowance of the compensation and reimbursement of the expenses sought in the monthly statements issued during the applicable period (an "<u>Interim Fee Application</u>") unless otherwise agreed between such professional and the U.S. Trustee.

    2.    Interim Fee Applications must be filed and served on or before the 45th day after the end of the Interim Period for which the application seeks allowance of fees and reimbursement of expenses. The Interim Fee Application must include a summary of the Monthly Fee Statements that are the subject of the request and any other information requested by the Court or required by the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law, the Local Rules, and the UST Guidelines.

    3.    The pendency of an objection or the entry of a Court order holding that the prior payment of compensation or the reimbursement of expenses was improper as to a particular Monthly Fee Statement will not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above unless the Court orders otherwise.

    4.    Any Professional who fails to file an Interim Fee Application when due will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as the Interim Fee Application is submitted.

    5.    Neither (i) the payment of or the failure to pay, in whole or in part, interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of, or failure to file, an objection to any Monthly Fee Statement or any Interim Fee Application will bind any party in interest or the Court with respect to the final applications for allowance of compensation and reimbursement of expenses of Professionals.

(Page | 8)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al.* |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court |

6.    Any Notice Party may request that a Professional deliver a Monthly Fee Statement or an Interim Fee Application in an electronically searchable format mutually acceptable to the parties.

3.    The Debtors shall include all payments to Professionals on their monthly operating reports, detailed to state the amount paid to each Professional.

4.    All Professionals that are law firms shall make a reasonable effort to comply with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. Section 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013, in connection with any Monthly Fee Statements, interim fee applications and final fee applications to be filed in these chapter 11 cases.  All professionals that are law firms shall provide any and all Monthly Fee Statements, interim fee applications, and final fee applications in "LEDES" format to the U.S. Trustee.

5.    Each member of any Committee shall be permitted to submit statements of expenses (excluding third-party counsel expenses of individual Committee members) and supporting vouchers to the Committee's counsel, which counsel will collect and submit any Committee members' requests for reimbursement in accordance with the Compensation Procedures.  For the avoidance of doubt, this provision only permits a Committee member to request reimbursement and does not extend to any representative purporting to act on behalf of a Committee member.

6.    Time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

(Page | 9)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al.* |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court |

7.      All fees and expenses paid to Professionals are subject to disgorgement until such time as they are allowed pursuant to a final order of this Court.

8.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9.      Notwithstanding anything to the contrary contained in the Motion or this Order, any payment to be made or obligation incurred shall not be inconsistent with, and shall be subject to and in compliance with, the requirements imposed on the Debtors under the terms of each interim and final order entered by the Court in respect of the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protections, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Docket No. 17] (the "DIP Orders"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof.  Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Orders.

10.      The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

11.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.