*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022

Chad J. Husnick, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654

**COLE SCHOTZ**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North,
Hackensack, New Jersey 0

Order Filed on February 29, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| In re: | Chapter 11 |
| CAREISMATIC BRANDS, LLC, *et al.* | Case No. 24-10561 (VFP) |
| Debtors. | (Jointly Administered) |

## FINAL ORDER (I) APPROVING
## NOTIFICATION AND HEARING PROCEDURES FOR
## CERTAIN TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS
## WITH RESPECT TO COMMON STOCK, AND (II) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through six (6), is

**ORDERED**.

**DATED: February 29, 2024**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

(Page | 2)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al.* |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock, and (II) Granting Related Relief |

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock, and (II) Granting Related Relief* (the "Motion"),[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"),[2] for entry of a final order (this "Final Order") (a) approving the Procedures related to transfers of Beneficial Ownership of and declarations of worthlessness for U.S. federal income tax purposes with respect to Common Stock, (b) directing that any issuance, purchase, sale, other transfer of, or declaration of worthlessness for U.S. federal income tax purposes with respect to Beneficial Ownership of Common Stock in violation of the Procedures shall be null and void *ab initio*, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this

---

[1]   Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

[2]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.donlinrecano.com/careismatic.  The location of Debtor Careismatic Brands, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is:  1119 Colorado Avenue, Santa Monica, California 90401.

(Page | 3)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al*. |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief |

Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** on a final basis as set forth herein.

2.      The Procedures, as set forth in Exhibit 1 attached to this Final Order are hereby approved on a final basis; *provided, however*, that any party in interest may file a motion and seek emergency relief from the Procedures based upon a showing of sufficient cause; *provided further* that the Debtors' and the other Notice Parties' rights to oppose such relief are fully reserved and preserved.

3.      Any transfer or issuance of or declaration of worthlessness for U.S. federal income tax purposes with respect to Beneficial Ownership of Common Stock in violation of the Procedures, including but not limited to the notice requirements, shall be null and void *ab initio*.

4.      In the case of any such transfer of Beneficial Ownership or issuance of Common Stock in violation of the Procedures, including but not limited to the notice requirements, the person or entity making such transfer shall be required to take remedial actions specified by the Debtors, which may include the actions specified in Private Letter Ruling 201010009 (Dec. 4, 2009), to appropriately reflect that such transfer or issuance is null and void *ab initio*.

5.      In the case of any such declaration of worthlessness for U.S. federal income tax purposes with respect to Beneficial Ownership of Common Stock in violation of the Procedures, including the notice requirements, the person or entity making such declaration shall be required

(Page | 4)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al.* |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief |

to file an amended tax return revoking such declaration and any related deduction to appropriately reflect that such declaration is void *ab initio.*

6.     The Debtors may, in consultation with the DIP Agent, retroactively or prospectively, waive any and all restrictions, stays, and notification procedures set forth in the Procedures.

7.     Within three (3) business days of entry of this Final Order, the Debtors shall send notice of this Final Order by first class mail and email, if available, to all parties that were served with notice of the Motion and post the Procedures to the website established by the Debtors' proposed claims and noticing agent, Donlin Recano, for these chapter 11 cases (https://www.donlinrecano.com/careismatic), such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures, whether known or unknown.

8.     To the extent that this Final Order is inconsistent with any prior order or pleading with respect to the Motion in these chapter 11 cases, the terms of this Final Order shall govern.

9.     The requirements set forth in this Final Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws and do not excuse compliance therewith.

10.     Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed:  (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or

(Page | 5)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al*. |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief |

requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Final Order or the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission by the Debtors as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

11.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

12.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

(Page | 6)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al*. |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief |

13.    Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry hereof.

