*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022

Chad J. Husnick, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601

Order Filed on February 29, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

---

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| CAREISMATIC BRANDS, LLC, *et al.* | Case No. 24-10561 (VFP) |
| Debtors. | (Jointly Administered) |

---

## FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) MAINTAIN INSURANCE AND SURETY COVERAGE ENTERED INTO PREPETITION AND PAY RELATED PREPETITION OBLIGATIONS AND (B) RENEW, SUPPLEMENT, MODIFY, OR PURCHASE INSURANCE AND SURETY COVERAGE, AND (II) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through eight (8), is

**ORDERED.**

**DATED: February 29, 2024**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

(Page | 2)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al.* |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered into Prepetition and Pay Related Prepetition Obligations and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage, and (II) Granting Related Relief |

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered into Prepetition and Pay Related Prepetition Obligations and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage, and (II) Granting Related Relief* (the "Motion"),[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"),[2] for entry of a final order (this "Final Order") (a) authorizing the Debtors to (i) maintain coverage under the Insurance Policies and the Surety Bonds and pay related prepetition obligations and (ii) renew, supplement, modify, or purchase insurance and surety coverage in the ordinary course of business and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court

---

[1]   Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

[2]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.donlinrecano.com/careismatic.  The location of Debtor Careismatic Brands, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is:  1119 Colorado Avenue, Santa Monica, California 90401.

(Page | 3)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al*. |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered into Prepetition and Pay Related Prepetition Obligations and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage, and (II) Granting Related Relief |

having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** on a final basis as set forth herein.

2.      The Debtors are authorized to continue and maintain the Insurance Policies,[3] including, but not limited to, the Insurance Policies identified on Exhibit C to the Motion, and, in their sole discretion, pay any related prepetition or postpetition amounts or obligations thereto in the ordinary course of business consistent with prepetition practice, including, but not limited to, the Premiums, Insurance Deductibles, Brokers Fees, and any other related expenses.  The Debtors shall serve a copy of the Motion and this Final Order on each Insurance Carrier[4] listed on Exhibit C to the Motion within two (2) business days after the date this Final Order is entered.

3.      The Debtors are authorized to continue and maintain their Surety Bond Program as applicable, including, in their sole discretion:  (a) maintaining new Surety Bonds and paying any related postpetition amounts or obligations thereto in the ordinary course of business consistent with prepetition practice, including surety premiums and bond fees as they come due; (b) entering into or acquiring additional bonding capacity, as necessary, in the ordinary course of business

---

[3]     For the avoidance of doubt, the term "Insurance Policies" shall include all insurance policies issued or providing coverage at any time to any of the Debtors or their predecessors, whether expired, current, or prospective, and any agreements or documents related thereto, whether or not identified on Exhibit C to the Motion.

[4]     For the avoidance of doubt, the term "Insurance Carriers" shall include all insurance carriers and third-party administrators that issued or entered into the Insurance Policies, whether or not such insurance carriers or third-party administrators are identified on Exhibit C to the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al.* |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered into Prepetition and Pay Related Prepetition Obligations and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage, and (II) Granting Related Relief |

consistent with prepetition practice; (c) cancelling, revising, and/or supplementing the Surety Bonds; (d) renewing, supplementing, and/or cancelling letters of credit or other forms of collateral as may be necessary; (e) paying Brokers Fees; (f) providing collateral and complying with collateral and indemnity requirements in the ordinary course of business; and (g) executing other agreements in connection with the Surety Bond Program, each in the ordinary course of business and consistent with past practices to the extent the Debtors determine that such action is in the best interests of their estates.

4. The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein and to the extent authorized by this Final Order.

5. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

6. To the extent the Debtors subsequently become aware of additional Insurance Policies or Surety Bonds that have not previously been disclosed, or to the extent the Debtors enter into new Insurance Policies or Surety Programs or renew any Insurance Policies and Surety Bonds, the Debtors shall disclose these policies and programs to the U.S. Trustee and the professional advisors to the Committee, the DIP Agent, and the First Lien Ad Hoc Group.

(Page | 5)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al.* |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered into Prepetition and Pay Related Prepetition Obligations and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage, and (II) Granting Related Relief |

7.     The Debtors are authorized, but not directed, in their sole discretion, to renew, amend, supplement, endorse, extend, or purchase existing or additional insurance policies and surety bonds in the ordinary course of business consistent with prepetition practice on a postpetition basis, as well as replace any of the Brokers as may be necessary; *provided*, *however*, that the Debtors will give the advisors to the Committee, the First Lien Ad Hoc Group, and the DIP Agent two (2) business days' notice (to the extent reasonably practicable) before material modifications are made to the Debtors' insurance program.

8.     Nothing in this Final Order authorizes the Debtors to accelerate any payments not otherwise due.

9.     The Debtors are authorized, but not directed, to honor any amounts owed on account of any Insurance Policy Audits[5] that take place in the ordinary course of business consistent with prepetition practice.

10.    To the extent that any Insurance Policies or Surety Bonds or any related obligation, contract, or agreement are deemed an executory contract within the meaning of section 365 of the Bankruptcy Code, neither this Final Order nor any payments made in accordance with this Final Order shall constitute the postpetition assumption of any such Insurance Policies or Surety Bonds or any related obligation, contract, or agreement pursuant to section 365 of the Bankruptcy Code.

---

[5]   For the avoidance of doubt, the term "Insurance Policy Audits" shall include any audits of Insurance Policies, including any audits conducted after a policy period ends.

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al.* |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered into Prepetition and Pay Related Prepetition Obligations and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage, and (II) Granting Related Relief |

11.    Notwithstanding anything to the contrary contained in the Motion or this Final Order, any payment to be made or obligation incurred shall not be inconsistent with, and shall be subject to and in compliance with, the requirements imposed on the Debtors under the terms of each interim and final order entered by the Court in respect of the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protections, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Docket No. 17] (the "DIP Orders"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof.  Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Orders.

12.    Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed:  (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Final Order or the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission by the Debtors as to the

(Page | 7)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al.* |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered into Prepetition and Pay Related Prepetition Obligations and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage, and (II) Granting Related Relief |

validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, claims, causes of action or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.  Any payment made pursuant to this Final Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

13.    Nothing in this Final Order or the Motion (a) alters, amends, or modifies the terms and conditions of any of the Insurance Policies, but not limited to, (i) the obligation, if any, of any Insurance Carrier to pay defense costs and any amounts within an Insurance Deductible and the right, if any, of any Insurance Carrier to seek reimbursement from the Debtors therefor, and (ii) the obligation, if any of the Debtors to reimburse any Insurance Carrier for defense costs and any amounts within an Insurance Deductible; (b) relieves the Debtors of any of their obligations under the Insurance Policies; (c) creates or permits a direct right of action against an Insurance Carrier; (d) precludes or limits, in any way, the rights of any Insurance Carrier to contest and/or

(Page | 8)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al*. |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered into Prepetition and Pay Related Prepetition Obligations and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage, and (II) Granting Related Relief |

litigate the existence, primacy and/or scope of available coverage under any of the Insurance Policies; or (e) waives any Insurance Carriers' claims or rights against the Debtors, any of the Debtors' subsidiaries or affiliates, or any other person, entity, property, or parties liable to such Insurance Carrier (whether under the Insurance Policies or otherwise).

14.     The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

15.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry hereof.

16.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

17.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

18.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.