*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022

Chad J. Husnick, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601

Order Filed on February 29, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| In re: | Chapter 11 |
| CAREISMATIC BRANDS, LLC, *et al.* | Case No. 24-10561 (VFP) |
| Debtors. | (Jointly Administered) |

# FINAL ORDER (I) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, (III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE REQUESTS, AND (IV) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through thirteen (13), is **ORDERED**.

**DATED: February 29, 2024**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

(Page | 2)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al*. |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | Final Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, and (IV) Granting Related Relief |

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, and (IV) Granting Related Relief* (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"),[2] for entry of a final order (this "Final Order") (a) approving the Debtors' proposed adequate assurance of payment for future utility services, (b) prohibiting Utility Providers from altering, refusing, or discontinuing services, (c) approving the Adequate Assurance Procedures, and (d) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and

---

[1] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

[2] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.donlinrecano.com/careismatic. The location of Debtor Careismatic Brands, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is: 1119 Colorado Avenue, Santa Monica, California 90401.

(Page | 3)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al*. |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | Final Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, and (IV) Granting Related Relief |

other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** on a final basis as set forth herein.

2. Subject to the Adequate Assurance Procedures for resolving Adequate Assurance Requests, the Adequate Assurance Deposit, together with the Debtors' ability to pay for future Utility Services in the ordinary course of business, shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

3. The following Adequate Assurance Procedures are hereby approved:

   a. Within twenty (20) days of the entry of this Final Order, the Debtors will deposit the Adequate Assurance Deposit of $72,750, which is calculated in the manner set forth in paragraph 12 of the Motion, in the Adequate Assurance Account.

   b. Each Utility Provider shall be entitled to the funds in the Adequate Assurance Account in the amount set forth for such Utility Provider in the column labeled "Proposed Adequate Assurance" on the Utility Services List, attached to the Motion as Exhibit C.

   c. If an amount relating to Utility Services provided postpetition by any Utility Provider is unpaid, and remains unpaid beyond any applicable grace period, such Utility Provider may request a disbursement from the Adequate Assurance Account up to the amount applicable to each such Utility

| | |
|---|---|
| (Page \| 4) | |
| Debtors: | CAREISMATIC BRANDS, LLC, *et al*. |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | Final Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, and (IV) Granting Related Relief |

Provider by giving notice to: (i) the Debtors, Careismatic Brands, LLC, c/o Donlin, Recano & Company (cbinfo@drc.equiniti.com); (ii) proposed co-counsel to the Debtors, (A) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. (jsussberg@kirkland.com) and Ashley L. Surinak (ashley.surinak@kirkland.com), 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Chad J. Husnick, P.C. (chusnick@kirkland.com) and (B) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Esq. (MSirota@coleschotz.com), Warren A. Usatine, Esq. (WUsatine@coleschotz.com), and Felice R. Yudkin, Esq. (FYudkin@coleschotz.com); (iii) proposed counsel to the Official Committee of Unsecured Creditors, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, NY 10017, Attn: Bradford J. Sandler (bsandler@pszjlaw.com), Robert J. Feinstein (rfeinstein@pszjlaw.com), Teddy M. Kapur (tkapur@pszjlaw.com), and Cia H. Mackle (cmackle@pszjlaw.com); (iv) counsel to the First Lien Ad Hoc Group, Milbank LLP, 55 Hudson Yards, New York, New York 10001, Attn: Evan Fleck (efleck@milbank.com) and Nelly Almeida (nalmeida@milbank.com); (v) counsel to the DIP Agent, Paul Hastings LLP, 200 Park Avenue, New York, New York 10166, Attn: Jayme Goldstein (jaymegoldstein@paulhastings.com), Alex Cota (alexcota@paulhastings.com), and Sam Lawand (samlawand@paulhastings.com); and (vi) the Office of the United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: Fran Steele (fran.b.steele@usdoj.gov) and Peter D'Auria (peter.j.d'auria@usdoj.gov) (collectively, the "Notice Parties"). The Debtors shall honor such request within ten (10) business days after the date the request is received by the Debtors, subject to the ability of the Debtors and any such requesting Utility Provider to resolve any dispute regarding such request without further order of the Court. To the extent any Utility Provider receives a disbursement from the Adequate Assurance Account, the Debtors shall replenish the Adequate Assurance Account in the amount disbursed.

d. Each Utility Provider holding an existing deposit is permitted to maintain its existing deposit in addition to its right to funds in the Adequate Assurance Account. Such Utility Provider may not, absent a separate order granting relief from Section 362 of the Bankruptcy Code, apply such existing deposit to any prepetition amount owed.

| | |
|---|---|
| (Page \| 5) | |
| Debtors: | CAREISMATIC BRANDS, LLC, *et al*. |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | Final Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, and (IV) Granting Related Relief |

e. The Debtors may reduce or remove a Utility Provider's portion of the Adequate Assurance Deposit with the consent of such Utility Provider at any time during the chapter 11 cases.

