*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022

Chad J. Husnick, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601

**Order Filed on February 29, 2024**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |

| | |
|---|---|
| In re:<br><br>CAREISMATIC BRANDS, LLC, *et al.*<br><br>      Debtors. | Chapter 11<br><br>Case No. 24-10561 (VFP)<br><br>(Jointly Administered) |

**FINAL ORDER (I) AUTHORIZING
THE DEBTORS TO (A) MAINTAIN AND
ADMINISTER THEIR CUSTOMER PROGRAMS
AND (B) HONOR CERTAIN PREPETITION OBLIGATIONS
RELATED THERETO AND (II) AND GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through six (6), is

**ORDERED**.

**DATED: February 29, 2024**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

(Page | 2)

| | |
|---|---|
| Debtors: | CARISMATIC BRANDS, LLC, *et al*. |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Maintain and Administer Their Customer Programs and (B) Honor Certain Prepetition Obligations Related Thereto, and (II) and Granting Related Relief |

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Maintain and Administer Their Customer Programs and (B) Honor Certain Prepetition Obligations Related Thereto and (II) Granting Related Relief* (the "Motion"),[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"),[2] for entry of a final order (this "Final Order"), (i) authorizing the Debtors to (a) maintain and administer the Customer Programs in the ordinary course of business and (b) honor certain undisputed prepetition obligations related thereto, and (ii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief

---

[1]   Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

[2]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.donlinrecano.com/careismatic.  The location of Debtor Careismatic Brands, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is:  1119 Colorado Avenue, Santa Monica, California 90401.

(Page | 3)

| | |
|---|---|
| Debtors: | CARISMATIC BRANDS, LLC, *et al.* |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Maintain and Administer Their Customer Programs and (B) Honor Certain Prepetition Obligations Related Thereto, and (II) and Granting Related Relief |

granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** on a final basis as set forth herein.

2.      The Debtors are authorized, but not directed to continue to administer the Customer Programs (including, but not limited to, those discussed in the Motion) currently in effect and honor any undisputed prepetition obligations related to the Customer Programs, in each case in the ordinary course of business, consistent with prepetition practices, and to modify, replace, or terminate any Customer Program in the ordinary course of business and provide notice to customers as required under any such Customer Program; *provided* that, the Debtors shall provide five (5) business days' notice, or such other notice as is reasonably practicable, to the U.S. Trustee, the Committee, and the First Lien Ad Hoc Group, before materially modifying or terminating any Customer Program.

3.      The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

4.      Notwithstanding anything to the contrary contained in the Motion or this Final Order, any payment to be made or obligation incurred shall not be inconsistent with, and shall be subject to and in compliance with, the requirements imposed on the Debtors under the terms of each interim and final order entered by the Court in respect of the *Debtors' Motion for Entry of*

(Page | 4)
Debtors:           CARISMATIC BRANDS, LLC, *et al.*
Case No.           24-10561 (VFP)
Caption of Order:  Final Order (I) Authorizing the Debtors to (A) Maintain and Administer
                   Their Customer Programs and (B) Honor Certain Prepetition Obligations
                   Related Thereto, and (II) and Granting Related Relief

*Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protections, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* filed substantially contemporaneously herewith (the "DIP Orders"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof.  Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Orders.

5.      Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed:  (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Final Order or the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission by the Debtors as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, claims, causes of action or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement,

(Page | 5)
Debtors:           CARISMATIC BRANDS, LLC, *et al.*
Case No.           24-10561 (VFP)
Caption of Order:  Final Order (I) Authorizing the Debtors to (A) Maintain and Administer
                   Their Customer Programs and (B) Honor Certain Prepetition Obligations
                   Related Thereto, and (II) and Granting Related Relief

contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by

the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied

pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are

expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens;

(j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise

affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any

executory contract or unexpired lease.  Any payment made pursuant to this Final Order is not

intended and should not be construed as an admission as to the validity of any particular claim or

a waiver of the Debtors' rights to subsequently dispute such claim.

6.     The Debtors are authorized, but not directed, to issue postpetition checks, or to

effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests

that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts

owed in connection with the relief granted herein and to the extent authorized by this Final Order.

7.     The banks and financial institutions on which checks were drawn or electronic

payment requests made in payment of the prepetition obligations approved herein are authorized

to receive, process, honor, and pay all such checks and electronic payment requests when presented

for payment, and all such banks and financial institutions are authorized to rely on the Debtors'

designation of any particular check or electronic payment request as approved by this Final Order.

8.     The Debtors are authorized to take all actions necessary to effectuate the relief

granted pursuant to this Final Order in accordance with the Motion.

(Page | 6)

| | |
|---|---|
| Debtors: | CARISMATIC BRANDS, LLC, *et al*. |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Maintain and Administer Their Customer Programs and (B) Honor Certain Prepetition Obligations Related Thereto, and (II) and Granting Related Relief |

9.      Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry hereof.

10.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11.      The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

12.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.