*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022

Chad J. Husnick, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601

Order Filed on February 29, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| In re: | Chapter 11 |
| CAREISMATIC BRANDS, LLC, *et al.* | Case No. 24-10561 (VFP) |
| Debtors. | (Jointly Administered) |

**FINAL ORDER (I) AUTHORIZING DEBTORS
TO PAY PREPETITION CLAIMS OF CERTAIN CRITICAL
VENDORS, FOREIGN VENDORS, 503(B)(9) CLAIMANTS, AND
LIEN CLAIMANTS, (II) GRANTING ADMINISTRATIVE EXPENSE
PRIORITY TO ALL UNDISPUTED OBLIGATIONS ON ACCOUNT
OF OUTSTANDING ORDERS, AND (III) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through ten (10), is **ORDERED**.

**DATED: February 29, 2024**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al*. |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | Final Order (I) Authorizing Debtors to Pay Prepetition Claims of Certain Critical Vendors, Foreign Vendors, 503(b)(9) Claimants, and Lien Claimants, (II) Granting Administrative Expense Priority to all Undisputed Obligations on Account of Outstanding Orders, and (III) Granting Related Relief |

Upon the *Motion of Debtors Seeking Entry of Interim and Final Orders (I) Authorizing Debtors to Pay Prepetition Claims of Certain Critical Vendors, Foreign Vendors, 503(B)(9) Claimants, and Lien Claimants, (II) Granting Administrative Expense Priority to All Undisputed Obligations on Account of Outstanding Orders, and (III) Granting Related Relief* (the "Motion"),[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"),[2] for entry of a final order (this "Final Order") (a) authorizing the Debtors to pay, in the ordinary course of business, prepetition amounts owing on account of (i) Critical Vendor Claims, (ii) Foreign Vendor Claims, (iii) 503(b)(9) Claims, and (iv) Lien Claims; (b) granting administrative expense priority to all undisputed obligations on account of goods ordered by the Debtors prior to the date hereof that will not be delivered until after the Petition Date and authorizing the Debtors to satisfy such obligations in the ordinary course of business; and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding

---

[1] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

[2] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.donlinrecano.com/careismatic. The location of Debtor Careismatic Brands, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is: 1119 Colorado Avenue, Santa Monica, California 90401.

(Page | 3)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al*. |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | Final Order (I) Authorizing Debtors to Pay Prepetition Claims of Certain Critical Vendors, Foreign Vendors, 503(b)(9) Claimants, and Lien Claimants, (II) Granting Administrative Expense Priority to all Undisputed Obligations on Account of Outstanding Orders, and (III) Granting Related Relief |

and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, in the reasonable exercise of their business judgment, to honor, pay all or part of, and otherwise satisfy and discharge on a case-by-case basis (i) the Critical Vendor Claims in an aggregate amount not to exceed $3 million on a final basis, (ii) the Foreign Vendor Claims in an aggregate amount not to exceed $25 million on a final basis, (iii) the 503(b)(9) Claims in an aggregate amount not to exceed $2 million on a final basis, and (iv) the Lien Claims in an aggregate amount not to exceed $6 million on a final basis, absent further order of the Court.

3. All undisputed obligations related to the Outstanding Orders are granted administrative expense priority in accordance with section 503(b)(1)(A) of the Bankruptcy Code; *provided*, *however*, the Debtors can terminate any outstanding orders prior to delivery and any canceled orders are not afforded administrative priority.

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al*. |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | Final Order (I) Authorizing Debtors to Pay Prepetition Claims of Certain Critical Vendors, Foreign Vendors, 503(b)(9) Claimants, and Lien Claimants, (II) Granting Administrative Expense Priority to all Undisputed Obligations on Account of Outstanding Orders, and (III) Granting Related Relief |

4. The Debtors are authorized, but not directed, to pay all undisputed amounts relating to the Outstanding Orders in the ordinary course of business consistent with the parties' customary practices in effect prior to the Petition Date.

