**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
jsussberg@kirkland.com

Chad J. Husnick, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
chusnick@kirkland.com

*Co-Counsel to the Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel to the Debtors and*
*Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| | Chapter 11 |
| In re: | |
| CAREISMATIC BRANDS, LLC, *et al*., | Case No. 24-10561 (VFP) |
| Debtors.[1] | (Jointly Administered) |

## APPLICATION OF DEBTORS
## CBI PARENT, L.P. AND CBI INTERMEDIATE, INC. FOR
## ENTRY OF AN ORDER AUTHORIZING THE RETENTION
## AND EMPLOYMENT OF PROVINCE, LLC AS FINANCIAL
## ADVISOR TO CBI PARENT, L.P. AND CBI INTERMEDIATE, INC.
## AT THE SOLE DIRECTION OF THE DISINTERESTED DIRECTORS
## OF THE TRANSACTION COMMITTEES, EFFECTIVE AS OF FEBRUARY 28, 2024

---

[1]  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors'
claims and noticing agent at https://www.donlinrecano.com/careismatic.  The location of Debtor Careismatic
Brands, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is:  1119
Colorado Avenue, Santa Monica, California 90401.

TO THE HONORABLE VINCENT F. PAPALIA UNITED STATES BANKRUPTCY

COURT FOR THE DISTRICT OF NEW JERSEY:

CBI Parent, L.P. ("CBI Parent") and CBI Intermediate, Inc. ("Intermediate" and, together

with CBI Parent, the "Transaction Committee Debtors"), two of the above-captioned debtors and

debtors in possession (collectively, the "Debtors"), state as follows in support of this application

(this "Application"):

**Relief Requested**

1.     The Transaction Committee Debtors seek entry of an order, substantially in the

form attached hereto as **Exhibit A** (the "Order"), (a) authorizing, but not directing, counsel to the

Transaction Committee Debtors to retain and employ Province, LLC ("Province") as financial

advisor to counsel for the Transaction Committee of the Board of Directors of CBI Parent,

comprised of Harvey Tepner, and also as financial advisor to counsel for the Transaction

Committee of the Board of Directors of Intermediate (collectively with the Transaction Committee

of CBI Parent, the "Transaction Committees"), comprised of Roger Meltzer (together with Harvey

Tepner, the "Disinterested Directors"), each in connection with these chapter 11 cases, and in

accordance with the terms and conditions set forth in that certain engagement letter dated

February 28, 2024 (the "Engagement Letter") which is attached to the Order as Exhibit 1; and

(b) granting related relief.[2]  In support of this Application, the Transaction Committee Debtors

submit the *Declaration of Daniel Moses in Support of Application of Debtors CBI Parent, L.P.*

*and CBI Intermediate, Inc. for Entry of an Order Authorizing the Retention and Employment of*

*Province, LLC as Financial Advisor to CBI Parent, L.P. and CBI Intermediate, Inc. at the Sole*

---

[2]     Pursuant to the Engagement Letter, counsel to both Disinterested Directors, McDonald Hopkins LLC and Kobre & Kim LLP will jointly engage Province as their financial advisor in relation to issues for which there is no conflict between CBI Parent and Intermediate.

*Direction of the Disinterested Directors of the Transaction Committees, Effective as of February 28, 2024* (the "Moses Declaration"), which is attached hereto as **Exhibit B** and incorporated herein by reference.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.).  The Transaction Committee Debtors confirm their consent to the Court's entering a final order in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 327(a), 328(a), and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

## Background

5.      The Debtors, together with their non-Debtor affiliates (collectively, "Careismatic" or the "Company"), are a leading global designer, marketer, and distributor of medical apparel uniforms, footwear, and accessories.  Founded in 1995, today Careismatic's distribution platform spans approximately 65 countries to serve a diverse base of retailers and customers across multiple channels, including specialty retail, mass retail, online marketplaces, and direct to consumer.

The Company has an extensive portfolio of iconic and emerging brands across the health and wellness platform, including Cherokee Uniforms, Dickies Medical, Heartsoul Scrubs, Infinity, Scrubstar, Healing Hands, Med Couture, Medelita, Classroom Uniforms, AllHeart, Silverts Adaptive Apparel, and BALA Footwear. The combination of its geographic footprint, coupled with an expansive item profile, enables Careismatic to quickly and efficiently meet the needs of its valued customers worldwide.

6.      On January 22, 2024 (the "Petition Date"), each of the Transaction Committee Debtors, together with their affiliated Debtors, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On January 24, 2024, the Court entered an order [Docket No. 57] authorizing procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On February 2, 2024, the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 136], as amended on February 14, 2024 [Docket No. 204]. A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' chapter 11 cases are set forth in greater detail in the *Amended Declaration of Kent Percy, Chief Restructuring Officer of Careismatic Brands, LLC, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 33] (the "First Day Declaration"), which is incorporated herein by reference.

7.      Province has extensive experience representing official creditors' committees, debtors, creditors, trustees, and others in a wide variety of bankruptcy cases, including, as (i) financial advisor to the official committees of unsecured creditors in the A.B.C. Carpet, Alex

and Ani, Armstrong Flooring, Aruze Gaming, Ascena Group, Avadim Health, BL Restaurants

Holding, Carbonlite Holdings, Cherry Man Industries, Cyprus Mines, David's Bridal, DCL

Holdings (USA), Destination Maternity, Eastern Outfitters, EHT US1 (Eagle Hospitality), Endo

International, Francesca's Holding Corporation, Honx, Insys Therapeutics, Independent Pet

Partners, Invacare, J Crew, Lucky's Market, L'Occitane, Mallinckrodt, Mountain Express Oil

Company, Nielsen & Bainbridge (NBG Home), Neopharma, One Web, Papyrus, Path Medical,

Pier 1, PBS Brand Co. (Punch Bowl), Purdue Pharma, Prime Core Technologies, Reverse

Mortgage, Revlon, SiO2 Medical Products, Stimwave Technologies, TECT Aerospace Group, The

Rockport Company, True Religion Apparel, Tuesday Morning, Virgin Orbit, Wesco Aircraft and

White Stallion Energy, Winsor Terrace matters; (ii) financial advisor to the debtors in 4E Brands,

Basic Energy Services, Cherry Man Industries, Cinemex Holdings USA, Codiak BioSciences,

Coin Cloud, Frontsight Management, Penthouse Global Media, Superior Linen, True Religion

Apparel, Vesta Holdings, and Woodbridge Group of Companies; and (iii) the trustee in Aegean

Marine Petroleum, Advance Watch, American Apparel, Borden Dairy, CS Mining, Cycle Force,

DCL, EBH Topco, Eclipse Berry Farms, Energy & Exploration (ENXP), Fieldwood, Gump's,

Invacare, La Paloma Generating Company, Limetree Bay Services, Mallinckrodt, Maxus Energy,

Neogenix, PBS Brand Co. (Punch Bowl), Promise Healthcare Group, RadioShack Corporation,

RMIT (Reverse Mortgage), and Samson Resources, Stimwave Technologies, among others.

## Scope of Services

8.    On November 27, 2023 and December 27, 2023, respectively, the Board of

Directors of Intermediate and the Board of Directors of CBI Parent adopted resolutions

(collectively, the "Resolutions") that delegated to the Transaction Committees all power over

"Conflict Matters."   The Resolutions define Conflict Matters as any matters pertaining to a

Transaction[3] or any potential chapter 11 proceeding in which a conflict of interest exists or is reasonably likely to exist between CBI Parent or Intermediate, respectively, on the one hand, and CBI Parent or Intermediate, respectively, or any of its equity holders, affiliates, subsidiaries, directors, managers, and officers, or other stakeholders (collectively, the "Related Parties").

9.      Under the Resolutions, and as more fully set forth in the Resolutions, the Board of Intermediate and the Board of CBI Parent specifically delegated to the Intermediate Transaction Committee and the CBI Parent Transaction Committee, respectively, the (i) authority to investigate and determine, in the applicable Disinterested Director's business judgment, whether any matter constitutes a Conflict Matter, and (ii) the sole power and authority to take any action with respect to the Conflict Matters, as determined in the sole judgment of the applicable Disinterested Director.

10.     Subject to further Order of this Court, the services Province has rendered and may be required to render relate to advising the Transaction Committees, at the sole direction of the respective Disinterested Directors, with respect to any Conflict Matters and Transactions. Province expects that in rendering services, Province will perform such financial advisory and forensic advisory services as requested by the Transaction Committee Debtors.

## Professional Compensation

11.     The Transaction Committee Debtors desire to employ Province and compensate Province with reasonable fees to be determined by the Court.  No compensation will be paid to Province except upon compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court.  McDonald Hopkins LLC, in

---

[3]   "Transaction" means, respectively, any strategic and/or financial alternatives in light of CBI Parent's or Intermediate's cash flow, liquidity, and general financial condition, including the possibility of seeking financing or undertaking a sale, recapitalization transaction, or any other reorganization or restructuring, including a chapter 11 filing.

its capacity as counsel to Intermediate, at the sole direction of Roger Meltzer, and Kobre & Kim

LLP, in its capacity as counsel to CBI Parent, at the sole direction of Harvey Tepner, shall not be

liable for any fees or costs incurred by Province in its representation of the Transaction Committee

Debtors, at the sole direction of the Disinterested Directors.

12.     Per the Engagement Letter, the Transaction Committee Debtors agreed to

compensate Province for its services at the following standard hourly rates:

| Professional Level | Rate (Range) |
|---|---|
| Managing Directors and Principals | $870 – $1,450 |
| Vice Presidents, Directors, and Senior Directors | $690 – $950 |
| Analysts, Associates, and Senior Associates | $370 – $700 |
| Other / Para-Professional | $270 – $410 |

13.     The hourly rates set forth in the Engagement Letter, as referenced above, are subject

to periodic adjustments to reflect economic and other conditions.

14.     Province will provide notice to the Transaction Committee Debtors, the

Disinterested Directors, and the U.S. Trustee before implementing any increases in Province's

rates for professionals working on these chapter 11 cases.