14.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

15.    The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

16.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

## <u>Exhibit 1</u>

**Procedures for Transfers of and Declarations
of Worthlessness with Respect to Beneficial Ownership of Common Stock**

**PROCEDURES FOR TRANSFERS OF
AND DECLARATIONS OF WORTHLESSNESS
WITH RESPECT TO BENEFICIAL OWNERSHIP OF COMMON STOCK**

The following procedures apply to transfers of Common Stock:[1]

      a.   Any entity (as defined in section 101(15) of the Bankruptcy Code) that is a Substantial Shareholder (as defined herein) must file with the Court, and serve upon:  (i) the Debtors, Careismatic Brands, LLC, 1119 Colorado Avenue, Santa Monica, California 90401, Attn:  Sean Bogue, Chief Financial Officer (sbogue@careismatic.com); (ii) proposed co-counsel to the Debtors, (A) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. (jsussberg@kirkland.com), 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Chad J. Husnick, P.C. (chusnick@kirkland.com) and Ashley Surinak (ashley.surinak@kirkland.com) and (B) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Esq. (MSirota@coleschotz.com), Warren A. Usatine, Esq. (WUsatine@coleschotz.com), and Felice R. Yudkin, Esq. (FYudkin@coleschotz.com); (iii) proposed counsel to the Official Committee of Unsecured Creditors, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, NY 10017, Attn: Bradford J. Sandler (bsandler@pszjlaw.com), Robert J. Feinstein (rfeinstein@pszjlaw.com), Teddy M. Kapur (tkapur@pszjlaw.com), and Cia H. Mackle (cmackle@pszjlaw.com); (iv) counsel to the First Lien Ad Hoc Group, 55 Hudson Yards, New York, NY 10001, Attn:  Evan R. Fleck (efleck@milbank.com); Nelly Almeida (nalmeida@milbank.com); (v) counsel to the DIP Agent, Paul Hastings LLP, 200 Park Avenue, New York, New York 10166, Attn: Jayme Goldstein (jaymegoldstein@paulhastings.com), Alex Cota (alexcota@paulhastings.com), and Sam Lawand (samlawand@paulhastings.com); and (vi) the Office of the United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn:  Fran Steele (fran.b.steele@usdoj.gov) and Peter D'Auria (peter.j.d'auria@usdoj.gov) (collectively, the "Notice Parties"), a declaration of such status, substantially in the form attached to the Procedures as Exhibit 1A (each, a "Declaration of Status as a Substantial Shareholder"), on or before the later of (A) twenty (20) calendar days after the date of the Notice of Interim Order (as defined herein), or (B) ten (10) calendar days after becoming a Substantial Shareholder; *provided* that, for the avoidance of doubt, the other

---

[1]    Capitalized terms used but not otherwise defined herein have the meaning given to them in the Motion.

procedures set forth herein shall apply to any Substantial Shareholder even if no Declaration of Status as a Substantial Shareholder has been filed.

b.    Prior to effectuating any transfer of Beneficial Ownership of Common Stock that would result in an increase in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual becoming a Substantial Shareholder, the parties to such transaction must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Common Stock, substantially in the form attached to the Procedures as **Exhibit 1B** (each, a "Declaration of Intent to Accumulate Common Stock").

c.    Prior to effectuating any transfer of Beneficial Ownership of Common Stock that would result in a decrease in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual ceasing to be a Substantial Shareholder, the parties to such transaction must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Common Stock, substantially in the form attached to the Procedures as **Exhibit 1C** (each, a "Declaration of Intent to Transfer Common Stock," and together with a Declaration of Intent to Accumulate Common Stock, each, a "Declaration of Proposed Transfer").

d.    The Debtors and the other Notice Parties shall have thirty (30) calendar days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on such Substantial Shareholder or potential Substantial Shareholder an objection to any proposed transfer of Beneficial Ownership of Common Stock described in the Declaration of Proposed Transfer on the grounds that such transfer might adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors or any of the other Notice Parties file an objection, such transaction will remain ineffective unless such objection is withdrawn, or such transaction is approved by a final and non-appealable order of the Court. If the Debtors and the other Notice Parties do not object within such thirty-day period, such transaction can proceed solely as set forth in the Declaration of Proposed Transfer. Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional thirty-day waiting period for each Declaration of Proposed Transfer. To the extent that the Debtors receive an appropriate Declaration of Proposed Transfer and determine in their business judgment not to object, they shall provide notice of that decision as soon as is reasonably practicable to the other Notice Parties.