f. Any Utility Provider desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "Adequate Assurance Request") within thirty (30) days of the Petition Date. Any Utility Provider that objects to the Debtors' Proposed Adequate Assurance must serve an Adequate Assurance Request on the Notice Parties.

g. Any Adequate Assurance Request must: (i) be in writing; (ii) identify the location(s) for which the Utility Services are provided and the account number(s) for such location(s); (iii) summarize the Debtors' payment history relevant to the affected account(s), including any security deposits; (iv) provide evidence that the Debtors have a direct obligation to the Utility Provider; (v) certify that the Utility Provider does not already hold a deposit equal to or greater than two weeks of Utility Services; and (vi) explain why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

h. Unless a Utility Provider files and serves an Adequate Assurance Request, the Utility Provider shall be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code and (ii) forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtors on account of any unpaid prepetition charges, or requiring additional assurance of payment other than the Proposed Adequate Assurance.

i. Upon the Debtors' receipt of an Adequate Assurance Request, the Debtors shall promptly negotiate with the Utility Provider to resolve the Utility Provider's Adequate Assurance Request.

j. The Debtors may, without further order from the Court, resolve any Adequate Assurance Request by mutual agreement with a Utility Provider and the Debtors may, in connection with any such agreement, provide a Utility Provider with additional adequate assurance of payment, including, but not limited to, cash deposits, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable; *provided, however* that the Debtors shall maintain a summary record of such agreements and their respective terms, and such summary record and the

(Page | 6)
Debtors: CAREISMATIC BRANDS, LLC, *et al*.
Case No. 24-10561 (VFP)
Caption of Order: Final Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, and (IV) Granting Related Relief

---

agreements themselves shall be available to the Notice Parties upon request; and (ii) the Debtors shall consult with the First Lien Ad Hoc Group and the DIP Agent prior to resolving any material Adequate Assurance Request pursuant to the foregoing clause.

k. If the Debtors and the Utility Provider are unable to reach a consensual resolution within fourteen (14) days of receipt of an Adequate Assurance Request, or if a Utility Provider was omitted from the Utility Services List and wishes to dispute that they received adequate assurance of future payment as required by section 366 of the Bankruptcy Code as provided by this Final Order, the Debtors will request a hearing before the Court at the next regularly-scheduled omnibus hearing to determine the adequacy of assurance of payment with respect to that particular Utility Provider (a "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code.

l. At all times prior to resolution of such dispute at a Determination Hearing and the entry of any Court order as a result thereof, the relevant Utility Provider shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of: (i) unpaid charges for prepetition services; (ii) a pending Adequate Assurance Request; or (iii) any objections filed in response to the Proposed Adequate Assurance.

4. The Utility Providers are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

5. Absent further order of the Court, all Utility Providers are prohibited from altering, refusing, or discontinuing services on account of any unpaid prepetition charges, the commencement of these chapter 11 cases, or any perceived inadequacy of the Proposed Adequate Assurance.

6. The Debtors are authorized to cause the Adequate Assurance Deposit to be held in the Adequate Assurance Account during the pendency of these chapter 11 cases.

(Page | 7)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al*. |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | Final Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, and (IV) Granting Related Relief |

7. The Debtors are authorized, but not directed, to add or remove such parties from the Utility Services List; *provided, however*, that the Debtors shall provide notice of any such addition or removal to the Notice Parties; *provided, further*, that, if a Utility Provider is removed from the Utility Services List, the Debtors shall provide the applicable Utility Provider with two (2) weeks' notice thereof and the opportunity to respond to such removal. To the extent that there is any dispute as to the postpetition amounts owed to a Utility Provider or such Utility Provider's removal, such Utility Provider shall not be removed from the Utility Services List, and no funds shall be removed from the Adequate Assurance Deposit, until such dispute has been resolved. To the extent the Debtors and the Utility Provider are unable to reach a consensual resolution within fourteen (14) days of the Debtors' receipt of notice of such dispute, the Debtors shall request a hearing before this Court at the next omnibus hearing date or such other date that the Debtor and the Utility Provider may agree.

8. For any Utility Provider that is subsequently added to the Utility Services List, the Debtors shall serve such Utility Provider a copy of this Final Order, including the Adequate Assurance Procedures, and provide such Utility Provider two (2) weeks' notice to object to the inclusion of such Utility Provider on the Utility Services List. If an objection is received, to the extent the Debtors and the Utility Provider are unable to reach a consensual resolution within fourteen (14) days of the Debtors' receipt of such objection, the Debtors shall request a hearing before this Court at the next omnibus hearing date or such other date that the Debtor and the Utility Provider may agree. The terms of this Final Order and the Adequate Assurance Procedures shall

(Page | 8)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al*. |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | Final Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, and (IV) Granting Related Relief |

apply to any subsequently identified Utility Provider. The Debtors shall supplement <u>Exhibit C</u> to the Motion with the names of any subsequently identified Utility Provider and file the same with the Court.