5. The Debtors are authorized, but not directed, to condition payment of Trade Claims upon each Trade Claimant's written agreement to (a) continue—or recommence—providing goods and services to the Debtors in accordance with trade terms (including credit limits, pricing, timing of payments, availability, and other terms) at least as favorable to the Debtors as those in place during the twelve months prior to the Petition Date, or as otherwise agreed by the Debtors in their reasonable business judgment the Customary Trade Terms and (b) agree that such specified Trade Claimants shall not cancel on less than 90 days' notice any contract or agreement pursuant to which they provide goods or services to the Debtors. The Debtors reserve the right to require additional favorable trade terms with any Trade Claimant as a condition to payment of any Trade Claim.

6. The Debtors may, in their sole discretion, provide for a waiver of preference and avoidance actions in any trade agreement or e-mail agreement, as applicable, without further order of the Court.

7. If any party accepts payment hereunder for a prepetition obligation of the Debtors premised on compliance with the above, and thereafter fails to comply with the Customary Trade Terms, or other such terms as agreed to by the Debtors, then: (a) any payment on account of a prepetition claim received by such party shall be deemed, in the Debtors' reasonable discretion, an improper postpetition transfer and, therefore, immediately recoverable by the Debtors in cash

Case 24-10561-VFP    Doc 335    Filed 02/29/24    Entered 02/29/24 18:31:54    Desc Main
Document    Page 5 of 10

(Page | 5)
Debtors:          CAREISMATIC BRANDS, LLC, *et al*.
Case No.          24-10561 (VFP)
Caption of Order: Final Order (I) Authorizing Debtors to Pay Prepetition Claims of Certain Critical Vendors, Foreign Vendors, 503(b)(9) Claimants, and Lien Claimants, (II) Granting Administrative Expense Priority to all Undisputed Obligations on Account of Outstanding Orders, and (III) Granting Related Relief

upon written request by the Debtors; (b) upon recovery by the Debtors, any prepetition claim of such party shall be reinstated as if the payment had not been made; and (c) if there exists an outstanding postpetition balance due from the Debtors to such party, the Debtors may elect to recharacterize and apply any payment made pursuant to the relief requested by the Motion to such outstanding postpetition balance and such supplier or vendor will be required to repay to the Debtors such paid amounts that exceed the postpetition obligations then outstanding, without the right of any setoffs, claims, provisions for payment of any claims, or otherwise.

8.   Any Critical Vendor, Foreign Vendor, 503(b)(9) Claimant, or Lien Claimant that accepts payment from the Debtors on account of all or a portion of such party's claim pursuant to this Final Order shall be deemed to (a) agree to the terms and provisions of this Final Order and (b) have waived, to the extent so paid, Critical Vendor Claims, Foreign Vendor Claims, 503(b)(9) Claims, or Lien Claims of any type, kind, or priority (including any reclamation claim), against the Debtors, their assets, and properties. Notwithstanding anything to the contrary herein, prior to making any payment pursuant to this Final Order, the Debtors shall provide such Critical Vendor, Foreign Vendor, 503(b)(9) Claimant, or Lien Claimant with a copy of this Final Order (unless previously provided to such Critical Vendor, Foreign Vendor, 503(b)(9) Claimant, or Lien Claimant).

9.   Nothing herein shall impair or prejudice the Debtors' ability to contest, in their reasonable discretion, the extent, perfection, priority, validity, or amounts of any claims held by any Critical Vendor, Foreign Vendor, 503(b)(9) Claimant, or Lien Claimant. The Debtors do not

| (Page | 6) | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al*. |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | Final Order (I) Authorizing Debtors to Pay Prepetition Claims of Certain Critical Vendors, Foreign Vendors, 503(b)(9) Claimants, and Lien Claimants, (II) Granting Administrative Expense Priority to all Undisputed Obligations on Account of Outstanding Orders, and (III) Granting Related Relief |

concede that any claims satisfied pursuant to this Final Order are valid, and the Debtors expressly reserve all rights to contest the extent, validity, or perfection, or to seek the avoidance of all such liens or the priority, of such claims.