15.     In addition, Province will bill for all out-of-pocket expenses reasonably incurred by

Province in connection with the matters contemplated by this Application.

16.     Province will maintain detailed records of fees and expenses incurred in connection

with the rendering of the advisory services described above, in accordance with the Bankruptcy

Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of

the Court.

17.    The Transaction Committee Debtors believe that the fee arrangement and other terms and conditions of the Engagement Letter, including the indemnification provisions, are reasonable terms and conditions of employment in light of (i) industry practice; (ii) market rates charged for comparable services in and out of the chapter 11 context; (iii) Province's substantial experience; and (iv) nature and scope of the work to be performed by Province in these chapter 11 cases.

18.    As set forth in the Moses Declaration, no promises have been received by Province or by any member or associate thereof as to compensation in connection with this case. Furthermore, Province has not shared or agreed to share any of its compensation from the Transaction Committee Debtors with any other persons, other than employees of Province.

## Indemnification

19.    As part of the overall compensation payable to Province under the terms of the Engagement Letter, the Engagement Letter provides for certain indemnification obligations to Province and its affiliates and their respective directors, officers, partners, employees, and agents (collectively, the "Indemnified Parties") from and against any and all losses, claims, damages, and liabilities, joint or several, to which such Indemnified Party may become subject and relating to, arising out of or in connection with these chapter 11 cases, or otherwise enforcing the Engagement Letter (including the indemnity provisions, as modified by the Order).

20.    The terms of the Engagement Letter, including the indemnification provisions, were fully negotiated between the Transaction Committee Debtors and Province at arm's length and were authorized by the Disinterested Directors.    The Transaction Committee Debtors respectfully submit that the indemnification provisions, as modified by the Order, are customary, reasonable, and in the best interests of the Transaction Committee Debtors, their estates, and

creditors.  Accordingly, as part of this Application, the Transaction Committee Debtors request

that the Court approve the indemnification provisions.  Such terms of indemnification reflect the

qualifications and limits on such terms that are customary for financial advisors such as Province

in these chapter 11 cases.

## **Basis for Relief**

21.    The Transaction Committee Debtors, on behalf and at the sole direction of the

respective Disinterested Directors, seek approval for the retention of Province by the Transaction

Committees pursuant to sections 327(a) and 328(a) of the Bankruptcy Code.

22.    Section 327(a) of the Bankruptcy Code provides that the debtor, subject to court

approval:

> "may employ one or more attorneys, accountants, appraisers,
> auctioneers, or other professional persons, that do not hold or
> represent an interest adverse to the estate, and that are disinterested
> persons, to represent or assist the [debtor] in carrying out the
> [debtor]'s duties under this title."

11 U.S.C. § 327(a).

23.    Under section 328(a) of the Bankruptcy Code, with Court's approval, a debtor in

possession may employ professional persons under section 327 of the Bankruptcy Code "on any

reasonable terms and conditions of employment, including on retainer, on an hourly basis, on a

fixed or percentage basis, or on a contingent fee basis."  11 U.S.C. § 328(a).

24.    Bankruptcy Rule 2014(a) requires that an application for retention include:

> "[S]pecific facts showing the necessity for the employment, the
> name of the [firm] to be employed, the reasons for the selection, the
> professional services to be rendered, any proposed arrangement for
> compensation, and, to the best of the applicant's knowledge, all of
> the [firm's] connections with the debtor, creditors, any other party
> in interest, their respective attorneys and accountants, the United
> States trustee, or any person employed in the office of the United
> States trustee."

Fed. R. Bankr. P. 2014(a).

25.     The Transaction Committee Debtors believe that the retention and employment of Province is warranted under the circumstances of these chapter 11 cases.  As demonstrated herein, Province's retention is in the best interest of the Transaction Committee Debtors' estates and all parties in interest.  Further, the Transaction Committee Debtors believes that no party in interest will be prejudiced by the granting of the relief requested herein because Province has provided and will continue to provide valuable financial advisory services on behalf and at the sole direction of the Disinterested Directors.

26.     The Transaction Committee Debtors submit that for all the reasons stated above and in the Moses Declaration, the retention and employment of Province as financial advisor to render independent services on behalf of and at the sole direction of the Disinterested Directors is warranted.

### Province's Disinterestedness

27.     To the best of the Transaction Committee Debtors' knowledge and based upon the Moses Declaration, neither Province nor any of its employees have any connection with any party in interest, their attorneys, or accountants, other than as set forth in the Moses Declaration.

28.     To the best of the Transaction Committee Debtors' knowledge, and except as provided in the Moses Declaration, neither Province, nor any of its employees represent any interest adverse to that of the Transaction Committee Debtors in the matters on which they are to be retained.

29.     While Province has undertaken, and continues to undertake, efforts to identify connections with the Transaction Committee Debtors and other parties in interest, it is possible that connections with some parties in interest have not yet been identified.  Should Province,

through its continuing efforts, learn of any new connections of the nature described above, Province will promptly file supplemental declarations, as required by Bankruptcy Rule 2014(a).

30.     Province represents many debtors, trustees, and committees in other bankruptcy cases, and the debtors, the members of those committees, or those estates may be creditors of the Transaction Committee Debtors.  However, Province will not represent those debtors, committees, or their members with respect to any claims that they may collectively or individually have against the Transaction Committee Debtors.

### Notice

31.     The Debtors will provide notice of this Application to the following parties or their respective counsel:  (a) the U.S. Trustee for the District of New Jersey; (b) the holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the First Lien Ad Hoc Group; (d) counsel to the Cross-Holder Ad Hoc Group; (e) counsel to the Sponsor; (f) counsel to the DIP Agent; (g) counsel to the Prepetition Equipment Financing Lender; (h) the agents under each of the Debtors' prepetition secured credit facilities and counsel thereto; (i) the office of the attorney general for each of the states in which the Debtors operate; (j) the United States Attorney's Office for the District of New Jersey; (k) the Internal Revenue Service; (l) the U.S. Securities and Exchange Commission; (m) counsel to the Committee; and (n) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

32.     No prior request for the relief sought herein has been made by the Debtors to this or any other court.

**WHEREFORE,** the Transaction Committee Debtors request entry of the Order, substantially in the form attached hereto as **<u>Exhibit A</u>**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated:  March 11, 2024                    Respectfully submitted,

                                          */s/ Kent Percy*
                                          Kent Percy
                                          Chief Restructuring Officer
                                          Careismatic Brands, LLC, *et al.*

## Exhibit A

**Proposed Order**

*Co-Counsel to the Debtors and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022

Chad J. Husnick, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| In re: | Chapter 11 |
| CAREISMATIC BRANDS, LLC, *et al.* | Case No. 24-10561 (VFP) |
| Debtors. | (Jointly Administered) |

**ORDER AUTHORIZING THE RETENTION
AND EMPLOYMENT OF PROVINCE, LLC AS FINANCIAL
ADVISOR TO CBI PARENT, L.P. AND CBI INTERMEDIATE, INC.
AT THE SOLE DIRECTION OF THE DISINTERESTED DIRECTORS
OF THE TRANSACTION COMMITTEES, EFFECTIVE AS OF FEBRUARY 28, 2024**

The relief set forth on the following pages, numbered two (2) through eight (8), is

**ORDERED**.

(Page | 2)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al.* |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PROVINCE, LLC AS FINANCIAL ADVISOR TO CBI PARENT, L.P. AND CBI INTERMEDIATE, INC. AT THE SOLE DIRECTION OF THE DISINTERESTED DIRECTORS OF THE TRANSACTION COMMITTEES, EFFECTIVE AS OF FEBRUARY 28, 2024 |

Upon the *Application of Debtors CBI Parent, L.P. and CBI Intermediate, Inc. for Entry of an Order Authorizing the Retention and Employment of Province, LLC as Financial Advisor to CBI Parent, L.P. and CBI Intermediate, Inc. at the Sole Direction of the Disinterested Directors of the Transaction Committees, Effective as of February 28, 2024* (the "Application")[1] of CBI Parent, L.P. ("CBI Parent") and CBI Intermediate, Inc. ("Intermediate" and, together with CBI Parent, the "Transaction Committee Debtors")[2] for entry of an order (this "Order"): (a) authorizing, but not directing, counsel to the Transaction Committee Debtors to retain Province, LLC ("Province") as financial advisor to render independent services on behalf of and at the sole direction of Harvey Tepner, the disinterested director serving on the Transaction Committee of the Board of Directors of CBI Parent, L.P. ("CBI Parent"), with respect to certain conflict matters, and at the sole direction of Roger Meltzer (together with Harvey Tepner, the "Disinterested Directors"), the disinterested director serving on the Transaction Committee of the Board of Directors of CBI Intermediate, Inc. ("Intermediate") (collectively with the Transaction Committee of CBI Parent, the "Transaction Committees"), with respect to certain conflict matters, and in accordance with the terms and conditions set forth in that certain engagement letter dated February 28, 2024 (the "Engagement Letter") which is attached hereto as

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

[2] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.donlinrecano.com/careismatic. The location of Debtor Careismatic Brands, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is: 1119 Colorado Avenue, Santa Monica, California 90401.

(Page | 3)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al.* |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PROVINCE, LLC AS FINANCIAL ADVISOR TO CBI PARENT, L.P. AND CBI INTERMEDIATE, INC. AT THE SOLE DIRECTION OF THE DISINTERESTED DIRECTORS OF THE TRANSACTION COMMITTEES, EFFECTIVE AS OF FEBRUARY 28, 2024 |

**Exhibit 1**; and (b) granting related relief, all as more fully set forth in the Application; and upon the Moses Declaration; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Transaction Committee Debtors' notice of the Application was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore IT IS HEREBY ORDERED THAT:

1.      The Application is **GRANTED** as set forth herein.

2.      Pursuant to sections 327(a), 328(a), and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, Kobre & Kim LLP and McDonald Hopkins LLC, in their capacity as counsel to the CBI Parent and Intermediate, respectively, are authorized to employ and retain Province as financial advisor to render independent services for the Transaction Committees at the sole direction of the Disinterested Directors effective as of

(Page | 4)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al.* |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PROVINCE, LLC AS FINANCIAL ADVISOR TO CBI PARENT, L.P. AND CBI INTERMEDIATE, INC. AT THE SOLE DIRECTION OF THE DISINTERESTED DIRECTORS OF THE TRANSACTION COMMITTEES, EFFECTIVE AS OF FEBRUARY 28, 2024 |

February 28, 2024, pursuant to the terms of the Engagement Letter, the Application, and the Moses

Declaration, as modified by this Order.