e.    For purposes of these Procedures (including, for the avoidance of doubt, with respect to transfers and declarations of worthlessness for U.S. federal income tax purposes): (i) a "Substantial Shareholder" is any entity or individual person that has Beneficial Ownership of at least approximately 4.5 percent of all issued and outstanding Common Stock; and (ii) "Beneficial

Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the IRC, and the Treasury Regulations promulgated thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire).  For the avoidance of doubt, Beneficial Ownership includes direct and indirect interests in Debtor CBI Midco, Inc.  Specifically in this case, for the avoidance of doubt, direct and indirect interests in Debtor CBI Parent, L.P. constitute indirect interests in Debtor CBI Midco, Inc. that may be subject to the Procedures.  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

The following procedures apply for declarations of worthlessness of Common Stock (for U.S. federal income tax purposes).

a.   Any person or entity that was (within the applicable period), currently is or becomes a 50-Percent Shareholder[2] must file with the Court and serve upon the Notice Parties a declaration of such status, substantially in the form attached to the Procedures as **Exhibit 1D** (each, a "Declaration of Status as a 50-Percent Shareholder"), on or before the later of (i) twenty (20) calendar days after the date of the Notice of Interim Order and (ii) ten (10) calendar days after becoming a 50-Percent Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any 50-Percent Shareholder even if no Declaration of Status as a 50-Percent Shareholder has been filed.

b.   Prior to filing any U.S. federal or state tax return, or any amendment to such a return, or taking any other action, that claims any deduction for worthlessness (for U.S. federal income tax purposes) of Beneficial Ownership of Common Stock for a taxable year ending before the Debtors' emergence from chapter 11 protection, such 50-Percent Shareholder must file with the Court and serve upon the Notice Parties a declaration of intent

---

[2]   For purposes of the Procedures, a "50-Percent Shareholder" is any person or entity that, at any time since December 31, 2020, has owned Beneficial Ownership of 50 percent or more of the Common Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder).

to claim a worthless stock deduction for U.S. federal income tax purposes (a "<u>Declaration of Intent to Claim a Worthless Stock Deduction</u>"), substantially in the form attached to the Procedures as **Exhibit 1E**.

c.      The Debtors and the other Notice Parties shall have thirty (30) calendar days after receipt of a Declaration of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50-Percent Shareholder an objection to any proposed claim of worthlessness (for U.S. federal income tax purposes) described in the Declaration of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.

   i.      If the Debtors or the other Notice Parties timely object, the filing of the tax return or amendment thereto with such claim will not be permitted unless approved by a final and non-appealable order of the Court or such objection is withdrawn.

   ii.      If the Debtors and the other Notice Parties do not object within such thirty-day period, the filing of the return or amendment with such claim will be permitted solely as described in the Declaration of Intent to Claim a Worthless Stock Deduction.  Additional returns and amendments within the scope of this section must be the subject of additional notices as set forth herein, with an additional thirty-day waiting period.  To the extent that the Debtors receive an appropriate Declaration of Intent to Claim a Worthless Stock Deduction and determine in their business judgment not to object, they shall provide notice of that decision as soon as is reasonably practicable to the other Notice Parties.

## <u>Notice Procedures</u>

The following notice procedures apply to these Procedures:

a.      No later than five (5) business days following entry of the Interim Order, the Debtors shall serve a notice by first class or overnight mail, substantially in the form attached to the Procedures as **<u>Exhibit 1F</u>** (the "<u>Notice of Interim Order</u>"), on:  (i) the U.S. Trustee for the District of New Jersey; (ii) the entities listed on the consolidated list of creditors holding the thirty largest unsecured claims; (iii) the U.S. Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) proposed counsel to the Official Committee of Unsecured Creditors, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, NY 10017, Attn: Bradford J. Sandler      (bsandler@pszjlaw.com),      Robert      J.      Feinstein (rfeinstein@pszjlaw.com), Teddy M. Kapur (tkapur@pszjlaw.com), and Cia H. Mackle (cmackle@pszjlaw.com); (vi) to the extent known, all registered and nominee holders of Common Stock (with instructions to serve down to the beneficial holders of Common Stock, as applicable); and