9. To the extent that the Debtors become delinquent with respect to a Utility Provider's account after the Petition Date, such Utility Provider shall be permitted to file a written notice of delinquency with the Court (a "<u>Delinquency Notice</u>") and serve such Delinquency Notice on the Debtors. Such Delinquency Notice must set forth the amount of the delinquency with enough detail for the Debtors and other parties-in-interest to determine the amount owing, by account number, and the dates services were provided. If such delinquency is not cured, and none of the Debtors have objected to the Delinquency Notice within ten (10) days of receipt, the Debtors will be required to remit to the respective Utility Provider from the Adequate Assurance Account the amount of postpetition charges claimed as delinquent. The Debtors will further be required to ensure that the Adequate Assurance Deposit is replenished, by the amount disbursed, after payment of the delinquent balance. If an objection is filed to the Delinquency Notice, the Debtors will request that this Court schedule a hearing to resolve the dispute.

10. The relief granted herein is for all Utility Providers providing Utility Services to the Debtors and is not limited to those parties or entities listed on the Utility Services List.

11. Any landlord or third party that pays directly for Utility Services for the benefit of the Debtors pursuant to a nonresidential real property lease, and has been provided notice of the relief provided by this Final Order, must continue paying for such Utility Services in the ordinary

Case 24-10561-VFP    Doc 333    Filed 02/29/24    Entered 02/29/24 18:26:54    Desc Main
Document    Page 9 of 13

(Page | 9)
Debtors:           CAREISMATIC BRANDS, LLC, *et al*.
Case No.           24-10561 (VFP)
Caption of Order:  Final Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, and (IV) Granting Related Relief

course of business and may not cease, reduce, delay, or otherwise interfere with the payment or delivery of such Utility Services, regardless of any nonpayment, deferral, or waiver of rent, or any defaults with respect to the applicable lease; *provided* that a landlord or third party may cease payments on account of Utility Services following the effective date of any rejection of the applicable lease pursuant to section 365 of the Bankruptcy Code, if any.

12. Pursuant to the Adequate Assurance Procedures, upon the Debtors' termination of Utility Services, the Debtors may, in their discretion and without further order of this Court, reduce the Adequate Assurance Deposit by an amount not exceeding, for each of the Utility Services being discontinued, the lesser of (i) the estimated two-week utility expense for such Utility Services or (ii) the amount of the Adequate Assurance Deposit then attributable to the applicable Utility Provider. Notice of any reduction shall immediately be provided to the U.S. Trustee and the Committee. If there are no outstanding disputes, then upon the effective date of a plan in these chapter 11 cases, the Adequate Assurance Deposit shall be returned to the Debtors, less any amount owed on account of unpaid, postpetition Utility Services on the date upon which the Debtors' plan of reorganization becomes effective.

13. The Debtors' service of the Motion upon the Utility Services List shall not constitute an admission or concession that any such entity is a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al*. |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | Final Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, and (IV) Granting Related Relief |

14. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of any prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

15. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Final Order or the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission by the Debtors as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, claims, causes of action or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by

(Page | 11)
Debtors: CAREISMATIC BRANDS, LLC, *et al*.
Case No. 24-10561 (VFP)
Caption of Order: Final Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, and (IV) Granting Related Relief

---

the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease. Any payment made pursuant to this Final Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

16. The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein and to the extent authorized by this Final Order.

17. Notwithstanding anything to the contrary in any other order of this Court, including any order authorizing debtor-in-possession financing or use of cash collateral, the interests of any party, including but not limited to the Debtors' postpetition or prepetition lenders, in, or lien on, the Adequate Assurance Deposit shall be subordinate to the Utility Providers' interest in any Adequate Assurance Deposit until such time as the Adequate Assurance Deposit is returned to the Debtors pursuant to this Interim Order, or as otherwise ordered by the Court.

18. Nothing in this Final Order authorizes the Debtors to accelerate any payments not otherwise due.

(Page | 12)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al.* |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | Final Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, and (IV) Granting Related Relief |

19. Notwithstanding anything to the contrary contained in the Motion or this Final Order, any payment to be made or obligation incurred shall not be inconsistent with, and shall be subject to and in compliance with, the requirements imposed on the Debtors under the terms of each interim and final order entered by the Court in respect of the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protections, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Docket No. 17] (the "DIP Orders"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof. Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Orders.

20. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

21. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

22. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry hereof.

23. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al*. |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | Final Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, and (IV) Granting Related Relief |

24. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

25. The Debtors shall serve by regular mail a copy of this Final Order and the Motion on all parties required to receive such service pursuant to Local Rule 9013-5(f) within two (2) business days after the entry of this Final Order.

26. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.