10. Notwithstanding anything to the contrary contained in the Motion or this Final Order, any payment to be made or obligation incurred shall not be inconsistent with, and shall be subject to and in compliance with, the requirements imposed on the Debtors under the terms of each interim and final order entered by the Court in respect of the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protections, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Docket No. 17] (the "DIP Orders"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof. Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Orders.

11. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any

(Page | 7)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al*. |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | Final Order (I) Authorizing Debtors to Pay Prepetition Claims of Certain Critical Vendors, Foreign Vendors, 503(b)(9) Claimants, and Lien Claimants, (II) Granting Administrative Expense Priority to all Undisputed Obligations on Account of Outstanding Orders, and (III) Granting Related Relief |

particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Final Order or the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission by the Debtors as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.  Any payment made pursuant to this Final Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al*. |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | Final Order (I) Authorizing Debtors to Pay Prepetition Claims of Certain Critical Vendors, Foreign Vendors, 503(b)(9) Claimants, and Lien Claimants, (II) Granting Administrative Expense Priority to all Undisputed Obligations on Account of Outstanding Orders, and (III) Granting Related Relief |

12. The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein and to the extent authorized by this Final Order.

13. Nothing herein shall impair or prejudice the rights of the U.S. Trustee and the Official Committee of Unsecured Creditors appointed in these chapter 11 cases (the "Committee"), which are expressly reserved, to object to any payment made pursuant to this Final Order to an insider (as such term is defined in section 101(3) of the Bankruptcy Code), or an affiliate of an insider to the Debtors. The Debtors shall, to the extent reasonably practicable, give the Committee, the DIP Agent, the First Lien Ad Hoc Group at least three (3) days' notice prior to any payments made pursuant to this Final Order expected to exceed $500,000. To the extent the Debtors intend to make a payment to an insider or an affiliate of an insider of the Debtors, the Debtors shall, to the extent reasonably practical, provide five (5) business days' advance notice to, and opportunity to object by, the U.S. Trustee and the Committee; *provided* that if any party objects to the payment, the Debtors shall not make such payment without further order of the Court; *provided*, *further*, that no such payment to an insider or an affiliate of an insider of the Debtors shall be made without consulting with the First Lien Ad Hoc Group and the DIP Agent.

14. The Debtors shall maintain a matrix/schedule of amounts directly or indirectly paid, subject to the terms and conditions of this Final Order, including the following information: (a) the names of the payee; (b) the amount of the payment; (c) the category or type of payment; and (d) the

(Page | 9)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al*. |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | Final Order (I) Authorizing Debtors to Pay Prepetition Claims of Certain Critical Vendors, Foreign Vendors, 503(b)(9) Claimants, and Lien Claimants, (II) Granting Administrative Expense Priority to all Undisputed Obligations on Account of Outstanding Orders, and (III) Granting Related Relief |

payment due. The Debtors shall provide a copy of such matrix/schedule to the First Lien Ad Hoc Group, DIP Agent, the U.S. Trustee, and the Committee upon reasonable request but in any event every thirty (30) days beginning upon entry of this Final Order.

15. Nothing in this Final Order authorizes the Debtors to accelerate any payments not otherwise due.

16. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

17. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

18. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry hereof.

19. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

20. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

(Page | 10)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al*. |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | Final Order (I) Authorizing Debtors to Pay Prepetition Claims of Certain Critical Vendors, Foreign Vendors, 503(b)(9) Claimants, and Lien Claimants, (II) Granting Administrative Expense Priority to all Undisputed Obligations on Account of Outstanding Orders, and (III) Granting Related Relief |

21. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order