       3.      The indemnification provisions in the Engagement Letter are approved, subject to

the following modifications:

          a.      The Indemnified Parties shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services other than the services provided under the Engagement Letter, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;

          b.      Notwithstanding any provision of the Engagement Letter to the contrary, the Transaction Committee Debtors shall have no obligation to indemnify or provide contribution or reimbursement to the Indemnified Parties for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen from the Indemnified Parties' gross negligence, fraud, breach of fiduciary duty (if any), bad faith, self-dealing, or willful misconduct, (ii) for a contractual dispute in which the Transaction Committee Debtors allege the breach of the Indemnified Parties' contractual obligations, unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Company, et al.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled without the consent of the Transaction Committee Debtors prior to a judicial determination as to the Indemnified Parties' gross negligence, fraud, willful misconduct, bad faith or self-dealing but determined by this Court, after notice and a hearing, to be a claim or expense for which the Indemnified Parties should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter, as modified by this Order;

          c.      If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, any Indemnified Party believes that it is entitled to the payment of any amounts by the Transaction Committee Debtors on account of the Transaction Committee Debtors' indemnification, contribution and/ or reimbursement obligations under the Engagement Letter (as modified by this Order),

(Page | 5)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al*. |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PROVINCE, LLC AS FINANCIAL ADVISOR TO CBI PARENT, L.P. AND CBI INTERMEDIATE, INC. AT THE SOLE DIRECTION OF THE DISINTERESTED DIRECTORS OF THE TRANSACTION COMMITTEES, EFFECTIVE AS OF FEBRUARY 28, 2024 |

including without limitation any advancement of defense costs, the Indemnified Party must file an application therefor in this Court, and the Transaction Committee Debtors may not pay any such amounts to the Indemnified Party before the entry of an order by this Court approving any such payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request by an Indemnified Party for indemnification, contribution and/or reimbursement, and is not intended to limit the duration of the Transaction Committee Debtors' obligations to indemnify or make contributions or reimbursements to an Indemnified Party; and

d. Any limitation on liability pursuant to the terms of the Engagement Letter shall be eliminated.

4. Province shall file interim and final fee applications for allowance of its compensation for professional services and reimbursement of its expenses actually incurred as set forth in the Application and in compliance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable procedures and orders of this Court, including an arrangement for interim compensation. Province shall keep its time in one-tenth (1/10) hour increments in accordance with the U.S. Trustee Guidelines.

5. Notwithstanding anything to the contrary in the Application or the Moses Declaration, Province shall not seek reimbursement for any fees or costs, including attorney fees and costs, arising from the defense of Province's fee applications in these chapter 11 cases, unless otherwise permitted under applicable law. In the event Province seeks reimbursement for attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in Province's fee and expense applications, and these invoices and time records shall be in compliance with the Local Rules, and shall be subject to the U.S. Trustee Guidelines and the

(Page | 6)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al.* |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PROVINCE, LLC AS FINANCIAL ADVISOR TO CBI PARENT, L.P. AND CBI INTERMEDIATE, INC. AT THE SOLE DIRECTION OF THE DISINTERESTED DIRECTORS OF THE TRANSACTION COMMITTEES, EFFECTIVE AS OF FEBRUARY 28, 2024 |

approval of the Court pursuant to sections 330 and 331 of the Bankruptcy Code, but without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code. All rights are reserved to permit objection to any request for reimbursement of expenses, including but not limited to, any request for the reimbursement of legal fees of Province's independent legal counsel.

6.     Province shall provide ten (10) days' notice to the Debtors, the Committee, and the U.S. Trustee before any increases in the rates set forth in the Application or any agreement entered into connection with the Debtors' retention of Province are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

7.     Notwithstanding anything in the Application or the Moses Declaration to the contrary, Province shall (i) comply with the requirements of Local Rule 2016-1; (ii) use the billing and expenses categories set forth below; (iii) only bill fifty percent (50%) for non-working travel; and (iv) provide any and all interim fee applications, and final fee applications in "LEDES" or Excel format to the U.S. Trustee.

| Billing Categories | Expense Categories |
|---|---|
| Business Analysis / Operations | Airfare/Train |
| Case Administration | Ground Transportation |
| Claims Analysis and Objections | Lodging |
| Committee Activities | Meals |
| Court Filings | Miscellaneous (research, data site hosting, postage, etc.) |
| Court Hearings | Telephone/Internet |
| Fee / Employment Applications | |
| Financing Activities | |
| Litigation | |

(Page | 7)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al.* |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PROVINCE, LLC AS FINANCIAL ADVISOR TO CBI PARENT, L.P. AND CBI INTERMEDIATE, INC. AT THE SOLE DIRECTION OF THE DISINTERESTED DIRECTORS OF THE TRANSACTION COMMITTEES, EFFECTIVE AS OF FEBRUARY 28, 2024 |

| | |
|---|---|
| Plan and Disclosure Statement | |
| Sale Process | |
| Tax Issues | |
| Travel Time | |

8.      Notwithstanding anything in the Application, Engagement Letter or the Moses Declaration to the contrary, Province shall:  (i) to the extent that Province uses the services of independent contractors or subcontractors (collectively, the "Contractors") in the chapter 11 cases, pass through the cost of such Contractors at the same rate that Province pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors (to the extent they are attorneys, accountants or other agents) are subject to the conflicts checks and disclosures in accordance with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules; (iv) file with the Court such disclosures required by Bankruptcy Rule 2014; and (v) attach any such Contractor invoices to its monthly fee statements, interim fee applications and/or final fee applications filed in these cases.

9.      Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

10.      Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11.      To the extent the Application, the Moses Declaration, or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

(Page | 8)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al*. |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PROVINCE, LLC AS FINANCIAL ADVISOR TO CBI PARENT, L.P. AND CBI INTERMEDIATE, INC. AT THE SOLE DIRECTION OF THE DISINTERESTED DIRECTORS OF THE TRANSACTION COMMITTEES, EFFECTIVE AS OF FEBRUARY 28, 2024 |

12.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

## Exhibit 1

**Engagement Letter**



www.provincefirm.com

February 28, 2024

***PRIVILEGED & CONFIDENTIAL***

***VIA EMAIL ONLY***

McDonald Hopkins LLC                    Kobre & Kim LLP
Attention:  David A. Agay               Attention:  Daniel Saval
300 N. LaSalle Street, Suite 1400       800 Third Avenue
Chicago, Illinois 60654                 New York, New York 10022
dagay@mcdonaldhopkins.com               Daniel.Saval@kobrekim.com

> ### Re:  Province Inc. Engagement Letter

Dear Messrs. Agay and Saval:

This letter confirms and sets forth the terms and conditions of the engagement between and among (i) Province, LLC ("Province" or "we"), (ii) Kobre & Kim LLP ("K&K"), in its capacity as counsel to CBI Parent, L.P. ("CBI Parent"), at the sole direction of Harvey Tepner, the disinterested director serving on the Transaction Committee of CBI Parent, with respect to certain conflict matters, and (iii) McDonald Hopkins LLC ("MH" and, collectively with K&K, "Counsel" or "you"), in its capacity as counsel to CBI Intermediate, Inc. ("CBI Intermediate" and, together with CBI Parent, the "Companies"), at the sole direction of Roger Meltzer (together with Harvey Tepner, the "Disinterested Directors"), the disinterested director serving on the Transaction Committee of CBI Intermediate (collectively with the Transaction Committee of CBI Parent, the "Transaction Committees"), in respect to certain conflict matters, in relation to the jointly administered chapter 11 cases styled as *In re: Careismatic Brands, LLC[1], et al.*, case number 24-10561 (VFP) (the "Case") before the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), for the exclusive benefit of the Transaction Committees.

We understand that we will be working at Counsel's direction, to assist you in advising the Companies, at the sole discretion of the respective Disinterested Directors, on matters for which CBI Parent and CBI Intermediate have no conflict.  It is intended that Province's work on this engagement will be protected by attorney-client and common-interest privileges and the work-product doctrine throughout Counsel's legal representation of the Companies, at the sole direction

---

[1]     The jointly administered debtors in the Case are as follows:  Careismatic Brands, LLC, ALLHearts, LLC, Careismatic, LLC, Careismatic Group Inc., Careismatic Group II, Inc., CBI Intermediate, Inc., CBI Midco, Inc., CBI Parent, L.P., Krazy Kat Sportswear LLC, Marketplace Impact, LLC, Med Couture, LLC, Medelita, LLC, New Trojan Parent, Inc., Pacoima Limited, LLC, Silverts Adaptive, LLC, Strategic Distribution, L.P., Strategic General Partners, LLC, Strategic Partners Acquisition Corp., Strategic Partners Corp., Strategic Partners Midco, LLC, Trojan Buyer, Inc., and Trojan Holdco, Inc. (jointly and severally referred to herein as the "Debtors").

of the respective Disinterested Directors.  Upon execution of this letter by each of the parties below, this letter will constitute an agreement between Counsel, in their capacity as counsel to the Companies, at the sole direction of the respective Disinterested Directors, and Province (the "Agreement") and will be effective as of the date of this Agreement stated above, subject to Bankruptcy Court approval.

Province will perform such financial advisory and forensic advisory services as requested by Counsel, in their respective roles as counsel to the Companies, at the sole direction of the respective Disinterested Directors, and agreed to by Province. In performing these services, Counsel agrees to use best efforts to provide Province with the necessary access to the Companies, the Companies' affiliates, and the Transaction Committees in order to obtain all information that we believe is necessary or appropriate to fulfill our responsibilities during the term of this engagement.