(vii) the Notice Parties.  Additionally, no later than five (5) business days following entry of the Final Order, the Debtors shall serve a Notice of Interim Order modified to reflect that the Final Order has been entered (as modified, the "Notice of Final Order") on the same entities that received the Notice of Interim Order.

b.     All registered and nominee holders of Common Stock shall be required to serve the Notice of Interim Order or Notice of Final Order, as applicable, on any holder for whose benefit such registered or nominee holder holds such Common Stock, down the chain of ownership for all such holders of Common Stock.

c.     Any entity or individual, or broker or agent acting on such entity's or individual's behalf who sells Common Stock to another entity or individual, shall be required to serve a copy of the Notice of Interim Order or Notice of Final Order, as applicable, on such purchaser of such Common Stock, or any broker or agent acting on such purchaser's behalf.

d.     To the extent confidential information is required in any declaration described in the Procedures, such confidential information may be filed and served in redacted form; *provided*, *however*, that any such declarations served on the Debtors **shall not** be in redacted form.  The Debtors shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except:  (i) to the extent necessary to respond to a petition or objection filed with the Court; (ii) to the extent otherwise required by law; or (iii) to the extent that the information contained therein is already public; *provided*, *however*, that the Debtors may disclose the contents thereof to their professional advisors and the Notice Parties, who shall keep all such notices strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order.  To the extent confidential information is necessary to respond to an objection filed with the Court, such confidential information shall be filed under seal or in a redacted form.

e.     The Debtors may, in consultation with the DIP Agent, retroactively or prospectively waive any and all restrictions, stays, and notification procedures set forth in this Motion.

## **Exhibit 1A**

**Declaration of Status as a Substantial Shareholder**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| CAREISMATIC BRANDS, LLC, *et al* | Case No. 24-10561 (VFP) |
| Debtors.[1] | (Jointly Administered) |

## DECLARATION OF STATUS AS A SUBSTANTIAL SHAREHOLDER[2]

**PLEASE TAKE NOTICE** that the undersigned party is/has become a Substantial Shareholder with respect to the existing class (or series) of common stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock, collectively, the "Common Stock") of CBI Midco, Inc.  CBI Midco, Inc. is a debtor and debtor in possession in Case No. 24-10561 (VFP) pending in the United States Bankruptcy Court for the District of New Jersey (the "Court").

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.donlinrecano.com/careismatic.  The location of Debtor Careismatic Brands, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is:  1119 Colorado Avenue, Santa Monica, California 90401.

[2]    For purposes of this Declaration:  (i) a "Substantial Shareholder" is any entity or individual person that has Beneficial Ownership of at least approximately 4.5 percent of all issued and outstanding Common Stock; and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire).  For the avoidance of doubt, Beneficial Ownership includes direct and indirect interests in Debtor CBI Midco, Inc.  Specifically in this case, for the avoidance of doubt, direct and indirect interests in Debtor CBI Parent, L.P. constitute indirect interests in Debtor CBI Midco, Inc. that may be subject to the Procedures.  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, as of _____, 2024, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.  The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such Common Stock:

| Number of Shares of Common Stock | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional page or pages if necessary)

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. ____] (the "Final Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Final Order).

**PLEASE TAKE FURTHER NOTICE** that, at the election of the Substantial Shareholder, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the Substantial Shareholder's taxpayer

identification number and the amount of Common Stock that the Substantial Shareholder beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By:
_____
Name:  _____
Address:  _____
_____
Telephone:  _____
Facsimile:  _____

Dated: _____ __, 20__
_____, _____

     (City)      (State)

## <u>Exhibit 1B</u>

**Declaration of Intent to Accumulate Common Stock**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| CAREISMATIC BRANDS, LLC, *et al* | Case No. 24-10561 (VFP) |
| Debtors.[1] | (Jointly Administered) |

## DECLARATION OF INTENT TO ACCUMULATE COMMON STOCK[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its

intention to purchase, acquire, or otherwise accumulate (the "Proposed Transfer") one or more

shares of the existing class (or series) of common stock or any Beneficial Ownership therein (any

such record or Beneficial Ownership of common stock, collectively, the "Common Stock") of CBI

Midco, Inc.  CBI Midco, Inc. is a debtor and debtor in possession in Case No. 24-10561 (VFP)

pending in the United States Bankruptcy Court for the District of New Jersey (the "Court").