Scope of Services and Client Duties:  Based upon confidential discussions with you, Province will report to and work at the direction of Counsel, as counsel to the Companies, at the sole direction of the respective Disinterested Directors, with respect to certain conflict matters, pursuant to the terms hereto pending Bankruptcy Court approval. Province's responsibilities will be to provide to Counsel, as counsel to the Companies, at the sole direction of the respective Disinterested Directors, the services outlined in this Agreement, and Province shall report to Counsel in its capacity as counsel to the Companies, at the sole direction of the respective Disinterested Directors.  Upon execution of this Agreement, the parties hereto shall agree on a schedule for delivery of reports and other work product by Province, which will align with the timeline for completion of the ongoing investigation by the Transaction Committees.

Fees and Billing Practices:  This Agreement outlines the basis upon which Province will render the services outlined herein and confirms the parties' understanding with respect to the determination and payment of fees and the reimbursement of costs and expenses, subject to Bankruptcy Court approval.  Province will charge the Companies for its services based on the following schedule of standard rates summarized below:

| Professional Level | Per Hour (USD) |
|---|---|
| Managing Directors and Principals | $870-$1,450 |
| Vice Presidents, Directors, and Senior Directors | $690-$950 |
| Analysts, Associates, and Senior Associates | $370-$700 |
| Other / Para-Professional | $270-$410 |

Province shall indicate the billable time in increments of six minutes.

Province may periodically adjust its rates to reflect the advancing experience, capabilities, and seniority of certain of our professionals as well as general economic factors on an annual basis. Accordingly, the rates listed above may be changed during the term of this Agreement. Province intends to provide ten (10) business days' notice to the Companies, the Disinterested Directors, Counsel, and the U.S. Trustee before implementing any increases in Province's rates for its professionals.

It is our understanding that all fees and expenses incurred by Province in this engagement will be paid by the Companies, and in no event shall Counsel be liable for any of Province's fees, expenses or indemnity obligations in connection with this Agreement.

<u>Costs and Other Charges</u>:  In general, Province will incur various costs and expenses in the normal course of this Agreement.  Costs and expenses commonly include, but are not limited to: reasonable lodging, postage, parking, legal fees, allocable research fees, photocopying and other reproduction and binding costs, messenger and other delivery fees, express mail, information retrieval services, temporary clerical assistance and other similar items.  All such costs and expenses will be itemized and included for reimbursement in fee applications to be filed with the Bankruptcy Court.

<u>Conflicts</u>:  To Province's knowledge, neither Province nor any of its employees have any connection with any party in interest, their attorneys or accountants, other than as set forth in this Agreement at *Schedule 1* hereto.  While Province has undertaken and continues to undertake efforts to identify connections with the Debtors and other parties-in-interest, it is possible that connections with some parties-in-interest have not yet been identified.  Should Province, through its continuing efforts, learn of any new connections of the nature described above, Province will promptly inform Counsel and the Transaction Committees and file supplemental declarations, as required by Bankruptcy Rule 2014(a).

You recognize that Province is representing multiple parties with respect to this engagement.  To this end, each of you has consented to (a) permitting Province to provide services to each of you with respect to our proposed services at the same time and (b) the fact that the representation could change in the event that a conflict should arise between you.

As we discussed, each Counsel could choose to be represented by a separate advisor.  Each Counsel has separately advised Province that: (a) there are considerations of cost and strategic advantages for each Counsel in this joint representation; and (b) each Counsel has agreed on all material issues concerning the scope of services requested of Province.

During the course of Province's representation, a conflict might arise that would preclude this joint engagement.  From the information that has been presented to Province thus far, it appears that no issues have arisen precluding joint representation as of the date of execution of this Agreement.  Each of you is aware that the possibility exists that each of you may have divergent interests in the future.  Province is obligated to advise each of you of the possibility that such conflicts may arise.

Each of you agrees that in the event a conflict of interest arises, CBI Parent and CBI Intermediate, at the sole direction of the respective Disinterested Directors, will negotiate the parameters for addressing that conflict in relation to Province's work.  To the extent that Province is working on any such issues or transactions, the parties agree that Province's work done at the instruction of one Counsel shall not be shared with the other Counsel.  If necessary, Province may withdraw from the representation of any of you as necessary to resolve the conflict.  In such event, each of you, as the case may be, agrees in advance that Province may continue to provide services to the other Counsel, at the sole direction of the applicable Disinterested Director.

<u>Discharge, Withdrawal, Termination</u>:  Province has the right to terminate this Agreement with ten (10) days written notice; *provided* that if CBI Parent or CBI Intermediate impairs Province's ability to effectively provide the services outlined in this Agreement or CBI Parent or CBI Intermediate is withholding information, Province may terminate this engagement immediately.  Reasons for Province's termination may also include, but are not limited to, your breach of this Agreement, refusal to cooperate with or to follow advice, or a representation of you that is unlawful or unethical.  Prior to Province terminating this Agreement, Province will provide written notice to you of such termination. Counsel or the Transaction Committees shall have the right to terminate this engagement at any time by written notice to Province.

<u>Disclaimer of Guarantee; Exculpation</u>:  Nothing in this Agreement should be construed as a promise or guarantee about the outcome of any of Province's efforts. Our comments about the outcome or likely results of any effort are expressions of personal opinion only and are not representations or warranties and do not otherwise bind us.

<u>Indemnification</u>:  The Companies agree to indemnify and hold harmless Province and its affiliates and their respective directors, officers, partners, employees, and agents from and against any and all losses, claims, damages and liabilities, joint or several, to which such indemnified person may become subject and relating to, arising out of or in connection with the Case or Province's  engagement hereunder, and will reimburse each indemnified person for all expenses as and when they are incurred in connection with investigating, preparing or defending, or providing evidence in or preparing to serve or serving as a witness with respect to, any pending or threatened claim or any action or proceeding arising therefrom; provided, however, the Companies shall not be liable pursuant to the foregoing indemnification provision (a) should a court of competent jurisdiction determine that such loss, claim, damage or liability is the result of the bad faith, fraud, willful misconduct, or gross negligence of Province, and (b) for special, consequential, incidental or exemplary damages or loss (nor any lost profits, savings or business opportunity).

<u>Bankruptcy Court Approvals</u>: Province acknowledges that in the event that the Bankruptcy Court approves its retention, Province's fees and expenses may be subject to the jurisdiction and approval of the Bankruptcy Court, provided further, that Province shall be required to maintain time records in a detail and format as required by this Agreement, the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of the Court, and guidelines established by the United States Trustee.

<u>Privilege</u>.  We understand that our work (a) will be conducted under Counsel's direction and (b) is covered by the attorney-client, common-interest, and work product privileges.  We will keep confidential all non-public, confidential or proprietary information pertaining to the Companies and their affiliates (the "Confidential Information") whether obtained from Counsel, the Transaction Committees, or the Companies during the term of this engagement. Such Confidential Information will be held in confidence and will not be used for any other purpose except for purposes stated herein.  We agree to abide by the relevant provisions of confidentiality stipulations entered into the Companies with third parties who may provide documents to the Companies relevant to our analysis. This provision shall not prohibit Province from disclosure pursuant to a valid subpoena or court order, or applicable law, but Province and its affiliates shall not incite or assist in securing any such subpoena or court order.  Province shall immediately give notice of any such subpoena or court order it receives by fax or email transmission to Counsel.

The Companies shall pay Province for reasonable costs and expenses associated with any subpoena or court order regarding disclosures of Confidential Information provided that such subpoena or court order is in relation to the Case.

To the extent possible, written reports, memoranda or status summaries that we prepare under this Agreement will be maintained in accordance with our retention procedures and shall be prominently labeled "Privileged and Confidential"; Attorney-Client Communication; Attorney Work Product"; provided, however, that the failure to so label any work product shall not be deemed a waiver of any applicable privilege or of any right of confidentiality. Any reports, drafts, written evaluations and analyses or other findings, summaries or work papers that we prepare or generate and any communication (oral or written) involving Province in connection, in either event, with any services performed hereunder (collectively, the "Reports") shall be (A) addressed to Counsel, (B) construed as confidential attorney work product, (C) prepared, generated or communicated for the purpose of assisting Counsel in giving legal advice, and (D) protected by the attorney-client and common-interest privileges and the attorney work product doctrine. Without limiting any of the foregoing, and except as may be required by law, regulation or valid judicial or administrative process, Province will maintain in confidence the Reports and any other confidential business information provided to Counsel or the Transaction Committees, and we will not use, disclose or disseminate such Reports and any other confidential business information for any other purpose. The provisions of this paragraph shall survive the termination or expiration of this Agreement.

Entire Agreement:  Unless otherwise agreed in writing between Province and Counsel, all other matters referred to us for representation shall be governed by the terms of this letter, any Bankruptcy Court order, and any other attached schedules or amendments.  This Agreement contains all terms of the agreement between us and may not be modified except in writing signed by all parties and approved by the Bankruptcy Court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

     If this letter accurately reflects our agreement, please sign and return it to us.  If you have any questions concerning the provisions of this Agreement, we invite your inquiries. We look forward to working with you.