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.donlinrecano.com/careismatic.  The location of Debtor Careismatic Brands, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is:  1119 Colorado Avenue, Santa Monica, California 90401.

[2]   For purposes of this Declaration:  (i) a "Substantial Shareholder" is any entity or individual person that has Beneficial Ownership of at least approximately 4.5 percent of all issued and outstanding Common Stock; and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire).  For the avoidance of doubt, Beneficial Ownership includes direct and indirect interests in Debtor CBI Midco, Inc.  Specifically in this case, for the avoidance of doubt, direct and indirect interests in Debtor CBI Parent, L.P. constitute indirect interests in Debtor CBI Midco, Inc. that may be subject to the Procedures.  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____, 2024, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. ____] (the "Final Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Final Order).

**PLEASE TAKE FURTHER NOTICE** that, at the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock that the undersigned party beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors and the other Notice Parties have thirty calendar days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors or any of the other Notice Parties timely file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors and the other Notice Parties do not object within such thirty-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring, or otherwise accumulating Beneficial Ownership of additional shares of Common Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

_____

Name:  _____

Address:  _____

_____

Telephone:  _____

Facsimile:  _____

Dated: _____ __, 20__

_____, _____

      (City)        (State)

## **Exhibit 1C**

**Declaration of Intent to Transfer Common Stock**

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| CAREISMATIC BRANDS, LLC, *et al* | Case No. 24-10561 (VFP) |
| Debtors.[1] | (Jointly Administered) |

## DECLARATION OF INTENT TO TRANSFER COMMON STOCK[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to sell, trade, or otherwise transfer (the "Proposed Transfer") one or more shares of the existing class (or series) of common stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock, collectively, the "Common Stock") of CBI Midco, Inc. CBI Midco, Inc. is a debtor and debtor in possession in Case No. 24-10561 (VFP) pending in the United States Bankruptcy Court for the District of New Jersey (the "Court").

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.donlinrecano.com/careismatic. The location of Debtor Careismatic Brands, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is: 1119 Colorado Avenue, Santa Monica, California 90401.

[2] For purposes of this Declaration: (i) a "Substantial Shareholder" is any entity or individual person that has Beneficial Ownership of at least approximately 4.5 percent of all issued and outstanding Common Stock; and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire). For the avoidance of doubt, Beneficial Ownership includes direct and indirect interests in Debtor CBI Midco, Inc. Specifically in this case, for the avoidance of doubt, direct and indirect interests in Debtor CBI Parent, L.P. constitute indirect interests in Debtor CBI Midco, Inc. that may be subject to the Procedures. An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____ __, 2024, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of_____ shares of Common Stock after such transfer becomes effective.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. ____] (the "Final Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Final Order).

**PLEASE TAKE FURTHER NOTICE** that, at the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock that the undersigned party beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors and the other Notice Parties have thirty calendar days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors or any of the other Notice Parties file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors and the other Notice Parties do not object within such thirty-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading, or otherwise transferring Beneficial Ownership of additional shares of Common Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

_____

Name:  _____

Address:  _____

_____

Telephone:  _____

Facsimile:  _____

Dated: _____ __, 20__

_____, _____

     (City)        (State)

## Exhibit 1D

**Declaration of Status as a 50-Percent Shareholder**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| CAREISMATIC BRANDS, LLC, *et al* | Case No. 24-10561 (VFP) |
| Debtors.[1] | (Jointly Administered) |

## DECLARATION OF STATUS AS A 50-PERCENT SHAREHOLDER

**PLEASE TAKE NOTICE** that the undersigned party is/has become a 50-Percent Shareholder[2] with respect to one or more shares of the existing class (or series) of common stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock, collectively, the "Common Stock") of CBI Midco, Inc.  CBI Midco, Inc. is a debtor and debtor in possession in Case No. 24-10561 (VFP) pending in the United States Bankruptcy Court for the District of New Jersey (the "Court").