Very truly yours,

By:    */s/ Daniel Moses*

     Daniel Moses
     Principal
     Province, LLC

Acknowledged and agreed:

**MCDONALD HOPKINS LLC**        **KOBRE & KIM LLP**

By:    */s/ David A. Agay*        By:    */s/ Daniel J. Saval*

Name :   David A. Agay        Name :   Daniel J. Saval

Its :   Member        Its :   Partner

Acknowledged and Agreed to:

**CAREISMATIC BRANDS, LLC** for and on behalf of all Debtors

By:   */s/ Sidharth Lakhani*

Name : Sidharth Lakhani

Its : Chief Executive Officer

## Schedule 1

### Connections Disclosure

| Party | Connection Role |
|---|---|
| AlixPartners LLP | Professional |
| Arbour Lane Capital Management LP | Professional |
| Ares Management Corp. | Equity Holder |
| AT&T Inc. | Committee Member |
| Ballard Spahr LLP | Professional |
| Blank Rome LLP | Professional |
| Blue Shield of California | Committee Member |
| Carlyle Group Inc., The | Equity Holder |
| Charles River Associates Inc. | Committee Member |
| Cole Schotz PC | Professional |
| Davis Polk & Wardwell LLP | Professional |
| Donlin Recano & Co. Inc. | Professional |
| Ernst & Young AG | Professional |
| Fredrikson & Byron PA | Professional |
| Gibbons PC | Professional |
| Guggenheim Capital LLC | Professional |
| Houlihan Lokey Inc. | Professional |
| Jefferies Leveraged Credit Products LLC | Professional |
| Katten Muchin Rosenman LLP | Professional |
| King & Spalding LLP | Professional |
| Kobre & Kim LLP | Professional |
| Krazy Kat Sportswear LLC | Committee Member |
| McDonald Hopkins LLC | Professional |
| Medline Industries Inc. | Committee Member |
| Milbank LLP | Professional |
| Moss-Adams LLP | Professional |
| Paul Hastings LLP | Professional |
| PJT Partners Inc. | Professional |
| Proskauer Rose LLP | Professional |
| Rite Aid Corp. | Professional |
| Ropes & Gray LLP | Professional |
| Securitas Electronic Security Inc. | Committee Member |
| Skadden Arps Slate Meagher & Flom LLP | Professional |
| Skechers USA Inc. | Committee Member |
| UBS AG | Professional |
| Weil Gotshal & Manges LLP | Professional |

## **Exhibit B**

**Moses Declaration**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
jsussberg@kirkland.com

Chad J. Husnick, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
chusnick@kirkland.com

*Co-Counsel to the Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel to the Debtors and*
*Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| CAREISMATIC BRANDS, LLC, *et al.*, Debtors.[1] | Case No. 24-10561 (VFP) |
| | (Jointly Administered) |

## DECLARATION OF DANIEL MOSES IN
## SUPPORT OF APPLICATION OF DEBTORS
## CBI PARENT, L.P. AND CBI INTERMEDIATE, INC. FOR
## ENTRY OF AN ORDER AUTHORIZING THE RETENTION
## AND EMPLOYMENT OF PROVINCE, LLC AS FINANCIAL
## ADVISOR TO CBI PARENT, L.P. AND CBI INTERMEDIATE, INC.
## AT THE SOLE DIRECTION OF THE DISINTERESTED DIRECTORS
## OF THE TRANSACTION COMMITTEES, EFFECTIVE AS OF FEBRUARY 28, 2024

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.donlinrecano.com/careismatic.  The location of Debtor Careismatic Brands, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is: 1119 Colorado Avenue, Santa Monica, California 90401.

I, Daniel Moses, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 and pursuant to Bankruptcy Rules 2014(a) and 2016(b) and Local Rule 2014–1 as follows:

1.      I am a principal with Province, LLC ("<u>Province</u>"), which is a financial advisory firm with its principal office located at 2360 Corporate Circle, Suite 340, Henderson, Nevada 89074.  Province also has offices in the Baltimore, Greenwich, Los Angeles, Miami and New York metro areas.  I am authorized to submit this Declaration in support of the *Application of Debtors CBI Parent, L.P. and CBI Intermediate, Inc. for Entry of an Order Authorizing the Retention and Employment of Province, LLC as Financial Advisor to CBI Parent, L.P. and CBI Intermediate, Inc. at the Sole Direction of the Disinterested Directors of the Transaction Committees, Effective as of February 28, 2024* (the "<u>Application</u>").[2]

2.      This Declaration is submitted pursuant to sections 327(a) of the Bankruptcy Code, rules 2014 and 2016 of the Bankruptcy Rules, and rules 2014-1 and 2016-1 of the Local Rules in support of the Application.

3.      Province's corporate structure, including its parent entities, affiliates, and subsidiaries, is as follows:  Province, LLC is a Delaware limited liability company, and Province's sole subsidiary, which is wholly-owned, is Province Fiduciary Services, LLC, a Nevada limited liability company.  All of the membership interests in Province, LLC are held by Province Holdings, Inc., a Delaware corporation ("<u>Holdco</u>"), and Province Management, LLC, a Delaware limited liability company ("<u>Management Holdco</u>").  Neither Holdco, Management Holdco, nor any Province subsidiary (i) has any employees, (ii) has any connection to the Transaction Committee Debtors or any person listed on the Entity List (defined below), (iii) has any physical

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

or electronic access to Province's physical or electronically stored information; (iv) will be involved in this engagement.  Additionally, all Province conflicts checks and related disclosures include any connections of each of Province's subsidiary, Holdco, and Management Holdco.

4.      Neither I, Province, nor any employee thereof, insofar as I have been able to ascertain, has any connection with the Transaction Committee Debtors, its creditors, or any other parties in interest herein, or their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee, except as set forth herein.

5.      In connection with its proposed retention by the Transaction Committees in this case and in preparing this Declaration, Province used a set of procedures developed to ensure full compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules regarding the retention of professionals (the "Retention Procedures").  Pursuant to the Retention Procedures, and under my direction and supervision, Province researched its client connections database, which includes all engagements that concluded within the past twenty-four (24) months, to determine whether it has relationships with any of the entities that were identified to Province as creditors or parties in interest in these chapter 11 cases (the "Entity List") a copy which is attached hereto as **Schedule 1**.  To the extent such a search indicated that Province has a relationship with any of the entities on the Entity List, the identities of such entities and Province's relationship with such entities is disclosed in the attached **Schedule 2**.  Province sent an email questionnaire to each employee inquiring as to whether each employee or any member(s) of his or her household:

      i.    owns any debt or equity securities of the Transaction Committee Debtors or its non-Debtor affiliates;

      ii.    holds a claim against or interest adverse to the Transaction Committee Debtors or its non-Debtor affiliates;

iii.    is or was an officer, director, or employee of the Transaction Committee Debtors or its non-Debtor affiliates;

iv.    is related to or has any connections to any Bankruptcy Judge in the Court;

v.     is related to or has any connections to anyone working in the Office of U.S. Trustee;

vi.    was an officer, director or employee of the Transaction Committee Debtors within two (2) years prior to the Petition Date; or

vii.    has a connection with a party in interest listed on the Entity List.

6.      Province received the following responses to the inquiry, none of which affect Province's disinterestedness or create an interest adverse to the Debtors:

i.     Province employee Walter Bowser, who is a Director with Province, has an adult son that works as a Director for KPMG, LLP, affiliates of which appear to be listed on Schedule 1; however, Mr. Bowser's son does not work on Debtors' matters, Mr. Bowser is not presently assigned to perform any work on this matter, and Mr. Bowser's son is not a member of Mr. Bowser's household.

7.      Based on the result of that search and employee questionnaire, I have been able to ascertain after diligent inquiry that to the best of my knowledge, Province (i) does not represent any entity having an adverse interest in connection with these chapter 11 cases and (ii) does not represent or hold an interest adverse to the interest of the Transaction Committee Debtors or its estate with respect to the matters on which Province is to be employed.  Moreover, Province and its subsidiaries are disinterested within the meaning of section 101(14) of the Bankruptcy Code, in that neither I, Province, any Province subsidiary, nor any of their principals, employees (including those working on this engagement) or associates:

a.     are creditors, equity security holders or insiders of the Transaction Committee Debtors;

b.     are or were within two (2) years before the Petition Date, a director, officer or employee of the Transaction Committee Debtors;

c.     have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect

relationship to, connection with or interest in the Transaction Committee Debtors or for any other reason; or

d.      hold any debt or equity securities of the Transaction Committee Debtors.

8.      As a part of Province's financial advisory practice, Province's clientele includes: debtors, creditors and other statutory committees, institutional creditors, asset purchasers, venture capitalists, secured parties, lessors, contract parties, equity holders, directors and officers, court-appointed fiduciaries, plan sponsors, indenture trustees, and bond insurers.  The Transaction Committee Debtors have numerous creditors and other parties in interest.

9.      Except as otherwise set forth herein and in **Schedule 2**, insofar as I have been able to ascertain, the principals, associates and staff members of Province do not have any connection with the Transaction Committee Debtors, the Transaction Committee Debtors' officers and directors, the Transaction Committee Debtors' creditors, the Transaction Committee Debtors' equity security holders, and other known parties in interest or their respective professionals.

10.     To the best of my knowledge, information and belief formed after reasonable inquiry, neither I, nor any principal, associate or staff member of Province, insofar as I have been able to ascertain, is related to the bankruptcy judge assigned to the above-captioned chapter 11 cases.

11.     To the best of my knowledge, information and belief formed after reasonable inquiry, neither I, nor any principal, associate or staff member of Province, insofar as I have been able to ascertain, has a connection to the U.S. Trustee or any person employed in the office of the U.S. Trustee.

12.     Despite the substantial efforts described above to identify and disclose potential conflicts and connections with parties in interest in this case, neither I nor Province is able to conclusively identify all potential relationships or state with absolute certainty that every client

5

representation or other connection of Province has been disclosed.  To the extent Province discovers any facts or additional information during the period of Province's retention that requires disclosure, Province will supplement this Declaration to disclose such information.

13.     Province intends to apply for compensation for professional services rendered in connection with these chapter 11 cases subject to approval of this Court as stated in the Application, and in compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Province.

14.     Per the Engagement Letter (as defined in the Application), the Transaction Committee Debtors will initially compensate Province for its services to the Disinterested Directors in exchange for the following standard hourly rates:

| Professional Level | Rate (Range) |
| --- | --- |
| Managing Directors and Principals | $870 – $1,450 |
| Vice Presidents, Directors, and Senior Directors | $690 – $950 |
| Analysts, Associates, and Senior Associates | $370 – $700 |
| Other / Para-Professional | $270 – $410 |

15.     Per the Engagement Letter, the hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.

16.     Province intends to provide notice to the Disinterested Directors and the Transaction Committee Debtors before implementing any increases in Province's rates for professionals working on these chapter 11 cases.