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.donlinrecano.com/careismatic.  The location of Debtor Careismatic Brands, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is:  1119 Colorado Avenue, Santa Monica, California 90401.

[2]    For purposes of this Declaration:  (i) a "50-Percent Shareholder" is any person or entity that, at any time since December 31, 2020, has owned Beneficial Ownership of 50 percent or more of the Common Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder); (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire).  For the avoidance of doubt, Beneficial Ownership includes direct and indirect interests in Debtor CBI Midco, Inc.  Specifically in this case, for the avoidance of doubt, direct and indirect interests in Debtor CBI Parent, L.P. constitute indirect interests in Debtor CBI Midco, Inc. that may be subject to the Procedures.  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, as of _____, 2024, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock. The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such Common Stock:

| Number of Shares of Common Stock | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional page or pages if necessary)

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. ___] (the "Final Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Final Order).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

7

Respectfully submitted,

(Name of Declarant)

By:

_____
Name:  _____
Address:  _____
_____
Telephone:  _____
Facsimile:  _____

Dated: _____ __, 20__
_____, _____
     (City)     (State)

## <u>Exhibit 1E</u>

**Declaration of Intent to Claim a Worthless Stock Deduction**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| CAREISMATIC BRANDS, LLC, *et al* | Case No. 24-10561 (VFP) |
| Debtors.[1] | (Jointly Administered) |

## DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to claim a worthless stock deduction for U.S. federal income tax purposes (the "Worthless Stock Deduction") with respect to one or more shares of the existing class (or series) of common stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock, collectively, the "Common Stock") of CBI Midco, Inc.  CBI Midco, Inc. is a debtor and debtor in possession in Case No. 24-10561 (VFP) pending in the United States Bankruptcy Court for the District of New Jersey (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____ __, 2024, the undersigned party filed a Declaration of Status as a 50-Percent Shareholder with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.donlinrecano.com/careismatic.  The location of Debtor Careismatic Brands, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is:  1119 Colorado Avenue, Santa Monica, California 90401.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Worthless Stock Deduction, the undersigned party proposes to declare that _____ shares of Common Stock became worthless (for U.S. federal income tax purposes) during the tax year ending _____.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of the undersigned party are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. ___] (the "Final Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Final Order).

PLEASE TAKE FURTHER NOTICE that, at the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock that the undersigned party beneficially owns.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Final Order, the undersigned party acknowledges that the Debtors and the other Notice Parties have thirty calendar days after receipt of this Declaration to object to the Worthless Stock Deduction described herein.  If the Debtors or any of the other Notice parties file an objection, such Worthless Stock Deduction will not be effective unless such objection is withdrawn or such action is approved by a final and non-appealable order of the Court.  If the Debtors and the other Notice Parties do not object within such thirty-day period, then after expiration of such period the Worthless Stock Deduction may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further claims of worthlessness (for U.S. federal income tax purposes) contemplated by the undersigned party will each require an additional notice filed with the Court to be served in the same manner as this Declaration and are subject to an additional thirty-day waiting period.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:
_____
Name:  _____
Address:  _____
_____
Telephone:  _____
Facsimile:  _____

Dated: _____ __, 20__
_____, _____

     (City)       (State)

**<u>Exhibit 1F</u>**

**Notice of Final Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| CAREISMATIC BRANDS, LLC, *et al* | Case No. 24-10561 (VFP) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF FINAL ORDER**
**(I) APPROVING NOTIFICATION AND**
**HEARING PROCEDURES FOR CERTAIN**
**TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS**
**WITH RESPECT TO COMMON STOCK AND (II) GRANTING RELATED RELIEF**

**TO: ALL ENTITIES (AS DEFINED BY SECTION 101(15) OF THE BANKRUPTCY CODE) THAT MAY HOLD BENEFICIAL OWNERSHIP OF THE EXISTING CLASS (OR SERIES) OF COMMON STOCK (THE "COMMON STOCK") OF CBI MIDCO, INC.:**

**PLEASE TAKE NOTICE** that on January 22, 2024 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors"), filed petitions with the United States Bankruptcy Court for the District of New Jersey (the "Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of or from the Debtors' estates or to exercise control over property of or from the Debtors' estates.