17.     In addition to the fees described above, Province will bill for all out-of-pocket expenses reasonably incurred by Province in connection with the matters contemplated by this Application.

18.     Pursuant to the Engagement Letter, Province was engaged by the Transaction Committees at the request and sole direction of the Disinterested Directors on February 28, 2024. No amounts were due from the Transaction Committee Debtors to Province for prepetition services as of the Petition Date.

19.     Accordingly, as of the Petition Date, the Transaction Committee Debtors do not owe Province any amount for fees or expenses incurred prior to the Petition Date.

20.     Province will apply to the Court for the interim and final allowance and compensation and reimbursement of expenses as a professional person pursuant to, and subject to the standard of review of, section 327 and 330 of the Bankruptcy Code, the Bankruptcy Rules, and applicable Local Rules and orders.

21.     I believe that the fee arrangement and other terms and conditions of the Engagement Letter, including the indemnification provisions, are reasonable terms and conditions of employment in light of (i) industry practice; (ii) market rates charged for comparable services in and out of the chapter 11 context; (iii) Province's substantial experience; and (iv) nature and scope of the work to be performed by Province in these chapter 11 cases.

22.     No promises have been received by Province or by any member or associate thereof as to compensation in connection with this case.  Furthermore, Province has not shared or agreed to share any of its compensation from the Transaction Committee Debtors with any other persons, other than employees of Province.

23.     No promises have been received by Province or by any member or associate thereof as to compensation in connection with this case.  Furthermore, Province has not shared or agreed to share any of its compensation from the Transaction Committee Debtors with any other persons, other than employees of Province.

24.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 11th day of March 2024.

By: */s/ Daniel Moses*

Daniel Moses
Province, LLC
2360 Corporate Circle, Suite 340
Henderson, NV 89074
(702) 984-3279

**<u>Schedule 1</u>**

**List of Potential Parties in Interest**

## SCHEDULE 1

**Careismatic Brands, LLC, *et al.,*
PARTIES IN INTEREST**

### Benefit Providers

Blue Shield of California
Metropolitan Life Insurance Company
FSL/EyeMed Premiums
Liberty Mutual Insurance Co
Blue Shield Of California
Fidelity Investments
Metlife Insurance Company
Fidelity Security Life Insurance Company
EyeMedVision Care, LLC

### Company Entities

CBI Parent, L.P.
CBI Midco, Inc.
CBI Intermediate, Inc.
New Trojan Parent, Inc.
Trojan Holdco, Inc.
Trojan Buyer, Inc.
Strategic Partners Acquisition Corp.
Strategic Partners Corp.
Strategic Partners Midco, LLC
Careismatic Group Inc.
Careismatic Group II Inc.
Krazy Kat Sportswear LLC
Careismatic Brands, LLC
Careismatic Receivables LLC
Med Couture, LLC
Silverts Adaptive, LLC
Medelita, LLC
Silvert's Holdings, Ltd.
AllHearts, LLC
Marketplace Impact, LLC
Careismatic, LLC
Careismatic Brands Europe Limited
Careismatic Brands NL B.V.
Strategic General Partners, LLC
Strategic Distribution, L.P.
Pacoima Limited, LLC
Careismatic Brands Asia Limited
De Soto Technologies Private Limited

Scrubs AC, Inc.
PG-ACP Acquisition Corp.
Careismatic Brands Do Brasil LTDA
CBI Parent GP, LLC
Careismatic Brands, Asia Ltd
De Soto Technologies Pvt. Ltd

## Competitors

Figs
Barco Uniforms
Jaannuu
Koi Scrubs
Landau Scrubs
Superior Group of Companies
Medline Industries
Cintas
Unitex
Cuddl Duds

## Customer

Walmart Inc.
Amazon.com
Scrubs & Beyond, LLC
Uniform Advantage
The Uniform Outlet
Fordham Uniforms
eRetailing Associates LLC
Uniform Factory Outlet
DD's Disc - div of Ross Stores
Scrubin Uniforms Inc.
First Uniform Inc.
Work N Gear
All Uniform Wear
Mission Linen Supply
Dennis Uniform
Medical Scrubs Collection NJ LLC
Scrubs Boutique and More LLC
Apparel Pro
Trademark Uniforms, Inc.
Cardinal Uniforms
Spirit Ventures
Uniform Center
Read's Uniforms & Shoes
Scrubs Etc
Lamberts Uniforms

2

G&M Group, Inc.
American Solutions for Business
Special Care Inc.
C1 Apparel LLC - School
Back To School Clothing Drive Asso
Scrubtastic
Dubs Scrubs
Scrub Depot
Scrub Wearhouse LLC
Allcustomwear / Impact Design LLC
La Bella Uniforms
Rite Aid
Smitty's
Ideal Department Store
Scrubs Unlimited
Michael's LA Fashions
C R Scrubs
Uniformix Marcin Bledowski Spo
Everyday Uniforms
Scrubs PRN
Feury Acquisition Corp
American Discount Uniform
Phoenix Textile
Carolina Outfitter Apparel
M P Nursing Apparel
TMC Scrubs n More
TCS Uniforms
Scrubs N Stuff
Smart Scrubs
T & M Outlet
Scrubs Plus
Castle Uniforms
Virgin Galactic Holdings receivable
YITA LLC receivable
Alko Distributers
Scrub on Wheels
Uniform Destination / Outlet
Piranha Brands, Inc.
ADC
Littmann
Asics
Celeste Stein
Fila USA
K-Swiss
Reebok
Skechers
Vince Camuto

3

**<u>Depository Bank</u>**

JP Morgan Chase & Co.
U.S. Bancorp
Union Bank
East West Bank
Wells Fargo
Bank of America
ScotiaBank Canada
Bank of Montreal Canada
HDFC Bank House, India
China Construction Bank Shanghai, China
Standard Chartered Bank, Hong Kong
Barclays Bank
FIS Global Pay

**<u>Directors & Officers</u>**

Sid Lakhani
Sean Bogue
Paul McAdam
Shravan Doshi
Chintan Shyani
Milo Slattery
Tony Kratowicz
Haylee Newton
Bryan Wright
Michael Hauck
Girisha Chandraraj
Michael Penner
Robert Pierpoint
Eric Lehman
Steve Davis
Christopher Russell
Ryan Ashley
Ken Kushibab
Sid Lakhani
Fredrik Henzler
Thomas Clark
Preston Grasty
Roger Meltzer
Jamie Beuthin
Bansi Lakhani
Babubhai Shyani
Harvey Tepner
Simon Messent

Christiaan Zandstra
Elbert Heysman
Gilmar de Farias
David Lee
Kalinga Mohanty

## Equipment Lessor

Wingspire Equipment Finance LLC
US Bank Equipment Finance
Highlander Equipment Company, Inc.
EAN Services, LLC
Summit Funding Group, Inc.
Instalacion Industrial System Solution

## Insurance

Avalon Risk Management
Federal Insurance Company (Chubb)
Hartford Insurance Company
Scottsdale Insurance Company
Hartford Insurance Company
Coalition
Everest Group, Ltd.
Lloyds
Westchester Surplus (Chubb)
Everest national
Markel American
Beazley Insurance
Euclid (Nationwide)
Travelers
Willis Towers Watson
US Premium Finance
USI Insurance Services LLC
Marsh & McLennan Agency LLC
Lincoln National Life Insurance Company
Wilson M. Beck Insurance Services
Onward Group, Inc.

## Judicial

Michael B. Kaplan
Rosemary Gambardella
Christine M. Gravelle
Andrew B. Altenburg, Jr.
Vicent F. Papalia
John K. Sherwood

Jerrold N. Poslusny, Jr.
Stacey L. Meisel
Alfaro, Adela
Ardelean, Kirsten K.
Arendas, Francyne D.
Artis, Michael
Bielskie, Lauren
D'Auria, Peter J.
Gerardi, David
Green, Tia
Hildebrandt, Martha
Kern, Joseph C.
Kropiewnicki, Daniel C.
McGee, Maggie
Nikolinos, Alexandria
Oppelt, Tina L.
Ortiz-Ng, Angeliza
Schneider, Robert J. Jr.
Shaarawy, Adam
Sponder, Jeffrey
Steele, Fran B.
Stives, James
Ziemer, William J.

**<u>Landlord</u>**

Capital Innovations Inc.
DeSoto Partners LLC
I&G Direct Real Estate 32H, LP
BCIF I20 Logistics Park LLC
JW Properties Group  (Archers Business Park)
Danbury Sales Limited
Hubble Dimension Payable
Dogwood PropCo TX II LP
Mountain Creek Partners, LLC
JW Properties, LLC
Branch Investment Group
Kilroy Realty, L.P.
The Northwestern Mutual Life Insurance Company
I&G Direct Real Estate 32H, LP
Hollywood Palace Company Limited
Mao Lihua
Mrs. Pratima Yogesh Mahadevia
Mrs. Jyoti Hyuma Mahadevia
Lincoln Property Company
Li Caihong
Denali Texas Hutton Industrial, LLC

**Lenders**

KKR & Co. Inc.
Irradiant Partners, LLC
TCW Asset Management Company LLC
TCW Advisors, Inc.
TCW (Trust Company of the West)
Goldman Sachs
Voya
Marathon
Oak Hill Advisors, L.P.
Rothschild & Co.
Fort Washington
Napier Park
OFS Capital
CQS Asset Management Ltd.
BlueBay Asset Management LLP
Bank Rakyat Indonesia
Saratoga
ABRY
Beach Point
Metropolitan West Asset Management
Halcyon Capital Management
Canaras
Atalaya
Blue Owl
Pacific Life Fund Advisors LLC
Ares
Bank of Montreal
Solel Partners
Bank of Nova Scotia
Tall Tree
Sculptor Capital
Macquarie
Eaton Vance / Morgan Stanley
UBS
Carlyle
Onex Credit Partners, L.L.C.
Sixth Street
LCM Asset Management LLC
PineBridge
PIMCO
Whitestar
Bardin Hill Investment Partners LP
Morgan Stanley Senior Funding, Inc.
Bardin Hill Investment Partners LP