**PLEASE TAKE FURTHER NOTICE** that on the Petition Date, the Debtors filed the *Debtors' Motion for Entry of Interim and Final Orders (I) Approving Notification and Hearing*

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://www.donlinrecano.com/careismatic. The location of Debtor Careismatic Brands, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is: 1119 Colorado Avenue, Santa Monica, California 90401.

*Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. __] (the "<u>Motion</u>").

**PLEASE TAKE FURTHER NOTICE** that on [_____], 2024, the Court entered the *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. ___] (the "<u>Final Order</u>") approving procedures for certain transfers of and declarations of worthlessness for U.S. federal income tax purposes with respect to Common Stock set forth in <u>Exhibit 1</u> attached to the Final Order (the "<u>Procedures</u>").[2]  The Procedures are available to view and download on the website established by the Debtors' proposed claims and noticing agent, Donlin Recano, for these chapter 11 cases at https://www.donlinrecano.com/careismatic.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, a Substantial Shareholder may not consummate any purchase, sale, or other transfer of Common Stock or Beneficial Ownership of Common Stock in violation of the Procedures, and any such transaction in violation of the Procedures shall be null and void *ab initio*.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, the Procedures shall apply to the holding and transfers of Common Stock or any Beneficial Ownership therein by a Substantial Shareholder or someone who may become a Substantial Shareholder.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, a 50-Percent Shareholder may not claim a worthless stock deduction for U.S. federal income tax purposes with respect to Common Stock or Beneficial Ownership of Common Stock in violation of the Procedures, and any such deduction in violation of the Procedures shall be null and void *ab initio*,

---

[2]    Capitalized terms used but not otherwise defined herein have the meaning given to them in the Interim Order or the Motion, as applicable.

and the 50-Percent Shareholder shall be required to file an amended tax return revoking such proposed deduction.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, upon the request of any entity, the proposed notice and claims agent for the Debtors, Donlin Recano, will provide a copy of the Final Order and a form of each of the declarations required to be filed by the Procedures in a reasonable period of time.  Such declarations are also available via PACER on the Court's website at https://ecf.njb.uscourts.gov/ for a fee, or free of charge by accessing the Debtors' restructuring website at https://www.donlinrecano.com/careismatic.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, failure to follow the procedures set forth in the Final Order shall constitute a violation of, among other things, the automatic stay provisions of section 362 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that nothing in the Final Order shall preclude any person desirous of acquiring any Common Stock from requesting relief from the Final Order from this Court, subject to the Debtors' and the other Notice Parties' rights to oppose such relief.

**PLEASE TAKE FURTHER NOTICE** that, other than to the extent that the Final Order expressly conditions or restricts trading in Common Stock, nothing in the Final Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of Common Stock, including in connection with the treatment of any such stock under any chapter 11 plan or any applicable bankruptcy court order.

**PLEASE TAKE FURTHER NOTICE** that any prohibited purchase, sale, other transfer of, or declaration of worthlessness for U.S. federal income tax purposes with respect to Common Stock, Beneficial Ownership thereof, or option with respect thereto in violation of the Final Order

16

is prohibited and shall be null and void *ab initio* and may be subject to additional sanctions as this court may determine.

   **PLEASE TAKE FURTHER NOTICE** that the requirements set forth in the Final Order are in addition to the requirements of applicable law and do not excuse compliance therewith.

*[Remainder of page intentionally left blank]*

Dated: [_____], 2024

/s/ DRAFT

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          jsussberg@kirkland.com

-and-

Chad J. Husnick, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          chusnick@kirkland.com