New Mountain CLO 1 Ltd.
New Mountain CLO 2 Ltd.
New Mountain CLO 3 Ltd.
New Mountain Finance Holdings, L.L.C.
New Mountain Guardian III BDC, L.L.C.
ABRY Advanced Securities Holdings IV, LLC
Appalachian Funding LLC
Arrowmark Colorado Holdings LLC
Malaga LLC
Alcof III NUBT, L.P.
Audax Management Company (NY), LLC
Golub Capital LLC
ICG Debt Advisors, LLC - Manager Series
MidOcean Credit Fund Management, LP
SoundPoint Capital Management, L.P.
Trive Mockingbird Management LLC
Apex Credit Partners LLC
Apex Credit Partners 2021-2 Ltd.
Apex Credit Partners 2020-2 Ltd.
Apex Credit CLO 2018 Ltd.
Apex Credit CLO 2018-II Ltd.
Apex Credit CLO 2019 Ltd.
Apex Credit CLO 2019 II Ltd.
Apex Credit CLO 2020 Ltd.
Apex Credit CLO 2021 Ltd.
Apex Credit CLO 2022-I Ltd.
Apex Credit CLO 2022-II Warehouse
JFIN CLO 2017 Ltd.
JFIN CLO 2017-II Ltd.
JMP Credit Advisors CLO IV Ltd.
Guggenheim Partners Investment Management, LLC
Security Investors, LLC
Gateway Loan Investments, LP
Nuveen Asset Management, LLC
Symphony Alternative Asset Management LLC
Teachers Advisors, LLC
Sandstone Peak Ltd.
GC Finance Operations Trust
OPAL BSL Holdings I LLC
Sound Point Capital Management, LP
BlueMountain CLO 2013-2 Ltd.
BlueMountain CLO 2015-3 Ltd.
BlueMountain CLO 2016-2 Ltd.
BlueMountain CLO XXIX Ltd.
BlueMountain CLO XXVIII Ltd.
BlueMountain CLO XXXI Ltd.
BlueMountain Fuji US CLO II Ltd.

8

Sound Point CLO II, Ltd.
Sound Point CLO IV-R, Ltd.
Sound Point CLO IX, Ltd.
Sound Point CLO V-R, Ltd.
Sound Point CLO XIV, Ltd.
Sound Point CLO XIX, Ltd.
Sound Point CLO XV, Ltd.
Sound Point CLO XVI, Ltd.
Sound Point CLO XVII, Ltd.
Sound Point CLO XVIII, Ltd.
Sound Point CLO XX, Ltd.
Sound Point CLO XXII, Ltd.
Sound Point CLO XXIII, Ltd.
Sound Point CLO XXIV, Ltd.
Sound Point CLO XXIX, Ltd.
Sound Point CLO XXV, Ltd.
Sound Point CLO XXVI, Ltd.
Sound Point CLO XXVII, Ltd.
Sound Point CLO XXVIII, Ltd.
Sound Point CLO XXX, Ltd.
Sound Point CLO XXXI, Ltd.
Sound Point CLO XXXII, Ltd.
Sound Point CLO XXXIII, Ltd
CIFC Asset Management LLC
CIFC Falcon 2020 Ltd.
CIFC Loan Opportunity Fund, Ltd.
CIFC Funding 2013-I, Ltd.
CIFC Funding 2013-III-R, Ltd.
CIFC Funding 2013-IV, Ltd.
CIFC Funding 2014, Ltd.
CIFC Funding 2014-III, Ltd.
CIFC Funding 2014-V, Ltd.
CIFC Funding 2015-I, Ltd.
CIFC Funding 2016-I, Ltd.
CIFC Funding 2017-II, Ltd.
CIFC Funding 2017-IV, Ltd.
CIFC Funding 2017-V, Ltd.
CIFC Funding 2018-I, Ltd.
CIFC Funding 2018-II, Ltd.
CIFC Funding 2018-III, Ltd.
CIFC Funding 2018-IV, Ltd.
CIFC Funding 2018-V, Ltd.
CIFC Funding 2019-I, Ltd.
CIFC Funding 2019-II, Ltd.
CIFC Funding 2019-III, Ltd.
CIFC Funding 2019-IV, Ltd.
CIFC Funding 2019-V, Ltd.

9

CIFC Funding 2019-VI, Ltd.
CIFC Funding 2020-I, Ltd.
CIFC Funding 2020-II, Ltd.
CIFC Funding 2020-III, Ltd.
CIFC Funding 2021-I, Ltd.
CIFC Funding 2021-II, Ltd.
CIFC Funding 2021-III, Ltd.
CIFC Funding 2021-V. Ltd.
MJX Asset Management LLC
VENTURE XV CLO, Limited
VENTURE XIX CLO, Limited
Venture XXIII CLO, Limited
Venture 33 CLO, Limited
Venture 32 CLO, Limited
Venture 35 CLO, Limited
Venture 36 CLO, Limited
Venture 37 CLO, Limited
Venture 39 CLO, Limited
Venture 42 CLO, Limited
Venture 43 CLO, Limited
Venture 44 CLO, Limited
Venture XXII CLO, Limited
Venture XXVII CLO, Limited
Venture XXIX CLO, Limited
Venture XXVIII CLO, Limited
Venture 28A CLO, Limited
Venture XXX CLO, Limited
Venture 31 CLO, Limited
Venture 34 CLO, Limited
Venture 38 CLO, Limited
Venture 41 CLO, Limited
MCOC IV LLC
Mockingbird Credit Opportunities Company LLC
Jefferies Leveraged Credit Products, LLC
Arbour Lane Capital Management, LP
Whitefort Capital Master Fund, LP.
Bank of Montreal
Macquarie
UBS
CSAM
Barclays
RBC
Goldman Sachs
Oak Hill Advisors, L.P.
UBS
Mackenzie Financial
Oxford Square Management

TSG Consumer Partners
Medalist Partner, LP
Halcyon Capital Management
Morgan Stanley Senior Funding, Inc.
Redwood Capital Investments, LLC

**<u>Litigation Parties</u>**

Type Founders LLC
Workwear Outfitters LLC
Black & Gold Agency
Department of Justice
Linda Slade
Ball-Up, LLC

**<u>Litigation Parties' Counsel</u>**

Scott A. Fredericks
Stephanie Harrison
Derek Carson
Andrew D. Keetch
Cantey Hanger LLP
Insight PLC
Shaked Law Group, P.C.
Kim Riley Law

**<u>Ordinary Course Professionals</u>**

Skadden, Arps, Slate, Meagher & Flom LLP
Ropes & Gray LLP
Moss-Adams LLP
Katten Muchin Rosenman LLP
Robinhill LLC
Chiesa Shahinian & Giantomasi PC
Klein & Wilson
Weil, Gotshal & Manges LLP
Littler Mendelson PC
Armanino, LLP
Vorys Sater Seymour and Pease LLP
Ballard Spahr LLP
Ryu Law Firm
Proskauer Rose LLP
Davis Polk & Wardwell LLP
Caldwell LLP
Wiggin and Dana LLP
Sandler, Travis & Rosenberg, P.A.
Fredrikson & Byron PA

11

Ernst & Young AG
Dr Iggy & Associates LLC
Cammisa Markel PLLC
Copycat Legal PLLC
Glaser Weil Fink Howard Avchen & Shapiro
Blank Rome LLP
Stroz Friedberg, LLC
Charles River Associates, Inc.
Actuate Law LLC
Analysis Group, Inc.
First Digital Solutions Inc.

**Other**

Sanford L. Michelman
Michael L. Singer

**Other Lienholders**

BANK OF AMERICA, N.A.
BARUDA AMERICA, INC.
BB&T COMMERCIAL EQUIPMENT CAPITAL CORP.
CHTD COMPANY
CORPORATION SERVICE COMPANY, AS REPRESENTATIVE
DELL FINANCIAL SERVICES L.L.C.
GENEVA CAPITAL, LLC
GLAS AMERICAS LLC
GLAS USA LLC
GMAC COMMERCIAL FINANCIAL LLC
IPRO MEDIA, INC.; ET AL
NOMURA CORPORATE FUNDING AMERICAS, LLC, AS ADMINISTRATIVE AGENT
U.S. BANK EQUIPMENT FINANCE
U.S. BANK EQUIPMENT FINANCE, A DIVISION OF U.S. BANK NATIONAL
ASSOCIATION
UBS AG, STAMFORD BRANCH, AS COLLATERAL AGENT
WELLS FARGO BANK, NATIONAL ASSOCIATION
WINGSPIRE EQUIPMENT FINANCE LLC, AS SECURED PARTY

**Payroll**

American Diagnostic Corporation

**Restructuring Professionals**

Kirkland & Ellis
Cole Schotz P.C.
PJT Partners, Inc.

AlixPartners
Donlin, Recano & Company, Inc.
McDonald Hopkins LLC
Kobre & Kim LLP
Milbank LLP
Houlihan Lokey Capital, Inc.
Gibbons, P.C.
St. Onge Company
King & Spalding LLP
Paul Hastings LLP
C Street Advisory Group

## Shareholders

Partners Group (USA) Inc.
Partners Group US Investment Services LLC
Partners Group Direct Equity IV (USD) A, L.P.
Partners Group Access 77 PF LP
Partners Group - FPP Op. Co., L.P.
Partners Group Barrier Reef, L.P.
Partners Group Direct Equity 2019 (USD) A, L.P.
Partners Group Hearst Opportunities Fund, L.P.
Partners Group NTCA Plan OpCo, L.P.
Partners Group Private Equity (Master Fund), LLC
Partners Group Private Equity II, LLC
Partners Group Access PF 438 L.P.
Partners Group Private Markets Insurance Fund I
Michael Singer
Singer 2012 Irrevocable Trust
Robert Pierpoint
Paul McAdam
Sallian Song
Deborah Singer 2005 Trust
Ruth E. Singer Living Trust, f/b/o Stephen Singer
Singer Family Trust
Reza Javdani
Vickie Nellor
Chintan Shyani
James Gregorio
Philip Suarez
Michael Alexander
David Lee
Sandra Robbins
James Berger
Michael Penn
Jeffrey Kemhadjian
Renata Ritcheson

Bruce Kirschner
HH Aggregator, LLC
Richelieu Limited
Steve Davis
Eric Lehman
Girisha Chandraraj
Ahren, Inc.
Barry Rothschild
Sid Lakhani
Milo Slattery
Bryan Wright
Tony Kratowicz
Bansi Lakhani
Haylee Newton
Anil Teckwani
Ed MacSmith
Greg Mischner
Mirko Minaya
Matthew Buesing
Nick Keifer
Jae Yim
Talal Sadeh
Andrew Bell
Ehud Shiloah
Jeff Wasserman
Tara Klenovich
Siouxkee Lee
Allison Wiggens
Tony Bango
Beatriz Rubio-Ramirez
Jenna Silberman
Moses Djibinian
Lia Maciel
Heather Miller
Torin Rea
Daniel Yonker
Simon Messent
Josh Norris
Paul Keegan
Kartik Purohit
Santush Barot
Tracy Haefner
Ronnie Atkins
Ashkan Eskandari
Simon Lee
James Tagliani
Kalid Suleiman

Teresa Vit
Caroline Amrikhas
Carlos Mauriz
Lionel Cassini
Jay Yard
Mike Alexander
Kevin Mitchael
Michael Penner
Kenneth Lloyd
Lance Albritton
Joe Schlesinger
Sean Bogue

**<u>Taxing Authority</u>**

Alabama Department of Revenue
ALABAMA, State of
ARIZONA, State of
ARKANSAS, State of
CALIFORNIA, State of
California Franchise Tax Board
Canada Customs And Revenue Agency
COLORADO, State of
Comptroller of Maryland
CONNECTICUT, State of
County of Los Angeles
County of Orange
Dallas County Tax Office
DELAWARE, State of
Department of Finance & Admin (AR Sales)
Department Of Revenue (Washington)
District of Columbia
FLORIDA, State of
Franchise Tax Board
GEORGIA, State of
Government of India
IDAHO, State of
ILLINOIS, State of
INDIANA, State of
Internal Revenue Service
IOWA, State of
KANSAS, State of
US Customs & Border Protection
KENTUCKY, State of
LA County Tax Collector
MARYLAND, State of
MASSACHUSETTS, State of

15

MICHIGAN, State of
MINNESOTA, State of
MISSOURI, State of
NEW JERSEY, State of
NEW MEXICO, State of
NEW YORK CITY, State of
NEW YORK, State of
NORTH CAROLINA, State of
NYC Department of Finance
NYS Corporation Tax
OKLAHOMA, State of
OREGON, State of
PENNSYLVANIA, State of
SOUTH CAROLINA, State of
State of California
State of Hawaii
State of Louisiana
State of Maine - Maine Revenue Services
State of Mississippi
State of Nebraska
State Of Nevada
State of North Carolina
State of North Dakota
State of Rhode Island
State of South Dakota
State of Vermont
State of West Virginia
State of Wyoming
TENNESSEE, State of
Texas Comptroller of Public Accounts
TEXAS, State of
US Customs Service
UTAH, State of
VIRGINIA, State of
WISCONSIN, State of

**Temporary Labor/Staffing Agencies**

Vitality Staffing Solutions, LLC
PDQ Staffing Inc.
Hire Quest LLC
Career Group Inc.
MPM Models Inc.
The Rage Group, Inc.
PDQ Staffing Inc.
Vitality Staffing Solutions, LLC
Xander Staffing LLC

TPS Solutions, Inc.
Model Two Management, LLC
24 Seven Topco, LLC

**Utilities**

Atmos Energy
BCM One
Cogent Communications, Inc.
Engie Resources LLC
GoGeoStat, LLC
SoCalGas
Southern California Edison
Text-Em-All
Engie Resources LLC
Atmos Energy
City of Bentonville
City of Dallas
City of Santa Monica
Engie Resources LLC
LA Dept of Water and Power
PSE&G
PSE&G
SoCalGas
Southern California Edison
TXU Energy
Engie Resources LLC
Charter Communications
GoGeoStat, LLC
PSE&G Power LLC
Verizon Wireless
Engie Resources LLC
Atmos Energy
AT&T
BCM One
Southern California Edison
TXU Energy
AT&T Business Direct
City of Dallas
Cogent Communications, Inc.
SoCalGas
City of Santa Monica
Text-Em-All
Securitas Electronic Security
AT&T Long Distance
Irvine Ranch Water District

17

## Vendors

Skadden, Arps, Slate, Meagher & Flom LLP
Ropes & Gray LLP
Moss-Adams LLP
The Parker Avery Group, LLC
8020 Consulting LLC
CNM LLP
Jesta I S (USA), Inc.
Power Digital Marketing, Inc.
Michelman & Robinson LLP
Katten Muchin Rosenman LLP
Robinhill LLC
Chiesa Shahinian & Giantomasi PC
Logility Inc.
Shrijay Inc.
Klein & Wilson
Weil, Gotshal & Manges LLP
Littler Mendelson PC
Armanino, LLP
Vorys Sater Seymour and Pease LLP
Ballard Spahr LLP
Ryu Law Firm
Proskauer Rose LLP
Davis Polk & Wardwell LLP
Caldwell LLP
Wiggin and Dana LLP
Ducthanh Garment Import Export Co Ltd.
M.E.S. (UK) Limited
Huafang Company Ltd.
Leopard Textiles Holding Ltd.
Needle Craft Egypt
An Hung Joint Stock Co
Duc Thanh 2 Garment Imp & Exp, Ltd.
The Sourcing Place Ltd.
DNC Co, Ltd.
DNC Co Ltd. (Hana Finance)
Mehnaz Styles & Craft Ltd.
Redwood MFG Korea Co Ltd.
PT. SH Garment
3M Company
Plaza Readymade Garments Ind
Chartkar Textiles Limited
Hyosung TNC Corporation
Comtrading Apparel DMCC
Union Lucky International Co Limited
Royal Apparel EPZ Limited

Thanh Truc Garment Imp/Exp Co, Ltd
Google Inc.
Tay Son Garment Joint Stock Company
Michael Lealand Inc.
Shanghai Nex-T Int'l Co, Ltd.
salesforce.com, inc.
Gloria Apparel Inc
Georgia-Pacific Corrugated LLC
Meta Platforms Inc.
Max Worldwide Trading Co, Ltd.
4453166 Canada Inc. (USD)
TG Corp Limited
All-Travel
Asics America Corp
Neelkamal Traders FZCO
Arush Exim Inc.
American Diagnostic Corporation
Cheng Ye Fashion Trading Co., LTD.
Jung Chang Textile Co, Ltd.
Silkytones Inc.
Techmedics Inc.
Haiti Premier Apparel S.A.
Malin Integrated Handling
Yuan Li Chia Enterprise Co., LTD.
HangZhou XinYuan Printing
Remote Technology Services, Inc.
Mastrade Int'l Garments Ltd.
Jinhao Korea Inc.
ZhangJiagang Wuhuan Knitting Tech. Co.
Dr. Lorna Breen Heroes Foundation
Putian Beyond Trading Co, Ltd.
Fortna Inc.
Carlson Store Fixtures
Barco Uniforms Inc.
Terry W. Britt
Fujian Putian Xin Guan Trading Co. Ltd.
Pioneer Topco, LP
CID Resources Inc.
GPA Printing CA LLC
Cotton Plus
Primary Color Systems Corp
Jiaxing Pescallo Clothing Design Co Ltd.
Shorr Packaging Corp
Crown Packaging Corp
Embee International Industries
Amazon Business
Efficio LLC

19

World Trading Company-Egypt
Print City Corporation
Jefftex Mfg Co, Ltd.
Ahren LLC
SanMar Corporation
Superior Apparel Limited
Creative Circle, LLC
Sellers Commerce LLC

## **Schedule 2**

**Potential Connections or Related Parties**

| Party | Connection Role |
|---|---|
| AlixPartners LLP | Professional |
| Arbour Lane Capital Management LP | Professional |
| Ares Management Corp. | Equity Holder |
| AT&T Inc. | Committee Member |
| Ballard Spahr LLP | Professional |
| Blank Rome LLP | Professional |
| Blue Shield of California | Committee Member |
| Carlyle Group Inc., The | Equity Holder |
| Charles River Associates Inc. | Committee Member |
| Cole Schotz PC | Professional |
| Davis Polk & Wardwell LLP | Professional |
| Donlin Recano & Co. Inc. | Professional |
| Ernst & Young AG | Professional |
| Fredrikson & Byron PA | Professional |
| Gibbons PC | Professional |
| Guggenheim Capital LLC | Professional |
| Houlihan Lokey Inc. | Professional |
| Jefferies Leveraged Credit Products LLC | Professional |
| Katten Muchin Rosenman LLP | Professional |
| King & Spalding LLP | Professional |
| Kobre & Kim LLP | Professional |
| KPMG LLP | Professional |
| Krazy Kat Sportswear LLC | Committee Member |
| McDonald Hopkins LLC | Professional |
| Medline Industries Inc. | Committee Member |
| Milbank LLP | Professional |
| Moss-Adams LLP | Professional |
| Paul Hastings LLP | Professional |
| PJT Partners Inc. | Professional |
| Proskauer Rose LLP | Professional |
| Rite Aid Corp. | Professional |
| Ropes & Gray LLP | Professional |
| Securitas Electronic Security Inc. | Committee Member |
| Skadden Arps Slate Meagher & Flom LLP | Professional |
| Skechers USA Inc. | Committee Member |
| UBS AG | Professional |
| Weil Gotshal & Manges LLP | Professional |