# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

## ATTORNEY MONTHLY FEE STATEMENT COVER SHEET
## FOR THE PERIOD FEBRUARY 1, 2024 THROUGH FEBRUARY 29, 2024

In re Careismatic Brands, LLC, *et al.*[1]

Applicant: McDonald Hopkins LLC

Case No. 24-10561 (VFP)

Client:  Debtor and Debtor-in-Possession
CBI Intermediate, Inc., at the sole direction
of the Disinterested Director

Chapter 11

Case Filed: January 22, 2024

COMPLETION AND SIGNING OF THIS FORM CONSTITUTES A CERTIFICATION
UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. § 1746.

## RETENTION ORDER ATTACHED.

_/s/ David A. Agay_              3/21/2024
David A. Agay          Date

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors'
claims and noticing agent at https://www.donlinrecano.com/careismatic. The location of Debtor Careismatic
Brands, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is: 1119
Colorado Avenue, Santa Monica, California 90401.

33368373

## SECTION I
## FEE SUMMARY

Summary of Amounts Requested for the Period
February 1, 2024 through February 29, 2024 (the "**Compensation Period**")

| | |
|---|---|
| Fee Total | $135,548.50 |
| Disbursement Total | $1,703.38 |
| Total Fees Plus Disbursements | $137,251.88 |

Summary of Amounts Requested for Previous Periods

| | |
|---|---|
| Total Previous Fees and Expenses Requested: | $52,701.70 |
| Total Fees and Expenses Allowed to Date: | $0.00 |
| Total Retainer Remaining: | $105,067.00 |
| Total Holdback: | $0.00 |
| Total Received by Applicant: | $0.00 |

33368373

| Name of Professional and Title | Year Admitted | Hours | Rate | Fee |
|---|---|---|---|---|
| David A. Agay<br>Member | 1998 | 42.4 | $905 | $38,372.00 |
| Sean D. Malloy<br>Member | 1993 | 15.8 | $905 | $14,299.00 |
| Micah Marcus<br>Member | 1999 | 22.8 | $780 | $17,784.00 |
| Joshua Gadharf<br>Member | 2008 | 5.5 | $630 | $3,465.00 |
| Ashley Jericho<br>Member | 2008 | 48.1 | $575 | $27,657.50 |
| John (Jack) M. Spencer<br>Associate | 2018 | 23.6 | $475 | $11,210.00 |
| Jory Berg<br>Associate | 2021 | 56.2 | $405 | $22,761.00 |
| **TOTALS** | **n/a** | **214.4** | **n/a** | **$135,548.50** |

33368373

**SECTION II**
**SUMMARY OF SERVICES**

| Services Rendered | Hours | Fee |
|---|---|---|
| Case Administration | 0.0 | $0.00 |
| Business Operations | 0.0 | $0.00 |
| Governance Matters | 0.6 | $543.00 |
| Disinterested Director Meetings | 3.9 | $3,129.50 |
| Retention and Fee Applications | 31.0 | $19,069.00 |
| Intercompany Claims | 0.0 | $0.00 |
| Assumption and Rejection of Leases and Contracts | 0.0 | $0.00 |
| DIP Financing and Cash Management | 9.0 | $7,295.00 |
| Creditor Meetings | 0.4 | $312.00 |
| Claims Estimation | 0.0 | $0.00 |
| Claims Administration and Objections | 0.0 | $0.00 |
| Relief From Stay and Adequate Protection | 0.0 | $0.00 |
| Litigation and Adversary Proceedings | 4.9 | $4,384.50 |
| Plan and Disclosure Statement | 6.5 | $5,690.00 |
| Hearings | 0.1 | $90.50 |
| Tax Issues | 0.0 | $0.00 |
| Employee Benefits and Pensions | 0.0 | $0.00 |
| Travel (Non-Working) | 0.0 | $0.00 |
| Investigation | 158.00 | $95,035.00 |
| **SERVICES TOTALS** | **214.4** | **$135,548.50** |

33368373

**SECTION III**
**SUMMARY OF DISBURSEMENTS**

| Disbursements | Amount |
|---|---|
| Filing Fees | $1,668.00 |
| Delivery Charges | $35.38 |
| **DISBURSEMENTS TOTAL** | **$1,703.38** |

33368373

<div style="border:1px solid black; text-align:center">

**SECTION IV**
**CASE HISTORY**

</div>

(1)    Date cases filed:  January 22, 2024

(2)    Chapter under which cases commenced:  Chapter 11

(3)    Date of retention: February 26, 2024, effective as of January 22, 2024. *See* **Exhibit A**.

If limit on number of hours or other limitations to retention, set forth: n/a

(4)    Summarize in brief the benefits to the estate and attach supplements as needed:[2]

(a)    The Applicant prepared for and participated in meetings of the Transaction Committee of the Board of Directors of CBI Intermediate, Inc.

(b)    The Applicant continued its investigation and assessment of the merits and potential value of certain claims and causes of action potentially held by CBI Intermediate, Inc., which included, without limitation: (i) reviewing and analyzing documentation produced by various parties; (ii) preparing for and conducting witness interviews; (iii) conducting legal research relating to various potential claims and causes of action; and (iv) attending conferences and corresponding with various parties relating to the foregoing.

(c)    The Applicant engaged in interviews of financial advisory firm and retained Province, LLC to conduct financial analysis to assist the Applicant in its investigation.

(d)    The Applicant assisted with the preparation of the retention application for Province, LLC.

(e)    The Applicant rendered all other services set forth on the invoices attached hereto as **Exhibit B**.[3]

(5)    Anticipated distribution to creditors:

(a)    Administration expense: Paid in full.

(b)    Secured creditors: To be paid in accordance with the *Joint Plan of Reorganization of Careismatic Brands, LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 296] (the "**Plan**").

---

[2]    The following summary is intended to highlight the general categories of services the Applicant rendered on behalf of the Debtors and for the benefit of the estates.  It is not intended to itemize each and every professional service which the Applicant performed.

[3]    The invoice attached hereto as **Exhibit B** contains detailed descriptions of the services rendered and expenses incurred by the Applicant during the Compensation Period.

33368373

(c)     Priority creditors: To be paid in accordance with the Plan.

(d)     General unsecured creditors: To be paid in accordance with the Plan.

(6)    Final disposition of case and percentage of dividend paid to creditors:  Unknown at this time.

(7)    This is the second monthly fee statement.

33368373

## Exhibit A

**Retention Order**

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*admitted pro hac vice*)
601 Lexington Avenue
New York, New York 10022

Chad J. Husnick, P.C. (*admitted pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601

**Order Filed on February 26, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| In re:<br><br>CAREISMATIC BRANDS, LLC, *et al.*<br><br>Debtors. | Chapter 11<br><br>Case No. 24-10561 (VFP)<br><br>(Jointly Administered) |

**ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF MCDONALD HOPKINS LLC AS COUNSEL TO CBI INTERMEDIATE, INC., AT THE SOLE DIRECTION OF THE DISINTERESTED DIRECTOR EFFECTIVE AS OF THE PETITION DATE**

The relief set forth on the following pages, numbered two (2) through eight (8), is **ORDERED**.

**DATED: February 26, 2024**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al.* |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF MCDONALD HOPKINS LLC AS COUNSEL TO CBI INTERMEDIATE, INC., AT THE SOLE DIRECTION OF THE DISINTERESTED DIRECTOR EFFECTIVE AS OF THE PETITION DATE |

Upon the application (the "Application")[1] of CBI Intermediate, Inc. ("Intermediate" and with the above-captioned debtors and debtors in possession, collectively, the "Debtors")[2] for entry of an order (the "Order"), (a) authorizing Intermediate to retain and employ McDonald Hopkins LLC ("McDonald Hopkins") as counsel to render independent services to Intermediate, at the sole direction of the Disinterested Director, with respect to certain Conflict Matters, effective as of the Petition Date, and (b) granting related relief, pursuant to sections 327(e), 328 (a), and 1107(b) of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"); and the Court having reviewed the Application, the Agay Declaration, and the Meltzer Declaration; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made in the Application and in the Agay Declaration that McDonald Hopkins does not hold or represent an interest adverse to the Debtors' estates with respect to the matters for which McDonald Hopkins is to be retained by Intermediate, at the sole direction of the Disinterested Director; and the Court having found that sufficient cause exists for the relief set forth herein; and the Court having found that the Debtors provided adequate and

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

[2] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.donlinrecano.com/careismatic. The location of Debtor Careismatic Brands, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is: 1119 Colorado Avenue, Santa Monica, California 90401.

(Page 3)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al.* |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF MCDONALD HOPKINS LLC AS COUNSEL TO CBI INTERMEDIATE, INC., AT THE SOLE DIRECTION OF THE DISINTERESTED DIRECTOR EFFECTIVE AS OF THE PETITION DATE |

appropriate notice of the Application under the circumstances and that no other or further notice is

required; and the Court having reviewed the Application; and the Court having determined that the

legal and factual bases set forth in the Application establish just cause for the relief granted herein; and

any objections to the relief requested herein having been withdrawn or overruled on the merits; and

after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.     The Application is GRANTED to the extent set forth herein.

2.     Intermediate is hereby authorized to retain and employ McDonald Hopkins, as of

the Petition Date, to render independent legal services at the sole direction of the Disinterested

Director, in accordance with the terms and conditions set forth in the Application and in the

Engagement Letter attached hereto as **Exhibit 1**, to the extent set forth herein.

3.     Retention pursuant to section 327(e) of the Bankruptcy Code is appropriate given

the specific scope of the retention and McDonald Hopkins' prepetition representation.

4.     McDonald Hopkins is authorized to provide Intermediate, at the sole direction of

the Disinterested Director, with the professional services as described in the Application and the

Engagement Letter.

5.     McDonald Hopkins shall apply for compensation for professional services rendered

and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in

compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the

Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.

McDonald Hopkins also intends to make a reasonable effort to comply with the U.S. Trustee's

requests for information and additional disclosures as set forth in the *Guidelines for Reviewing*

| Debtors: | CAREISMATIC BRANDS, LLC, *et al.* |
|---|---|
| Case No. | 24-10561 (VFP) |
| Caption of Order: | ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF MCDONALD HOPKINS LLC AS COUNSEL TO CBI INTERMEDIATE, INC., AT THE SOLE DIRECTION OF THE DISINTERESTED DIRECTOR EFFECTIVE AS OF THE PETITION DATE |

*Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Revised UST Guidelines"), both in connection with the Application and the interim and final fee applications to be filed by McDonald Hopkins in these chapter 11 cases.  For billing purposes, McDonald Hopkins shall keep its time in one tenth (1/10) hour increments.  All billing records filed in support of fee applications will use an open and searchable LEDES or other electronic data format.

6.    McDonald Hopkins is authorized without further order of the Court to apply amounts from the prepetition advance payment retainer to compensate and reimburse McDonald Hopkins for fees or expenses incurred on or after the Petition Date consistent with its ordinary course billing practice.  At the conclusion of McDonald Hopkins' engagement by Intermediate, at the sole direction of the Disinterested Director, if the amount of any advance payment retainer held by McDonald Hopkins is in excess of the amount of McDonald Hopkins' outstanding and estimated fees, expenses, and costs, McDonald Hopkins will pay to Intermediate the amount by which any advance payment retainer exceeds such fees, expenses, and costs, in each case in accordance with the Engagement Letter.

7.    As set forth in the Engagement Letter fees and expenses will be considered "earned" at the time they are incurred, notwithstanding the fact that any such amounts shall only be payable as set forth in any order granting that certain *Debtors' Motion for Entry of an Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court* [Docket No. 121] and shall only be allowed upon entry of a Court order allowing them.

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al.* |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF MCDONALD HOPKINS LLC AS COUNSEL TO CBI INTERMEDIATE, INC., AT THE SOLE DIRECTION OF THE DISINTERESTED DIRECTOR EFFECTIVE AS OF THE PETITION DATE |

8.    Notwithstanding anything to the contrary in the Application, the Engagement Letter, the Agay Declaration, or the Meltzer Declaration, the reimbursement provisions allowing the reimbursement of fees and expenses incurred in connection with participating in, preparing for, or responding to any action, claim, suit, or proceeding brought by or against any party that relates to the legal services provided under the Engagement Letter and fees for defending any objection to McDonald Hopkins' fee applications under the Bankruptcy Code are not approved pending further order of the Court.

9.    In order to avoid any duplication of effort and provide services to Intermediate in the most efficient and cost-effective manner, McDonald Hopkins shall coordinate with Kirkland and Ellis LLP, Kirkland and Ellis International LLP, and Cole Schotz P.C., and any additional firms the Debtors retain regarding their respective responsibilities in these chapter 11 cases.

10.    McDonald Hopkins shall provide ten (10) business days' notice to the Disinterested Director, the Debtors, the U.S. Trustee, and the Committees before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

11.    McDonald Hopkins (i) shall only bill 50% for non-working travel; (ii) shall use the billing and expense categories set forth in the US Trustee Guidelines (Exhibit D-1 "Summary of Compensation Requested by Project Category"); and (iii) provide any and all monthly fee

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al.* |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF MCDONALD HOPKINS LLC AS COUNSEL TO CBI INTERMEDIATE, INC., AT THE SOLE DIRECTION OF THE DISINTERESTED DIRECTOR EFFECTIVE AS OF THE PETITION DATE |

statements, interim fee applications, and final fee applications in "LEDES" format to the United States Trustee.

12.    No agreement or understanding exists between McDonald Hopkins and any other person, other than as permitted by Bankruptcy Code section 504, to share compensation received for services rendered in connection with these cases, nor shall McDonald Hopkins share or agree to share compensation received for services rendered in connection with these cases with any other person other than as permitted by Bankruptcy Code section 504.

13.    In the event McDonald Hopkins seeks to use any of its affiliates to perform services, the Debtors shall seek the separate retention of any such affiliates.

14.    McDonald Hopkins shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are hired by McDonald Hopkins to provide services to the Debtors and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.  Any invoices for contract attorneys shall be attached to monthly fee statements, interim fee applications, and/or final fee applications filed in these cases.

15.    McDonald Hopkins will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, McDonald Hopkins will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Fed. R. Bank. P. 2014(a).

(Page 7)
Debtors:                    CAREISMATIC BRANDS, LLC, *et al.*
Case No.                    24-10561 (VFP)
Caption of Order:           ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF MCDONALD
                            HOPKINS LLC AS COUNSEL TO CBI INTERMEDIATE, INC., AT THE SOLE
                            DIRECTION OF THE DISINTERESTED DIRECTOR EFFECTIVE AS OF THE
                            PETITION DATE

16.    To the extent the Debtors, at the direction of the Debtor, wish to expand the scope of McDonald Hopkins services beyond those services set forth in the Engagement Letter or this Order, the Debtors shall be required to seek further approval from this Court. The Debtors shall file a notice of any proposed additional services (the "Proposed Additional Services") and any underlying engagement agreement with the Court and serve such notice on the U.S. Trustee, any official committee appointed in these Chapter 11 Cases, and any party requesting notice under Bankruptcy Rule 2002. If no such party files an objection within twenty-one (21) days of the Debtors filing such notice, the Proposed Additional Services and any underlying engagement agreement may be approved by the Court by further order without further notice or hearing.

17.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

18.    Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

19.    Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

20.    To the extent that any provision in this Order conflicts with any provision in the Application, the Engagement Letter, the Agay Declaration, or the Meltzer Declaration, this Order shall govern.

21.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

(Page 8)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al.* |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF MCDONALD HOPKINS LLC AS COUNSEL TO CBI INTERMEDIATE, INC., AT THE SOLE DIRECTION OF THE DISINTERESTED DIRECTOR EFFECTIVE AS OF THE PETITION DATE |

22.    This Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.

# EXHIBIT 1

**Engagement Letter**



McDonald Hopkins LLC
300 North LaSalle Street
Suite 1400
Chicago, IL 60654

P 1.312.280.0111
F 1.312.280.8232

Direct Dial: 1.312.642.2217
Email: dagay@mcdonaldhopkins.com

December 29, 2023

**VIA EMAIL DELIVERY**
CBI Intermediate, Inc.
1119 Colorado Avenue
Santa Monica, CA 90401
Attn: Roger Meltzer

Dear Roger:

This letter will serve to confirm that CBI Intermediate, Inc. ("CBI") has retained McDonald Hopkins LLC (the "Firm" or "McDonald Hopkins") to render independent legal services (the "Matter") at your sole direction, as an independent and disinterested director (the "Disinterested Director") of CBI's Board of Directors (the "CBI Board"), in relation to a Transaction and any Conflict Matters (each as defined below). We appreciate the confidence you have shown in us and the opportunity to work with you.

At the outset of a new matter, we believe it is important to have a mutual understanding of how we will work together to accomplish our objectives. To do this, we customarily prepare an engagement letter that generally utilizes the following format. The purpose of this engagement letter is to memorialize in writing the identity of our client, the scope and nature of services we have been asked to provide (including any limitations in that regard), and to agree with you on the terms for the provision of our services. This engagement letter will also explain the Firm's fees, expenses charged to clients, billing policies, and payment terms.

I trust you will accept my use of this relatively standard form letter. McDonald Hopkins wishes to be sure that all of our clients receive comparable information regarding new engagements. We are committed to providing top quality legal representation and services customized to meet the needs of each client, and we very much look forward to working with you. If you have any questions about the provisions of this engagement letter, or if you want to discuss possible modifications, please call me immediately. This engagement letter sets forth our entire agreement for rendering professional services for the Matter, as well as for all other existing or future matters, except where we otherwise agree in writing.

**Our Team**

I will be the McDonald Hopkins attorney primarily responsible for this engagement. I can be reached on my direct line at 312-642-2217, or on my cell phone at 312-953-8516. I will be assisted by attorneys and paralegals selected as having the expertise, availability, and hourly rates to

CBI Intermediate, Inc.
December 29, 2023
Page 2

efficiently meet CBI's needs as you define them.  I will introduce key attorneys to you as they begin to provide services.

## Our Fees

We charge for our services on an hourly basis, in increments of one-tenth of an hour.  The lawyers in our practice have rates ranging from $405 to $980.  Paralegals have rates from $225 to $425 per hour.  My hourly rate for this engagement will be $905 per hour.  The hourly rate shall include, but not be limited to, time spent for conferences, telephone calls, drafting documents, negotiations, travel to and from locations away from our office, court time, and legal and policy research.  One of our goals in the management of our workload is to have specific services performed by an attorney or paralegal whose experience level and billing rate matches the complexity of the task.  To the extent that associate attorneys' or paralegals' time is utilized, CBI's overall periodic billing will be lower.  CBI will not be billed for secretarial or clerical time, except when they are required to work overtime specifically on account of CBI's matters.

The hourly rates quoted above are subject to increase on October 1st, to reflect changes in an individual's skill or experience and in our cost of operation.  Prior to October 1st, we will discuss with you any changes in our billing rates.  Changes in hourly rates are effective for time charged after the effective date of the change.

The Firm may make cash advances on CBI's or your behalf for such items, as, for example, telecopies, special postage, photocopies, out-of-town travel expenses (including meals and lodging while out of town), court costs (such as filing fees, service of process, subpoena costs, witness fees, etc.), and computerized legal research.

As discussed, the Firm will require an "advance payment retainer," as defined in Rule 1.15(c) of the Illinois Rules of Professional Conduct, *Dowling v. Chicago Options Assoc., Inc.*, 875 N.E.2d 1012, 1018 (Ill. 2007), and *In re Caesars Entm't Operating Co., Inc.*, No. 15-01145 (ABG) (Bankr. N.D. Ill. May 28, 2015), in the amount of $200,000.00.  CBI understands and acknowledges that any advance payment retainers are earned by the Firm upon receipt, any advance payment retainers become property of the Firm upon receipt, CBI no longer has a property interest in any advance payment retainer upon the Firm's receipt, any advance payment retainers will be placed in the Firm's general account and will not be held in a client trust account, and CBI will not earn interest on any advance payment retainers; *provided*, *however*, that solely to the extent required under applicable law, at the conclusion of the Matter, if the amount of any advance payment retainers held by the Firm is in excess of the amount of the Firm's outstanding and estimated fees, expenses, and costs, the Firm will pay to CBI the amount by which any advance payment retainers exceed such fees, expenses, and costs. CBI further understands and acknowledges that the use of advance payment retainers is an integral condition of the Firm's engagement, and is necessary to ensure that: CBI continues to have access to the Firm's services; the Firm is compensated for its representation of CBI; the Firm is not a prepetition creditor in any CBI bankruptcy filing; and in light of the foregoing, the provision of the advance payment retainer is in CBI's best interests.  The fact that CBI has  provided the Firm with any advance payment retainer does not affect CBI's right to terminate the client-lawyer relationship.

CBI Intermediate, Inc.
December 29, 2023
Page 3

We invite you to discuss freely with us any questions that you may have with regard to a fee or cost charged for any matter. We want our clients to be satisfied with both with the quality of our services and the reasonableness of the fees and costs that we charge for those services.

## Scope of Engagement

It is our understanding that the CBI Board has created a special committee (the "Transaction Committee") with the power and authority to review, analyze, negotiate, and approve strategic and/or financial alternatives in light of CBI's cash flow, liquidity, and general financial condition, including the possibility of seeking financing or undertaking a sale, recapitalization transaction, or any other reorganization or restructuring, including a chapter 11 filing (each and any combination of the foregoing, a "Transaction"), in each case as the Transaction Committee deems appropriate in its reasonable business judgment, and to take such other actions with respect thereto. It is also our understanding that you are the sole member of the Transaction Committee.

It is also our understanding that the CBI Board has delegated to you, as Disinterested Director, certain "Conflict Matters," defined as any matters pertaining to a Transaction or any potential chapter 11 proceeding in which a conflict of interest exists or is reasonably likely to exist between CBI, on the one hand, and any of CBI's equity holders, affiliates, subsidiaries, directors, managers, and officers, or other stakeholders (collectively, the "Related Parties"), on the other hand. Because specific matters that may become Conflict Matters cannot be known at this time and may arise hereafter, the Firm will be actively involved in, among other things: (i) investigating and determining whether any matter constitutes a Conflict Matter; (ii) any release or settlement of potential claims or causes of action of CBI or its subsidiaries, if any, against the Related Parties; (iii) any decision regarding all or part of a potential Transaction to the extent it constitutes a Conflict Matter; and (iv) any other transaction implicating CBI or its subsidiaries in which a Related Party has an interest. It is our further understanding that you, as Disinterested Director, shall control any attorney-client work product, or other privilege belonging to CBI in connection with the Conflict Matters and on whether any matter constitutes a Conflict Matter.

If a conflict of interest arises between or among CBI and its affiliated entities, the relevant CBI affiliate will use separate conflicts counsel for those matters.

## Potential Conflicts of Interest

I have reviewed our client database and determined that we do not represent any party in any matter adverse to CBI. McDonald Hopkins is a general service law firm that you recognize has represented, now represents and will continue to represent numerous clients (including, without limitation, CBI's or CBI's affiliates' debtors, creditors, and direct competitors), nationally and internationally, over a wide range of industries and in a wide variety of matters. You agree that McDonald Hopkins may have represented or currently represents, in unrelated matters, parties that are directly adverse to CBI, provided such matters are not substantially related to the legal services McDonald Hopkins is rendering or will render to CBI in this Matter (an "Allowed Adverse Representation"). By way of example, such Allowed Adverse Representations might take the form of (with regard to McDonald Hopkins' current or former clients): transactional work (including consensual and non-consensual merger, acquisition, and takeover situations, financings, and

CBI Intermediate, Inc.
December 29, 2023
Page 4

commercial agreements); counseling (including advising direct adversaries and competitors); and restructuring (including bankruptcy, insolvency, financial distress, recapitalization, equity and debt workouts, and other transactions or adversarial adjudicative proceedings related to any of the foregoing and similar matters); but shall expressly exclude litigation (including arbitration, mediation and other forms of dispute resolution). To the extent we have represented or currently represent such parties in a situation that is not an Allowed Adverse Representation, and we later determine that such representation represents a conflict of interest, we may ask that CBI waives such conflict.

It is important that you review this letter carefully and consider all of the advantages and disadvantages of waiving certain conflicts of interests that would otherwise bar McDonald Hopkins from representing parties with interests adverse to CBI during the time in which McDonald Hopkins is representing CBI. You also understand that because this waiver includes future issues with regard to McDonald Hopkins' former and current clients that are unknown and unknowable at this time, it is impossible to provide you with any more details about those prospective clients and matters. Thus, in choosing to execute this waiver, you have recognized the inherent uncertainty about the array of potential matters McDonald Hopkins might take on in matters that are adverse to CBI, but have nonetheless decided it is in CBI's interest to waive conflicts of interest regarding the Allowed Adverse Representations.

In connection with any chapter 11 bankruptcy case filed by CBI, McDonald Hopkins will prepare a draft of a schedule describing McDonald Hopkins' relationships with certain interested parties (the "Disclosure Schedule") in connection with McDonald Hopkins' retention in such bankruptcy case. McDonald Hopkins will provide you a draft of the Disclosure Schedule as soon as possible. Although McDonald Hopkins believes that these relationships do not constitute actual conflicts of interest, these relationships must be described and disclosed in McDonald Hopkins' application for retention in the Bankruptcy Cases. If in McDonald Hopkins' determination a conflict of interest arises requiring separate conflicts counsel, you will be required to use separate conflicts counsel for those matters.

We will periodically update our conflicts search and inform you if we learn of any actual or potential conflicts of interest after the date of this letter. You also agree that the Firm's representation is solely of CBI, and that any CBI member, shareholder, officer, director, partner, or employee on an individual basis does not have the status of a client for conflict of interest purposes.

## Electronic Communication

We communicate from time to time with our clients using facsimile machines, mobile telephones, and e-mail. These forms of communication are not completely secure against unauthorized access. There is some risk of disclosure and loss of attorney-client privilege in using these forms of communication, because they do not ensure the confidentiality of their contents. If you object to our using any one or more of these forms of communication, or if you wish to institute a system to encode all e-mail between the Firm and you or your professionals or agents, please let me know immediately, and we will attempt to honor that request.

CBI Intermediate, Inc.
December 29, 2023
Page 5

## Travel

All air travel within the continental United States will be at coach fare unless prior approval is obtained from you.  Automotive travel will be subject to reimbursement at the IRS guideline amount or the direct out-of-pocket cost.

## Payment

All statements for services rendered are payable upon receipt, unless other arrangements have been made with the Firm in advance, including the retainer structure for this matter.  McDonald Hopkins reserves the right to withdraw as counsel for any client that fails to pay bills in a timely manner.

## Client Responsibilities

By agreeing to and accepting our representation as described in this letter, you agree to cooperate fully with us and to provide promptly all information known or available to you and CBI relevant to our representation.  You will be available to attend meetings, conferences, hearings, and other proceedings on reasonable notice, and you agree to stay fully informed on all developments relating to all matters as to which we have been engaged.  You also agree that CBI will pay our statements for services rendered and charges in accordance with the terms of this letter.

## Term of Engagement

Either of us may terminate the engagement at any time for any reason by written notice, subject on our part to applicable Rules of Professional Conduct.  In the event that we terminate the engagement, we will take such steps as are reasonably practicable to protect CBI's interests in the above matter and, if you so request, we will suggest to you possible successor counsel and provide it with whatever papers you have provided to us.  If permission for withdrawal is required by a court, we will promptly apply for such permission, and we will assist CBI as you may desire to engage successor counsel to represent CBI as it relates to the Transaction and Conflict Matters.

Unless previously terminated, our representation of CBI as to this matter will terminate upon our sending you our final statement for services rendered.  During our representation and following such termination, any otherwise nonpublic information CBI has supplied to us that is retained by us will be kept confidential in accordance with applicable Rules of Professional Conduct.  At your request, CBI's papers and property will be returned to CBI.  Our own files, including lawyer work product, pertaining to the matter will be retained by the Firm.  All such documents retained by the Firm will be transferred to the person responsible for administering our records retention program. In order to minimize unnecessary storage expenses, we reserve the right to destroy or otherwise dispose of any such documents or other materials retained within a reasonable time after the termination of the engagement or the completion of the particular matter.

Upon cessation of the Firm's active involvement in a particular matter (even if the Firm continues to be active in other matters on behalf of CBI), the Firm will have no further duty to inform you or CBI of future developments or changes in law as may be relevant to such matter. Further, unless

CBI Intermediate, Inc.
December 29, 2023
Page 6

we mutually agree in writing, the Firm shall have no obligation to monitor renewal or notice dates or similar deadlines that may arise for the matters for which the Firm had been retained.

It is impossible to provide any promise or guarantee about the outcome of these matters. Nothing in this engagement letter or any statement by our staff or attorneys employed by the Firm constitutes a promise of guarantee.

This engagement letter sets forth our entire agreement for rendering professional services. It can be amended or modified only in writing and not orally or by course of conduct. This engagement letter may be signed in one or more counterparts and binds each party countersigning below. If any provision of this engagement letter or the application thereof is held invalid or unenforceable, the invalidity or unenforceability shall not affect the other provisions or applications of this engagement letter which can be given effect without such provisions or application, and to this end the provisions of this engagement letter are declared to be severable.

## **Questions**

Please discuss with me any questions you have about any of our services or any statements rendered to CBI. The purpose of this engagement letter is to avoid any misunderstanding with respect to the terms of our engagement and the rendering of legal services by the Firm. If you are in agreement with the above terms of our representation, please sign the enclosed copy of this letter and return it to me.

Very truly yours,

David A. Agay

The terms of this engagement letter agreement are hereby accepted and agreed to effective as of December 29, 2023.

Accepted: CBI Intermediate, Inc.

By: _____
   Roger Meltzer

Title:  Disinterested Director _____

Date: __12.29.23_____

Chicago   |   Cleveland   |   Columbus   |   Detroit   |   West Palm Beach

mcdonaldhopkins.com

33030609.1

## Exhibit B

**Invoice**

33368373



McDonald Hopkins LLC
600 Superior Avenue, E
Suite 2100
Cleveland, Ohio 44114
P: 216.348.5400
Fed. ID 34-1059058

Invoice Due Upon Receipt

CBI INTERMEDIATE, INC.
ROGER MELTZER
1119 COLORADO AVENUE
SANTA MONICA, CA 90401
SANTA MONICA, CA 90401

| | |
|---|---|
| Invoice Date: | March 19, 2024 |
| Invoice Number: | 1505208 |
| Client Number: | 57514 |

Client:        CBI INTERMEDIATE, INC.

For professional services rendered through February 29, 2024

Currency: USD

| | |
|---|---|
| Fees | 135,548.50 |
| Costs | 1,703.38 |
| **Total Amount Due** | **$137,251.88** |

PAYMENT BY WIRE TRANSFER OR ACH
CONTACT ACCOUNTS RECEIVABLE
AT (216) 348-5445
OR MHACCOUNTING@MCDONALDHOPKINS.COM

PAYMENT BY CREDIT CARD
PAYMENT PORTAL
WWW.MCDONALDHOPKINS.COM

PAYMENT BY CHECK
MCDONALD HOPKINS LLC
ATTN: ACCOUNTS RECEIVABLE
600 SUPERIOR AVE, E.
SUITE 2100
CLEVELAND, OHIO 44114

Client Name: CBI INTERMEDIATE, INC.                    Invoice Date:          March 19, 2024
Client Number: 57514                                   Invoice Number:            1505208

---

### Group Bill Summary

| Matter | Description | Fees | Costs | Charges | Taxes | Total |
|--------|-------------|------|-------|---------|-------|-------|
| 57514-00002 | CASE ADMINISTRATION | 0.00 | 1,703.38 | 0.00 | 0.00 | 1,703.38 |
| 57514-00004 | GOVERNANCE MATTERS | 543.00 | 0.00 | 0.00 | 0.00 | 543.00 |
| 57514-00005 | DISINTERESTED DIRECTOR MEETINGS | 3,129.50 | 0.00 | 0.00 | 0.00 | 3,129.50 |
| 57514-00006 | RETENTION AND FEE APPLICATIONS | 19,069.00 | 0.00 | 0.00 | 0.00 | 19,069.00 |
| 57514-00009 | DIP FINANCING AND CASH MANAGEMENT | 7,295.00 | 0.00 | 0.00 | 0.00 | 7,295.00 |
| 57514-00010 | CREDITOR MEETINGS | 312.00 | 0.00 | 0.00 | 0.00 | 312.00 |
| 57514-00014 | LITIGATION AND ADVERSARY PROCEEDINGS | 4,384.50 | 0.00 | 0.00 | 0.00 | 4,384.50 |
| 57514-00015 | PLAN AND DISCLOSURE STATEMENT | 5,690.00 | 0.00 | 0.00 | 0.00 | 5,690.00 |
| 57514-00016 | HEARINGS | 90.50 | 0.00 | 0.00 | 0.00 | 90.50 |
| 57514-00020 | INVESTIGATION | 95,035.00 | 0.00 | 0.00 | 0.00 | 95,035.00 |
| | | 135,548.50 | 1,703.38 | 0.00 | 0.00 | $137,251.88 |

**Total Amount Due**     $137,251.88

Matter Name: CASE ADMINISTRATION

Invoice Date:     March 19, 2024

Matter Number: 57514-00002

Invoice Number:     1505208

---

**Cost Detail**

| Date | Description | Amount |
|------|-------------|-------:|
| 02/08/24 | NJ LAWYERS' FUND FOR CLIENT PROTECTION - FILING FEES (C0) | 267.00 |
| 02/08/24 | NJ LAWYERS' FUND FOR CLIENT PROTECTION - FILING FEES (C0) | 267.00 |
| 02/08/24 | NJ LAWYERS' FUND FOR CLIENT PROTECTION - FILING FEES (C0) | 267.00 |
| 02/08/24 | CLERK U S DISTRICT COURT - FILING FEES (C0) | 150.00 |
| 02/08/24 | CLERK U S DISTRICT COURT - FILING FEES (C0) | 150.00 |
| 02/08/24 | CLERK U S DISTRICT COURT - FILING FEES (C0) | 150.00 |
| 02/09/24 | NJ LAWYERS' FUND FOR CLIENT PROTECTION - FILING FEES (C0) | 267.00 |
| 02/09/24 | CLERK U S DISTRICT COURT - FILING FEES (C0) | 150.00 |
| 02/09/24 | FEDERAL EXPRESS - DELIVERY CHARGES FEDERAL EXPRESS (C0) | 17.69 |
| 02/09/24 | FEDERAL EXPRESS - DELIVERY CHARGES FEDERAL EXPRESS (C0) | 17.69 |
| **Total** | | **$1,703.38** |

Matter Name: GOVERNANCE MATTERS
Invoice Date:    March 19, 2024

Matter Number: 57514-00004
Invoice Number:    1505208

---

**Time Detail**

| Date | Name | Description | Hours |
|------|------|-------------|-------|
| 02/21/24 | DAVID AGAY | TELEPHONE CONFERENCE WITH R. MELTZER REGARDING RETENTION OF FINANCIAL ADVISOR (.2); TELEPHONE CONFERENCE WITH H. TEPNER, R. MELTZER, AND KOBRE KIM LAWYERS REGARDING SAME (.4). | 0.60 |
| **Total** | | | **0.60** |

**Timekeeper Summary**

| Name | Timekeeper Title | Hours | Rate | Amount |
|------|------------------|-------|------|--------|
| DAVID AGAY | Member | 0.60 | 905.00 | 543.00 |
| **Total** | | **0.60** | | **$543.00** |

| Matter Name: DISINTERESTED DIRECTOR MEETINGS | Invoice Date: | March 19, 2024 |
|---|---|---|
| Matter Number: 57514-00005 | Invoice Number: | 1505208 |

**Time Detail**

| Date | Name | Description | Hours |
|---|---|---|---|
| 02/09/24 | DAVID AGAY | ATTEND TRANSACTION COMMITTEE MEETING. | 0.80 |
| 02/09/24 | MICAH E. MARCUS | ATTEND TRANSACTION COMMITTEE MEETING. | 0.80 |
| 02/16/24 | MICAH E. MARCUS | REVIEW BOARD MATERIALS (.3); ATTEND TRANSACTION COMMITTEE MEETING (.5). | 0.80 |
| 02/16/24 | DAVID AGAY | ATTEND TRANSACTION COMMITTEE MEETING. | 0.50 |
| 02/23/24 | MICAH E. MARCUS | ATTEND TRANSACTION COMMITTEE MEETING. | 0.50 |
| 02/23/24 | JOSH GADHARF | PREPARE FOR AND ATTEND TRANSACTION COMMITTEE MEETING. | 0.50 |
| **Total** | | | **3.90** |

**Timekeeper Summary**

| Name | Timekeeper Title | Hours | Rate | Amount |
|---|---|---|---|---|
| DAVID AGAY | Member | 1.30 | 905.00 | 1,176.50 |
| JOSH GADHARF | Member | 0.50 | 630.00 | 315.00 |
| MICAH E. MARCUS | Member | 2.10 | 780.00 | 1,638.00 |
| **Total** | | **3.90** | | **$3,129.50** |

| Matter Name: RETENTION AND FEE APPLICATIONS | Invoice Date: | March 19, 2024 |
|---|---|---|
| Matter Number: 57514-00006 | Invoice Number: | 1505208 |

**Time Detail**

| Date | Name | Description | Hours |
|---|---|---|---|
| 02/01/24 | JORY BERG | ANALYZE CONFLICTS REPORTS (1.2); CORRESPOND WITH A. JERICHO REGARDING SAME (.1). | 1.30 |
| 02/01/24 | JOSH GADHARF | REVIEW AND ANALYZE CONFLICTS MATTERS RELATING TO DECLARATION IN SUPPORT OF RETENTION APPLICATION. | 0.80 |
| 02/02/24 | ASHLEY JERICHO | REVIEW AND ANALYZE ISSUES RELATING TO DISCLOSURES FOR SCHEDULES TO AGAY DECLARATION (1.2); REVIEW COMMENTS TO DRAFT RETENTION APPLICATION AND DECLARATIONS (.2); REVISE RETENTION APPLICATION AND DECLARATIONS TO INCORPORATE SAME AND ADDITIONAL DISCLOSURES (1.8). | 3.20 |
| 02/02/24 | DAVID AGAY | REVIEW AND COMMENT ON REVISED MCDONALD HOPKINS RETENTION APPLICATION. | 0.80 |
| 02/05/24 | ASHLEY JERICHO | CORRESPOND WITH MCDONALD HOPKINS TEAM REGARDING DISCLOSURES FOR RETENTION APPLICATION. | 0.10 |
| 02/06/24 | ASHLEY JERICHO | REVIEW UPDATED PARTIES IN INTEREST LIST AND COORDINATE ADDITIONAL CONFLICT CHECKS (.2); REVISE RETENTION APPLICATION AND AGAY DECLARATION (.4); CORRESPOND WITH A. SURINAK (KIRKLAND) REGARDING ISSUES RELATING TO RETENTION APPLICATION (.1); CORRESPOND WITH A. SURINAK (KIRKLAND) REGARDING ADDITIONAL INFORMATION RELATING TO PARTY IN INTEREST (.1). | 0.80 |
| 02/06/24 | ASHLEY JERICHO | REVIEW AND REVISE RETENTION APPLICATION TO INCORPORATE ADDITIONAL PARTIES IN INTEREST AND DISCLOSURES. | 0.40 |
| 02/07/24 | ASHLEY JERICHO | TELEPHONE CONFERENCE WITH D. AGAY REGARDING REVISIONS TO BUDGET AND STAFFING PLAN (.1); REVISE BUDGET AND STAFFING PLAN FOR RETENTION APPLICATION (.2). | 0.30 |
| 02/07/24 | ASHLEY JERICHO | REVIEW AND ANALYZE CONFLICTS REPORTS REGARDING NECESSARY DISCLOSURES FOR RETENTION APPLICATION (.5); EXCHANGE CORRESPONDENCE WITH MCDONALD HOPKINS CONTACTS REGARDING ADDITIONAL DISCLOSURES (.1). | 0.60 |
| 02/07/24 | ASHLEY JERICHO | REVIEW AND ANALYZE REQUIREMENTS FOR PRO HAC VICE PAYMENTS AND COORDINATE SAME (.2); CORRESPOND WITH A. MILLIARESSIS (COLE SCHOTZ) REGARDING SPONSORING ATTORNEY FOR NEW JERSEY LAWYERS' FUND FOR CLIENT PROTECTION (.1). | 0.30 |
| 02/08/24 | SEAN D MALLOY | REVIEW PRO HAC ADMITTANCE MATTERS AND EMAIL A. JERICHO REGARDING SAME. | 0.10 |
| 02/09/24 | ASHLEY JERICHO | REVIEW AND ANALYZE COMMENTS FROM COLE SCHOTZ TEAM ON RETENTION APPLICATION AND PROPOSED | 0.20 |

Matter Name: RETENTION AND FEE APPLICATIONS
Matter Number: 57514-00006

Invoice Date:        March 19, 2024
Invoice Number:        1505208

| Date | Name | Description | Hours |
|------|------|-------------|-------|
| | | ORDER. | |
| 02/09/24 | ASHLEY JERICHO | PREPARE NEW JERSEY CLIENT FUND FORMS FOR ALL APPEARING ATTORNEYS AND COORDINATE SUBMISSION AND REQUIRED PAYMENTS FOR SAME. | 0.60 |
| 02/13/24 | JOSH GADHARF | REVIEW AND REVISE RETENTION APPLICATION AND RELATED DECLARATIONS AND EXHIBITS. | 1.80 |
| 02/13/24 | DAVID AGAY | REVIEW AND REVISE MCDONALD HOPKINS RETENTION APPLICATION. | 1.10 |
| 02/13/24 | ASHLEY JERICHO | REVISE RETENTION APPLICATION (.4); CORRESPOND WITH A. SURINAK (KIRKLAND) REGARDING OUTSTANDING ISSUES RELATING TO SAME AND FILING TIMELINE (.1); CORRESPOND WITH D. AGAY REGARDING REVISIONS TO DRAFT RETENTION APPLICATION AND DECLARATIONS (.1); CORRESPOND WITH A. SURINAK (KIRKLAND) REGARDING ADDITIONAL ISSUE RELATING TO SAME (.1); FURTHER REVISE RETENTION APPLICATION PER D. AGAY'S COMMENTS (.7). | 1.40 |
| 02/13/24 | ASHLEY JERICHO | CONFERENCE WITH J. GADHARF REGARDING COMMENTS TO RETENTION APPLICATION (.3); REVIEW AND REVISE RETENTION APPLICATION TO INCORPORATE D. AGAY AND J. GADHARF'S COMMENTS (.8); CONFERENCE WITH A. SURINAK (KIRKLAND) REGARDING ISSUES RELATING TO RETENTION APPLICATION (.2). | 1.30 |
| 02/14/24 | ASHLEY JERICHO | REVIEW AND REVISE RETENTION APPLICATION TO INCORPORATE ADDITIONAL COMMENTS FROM J. GADHARF (1.2); CORRESPOND WITH D. AGAY REGARDING SAME (.1). | 1.30 |
| 02/15/24 | ASHLEY JERICHO | CORRESPOND WITH A. SURINAK (KIRKLAND) REGARDING FILING OF RETENTION APPLICATIONS (.1); CORRESPOND WITH D. AGAY REGARDING SAME (.1); REVIEW AND REVISE RETENTION APPLICATION AND DECLARATIONS (.4). | 0.60 |
| 02/16/24 | DAVID AGAY | REVIEW AND REVISE MCDONALD HOPKINS RETENTION APPLICATION (.7); CORRESPOND WITH A. JERICHO REGARDING SAME (.2). | 0.90 |
| 02/16/24 | ASHLEY JERICHO | CORRESPOND WITH D. AGAY REGARDING ADDITIONAL COMMENTS TO RETENTION APPLICATION AND DECLARATIONS IN SUPPORT (.2); REVIEW AND REVISE RETENTION APPLICATION AND DECLARATIONS ACCORDINGLY (.6). | 0.80 |
| 02/16/24 | ASHLEY JERICHO | COMPILE RETENTION APPLICATION, DECLARATIONS, EXHIBITS, AND SCHEDULES AND PREPARE SAME FOR FILING (.3); COORDINATE FILING OF SAME (.1). | 0.40 |
| 02/21/24 | DAVID AGAY | REVIEW UNITED STATES TRUSTEE COMMENTS ON MCDONALD HOPKINS RETENTION ORDER (.3); CORRESPOND WITH KIRKLAND REGARDING SAME (.1). | 0.40 |
| 02/21/24 | ASHLEY JERICHO | REVIEW CORRESPONDENCE FROM A. SURINAK | 0.40 |

Matter Name: RETENTION AND FEE
APPLICATIONS
Matter Number: 57514-00006

Invoice Date:        March 19, 2024
Invoice Number:              1505208

| Date | Name | Description | Hours |
|------|------|-------------|-------|
| | | (KIRKLAND) REGARDING UNITED STATES TRUSTEE COMMENTS TO MCDONALD HOPKINS RETENTION APPLICATION (.1); CORRESPOND WITH D. AGAY REGARDING SAME (.1); CORRESPOND WITH MCDONALD HOPKINS' ACCOUNTING TEAM REGARDING UNITED STATES TRUSTEE REQUEST FOR ADDITIONAL INFORMATION (.2). | |
| 02/22/24 | JOHN M. SPENCER | DRAFT SUPPLEMENTAL DECLARATION TO MCDONALD HOPKINS RETENTION APPLICATION. | 1.30 |
| 02/22/24 | ASHLEY JERICHO | TELEPHONE CONFERENCE WITH J. SPENCER REGARDING SUPPLEMENTAL DECLARATION TO MCDONALD HOPKINS RETENTION APPLICATION (.1); REVIEW AND REVISE DRAFT SUPPLEMENTAL DECLARATION (.5); REVISE PROVINCE ENGAGEMENT LETTER REGARDING JOINT REPRESENTATION (1.1); CORRESPOND WITH D. AGAY REGARDING THE SAME (.1). | 1.80 |
| 02/23/24 | DAVID AGAY | REVIEW AND REVISE PROVINCE ENGAGEMENT LETTER (.3); REVIEW CORRESPONDENCE FROM KOBRE & KIM REGARDING SAME (.2); CORRESPOND WITH A. JERICHO REGARDING SAME (.3). | 0.80 |
| 02/23/24 | ASHLEY JERICHO | REVIEW CORRESPONDENCE FROM D. AGAY REGARDING PROVINCE ENGAGEMENT LETTER (.1); REVIEW AND REVISE SAME (.1); CORRESPOND WITH D. AGAY REGARDING SAME (.1); CORRESPOND WITH M. MARCUS REGARDING COMMENTS TO SAME (.1); INCORPORATE M. MARCUS'S COMMENTS TO SAME (.3); CORRESPOND WITH MCDONALD HOPKINS TEAM REGARDING SAME (.1). | 0.80 |
| 02/23/24 | ASHLEY JERICHO | REVIEW AND REVISE PRO FORMA INVOICES RELATING TO PRIVILEGE AND COMPLIANCE WITH UNITED STATES TRUSTEE GUIDELINES FOR MONTHLY FEE STATEMENT. | 2.10 |
| 02/23/24 | ASHLEY JERICHO | CORRESPOND WITH KOBRE & KIM TEAM REGARDING PROVINCE ENGAGEMENT LETTER (.1); REVISE ENGAGEMENT LETTER PER COMMENTS FROM KOBRE & KIM (.6); CORRESPOND WITH MCDONALD HOPKINS TEAMS REGARDING SAME (.1). | 0.80 |
| 02/23/24 | ASHLEY JERICHO | CORRESPOND WITH D. AGAY REGARDING SUPPLEMENTAL DECLARATION TO MCDONALD HOPKINS RETENTION APPLICATION (.1); REVIEW AND REVISE SAME (.2); CORRESPOND WITH A. SURINAK (KIRKLAND) REGARDING SUBMISSION OF SAME TO UNITED STATES TRUSTEE FOR COMMENT AND FILING OF SAME (.1). | 0.40 |
| 02/24/24 | ASHLEY JERICHO | CORRESPOND WITH A. SURINAK (KIRKLAND) REGARDING PROVINCE RETENTION ISSUES. | 0.10 |
| 02/24/24 | ASHLEY JERICHO | CORRESPOND WITH R. MELTZER REGARDING PROVINCE RETENTION ISSUES. | 0.10 |
| 02/26/24 | ASHLEY JERICHO | CORRESPOND WITH PROVINCE TEAM REGARDING PRECEDENT FOR RETENTION APPLICATION. | 0.10 |

| | | | |
|---|---|---|---|
| Matter Name: RETENTION AND FEE APPLICATIONS | | Invoice Date: | March 19, 2024 |
| Matter Number: 57514-00006 | | Invoice Number: | 1505208 |

| Date | Name | Description | Hours |
|---|---|---|---|
| 02/26/24 | ASHLEY JERICHO | REVIEW CORRESPONDENCE FROM R. MELTZER AND D. AGAY REGARDING PROVINCE ENGAGEMENT (.1); REVIEW DRAFT ENGAGEMENT LETTER REGARDING SAME (.1); CORRESPOND WITH D. AGAY REGARDING SAME (.1) | 0.30 |
| 02/26/24 | ASHLEY JERICHO | CORRESPOND WITH D. DACHELET (PROVINCE) REGARDING PRECEDENT FOR PROVINCE RETENTION APPLICATION (.1); CORRESPOND WITH A. SURINAK (KIRKLAND) REGARDING ISSUES RELATING TO SAME (.1). | 0.20 |
| 02/26/24 | ASHLEY JERICHO | REVIEW CORRESPONDENCE FROM D. AGAY REGARDING COMMENTS TO PROVINCE ENGAGEMENT LETTER (.1); REVISE SAME (.2); CORRESPOND WITH KOBRE & KIM TEAM REGARDING SAME (.1). | 0.40 |
| 02/26/24 | ASHLEY JERICHO | REVIEW COMMENTS TO PROVINCE ENGAGEMENT LETTER (.1); CORRESPOND WITH D. AGAY REGARDING THE SAME (.2). | 0.30 |
| 02/27/24 | ASHLEY JERICHO | TELEPHONE CONFERENCE WITH D. AGAY REGARDING ISSUES RELATING TO PROVINCE ENGAGEMENT LETTER (.1); TELEPHONE CONFERENCE WITH D. XU (KOBRE & KIM) REGARDING APPROVAL OF REVISIONS TO SAME (.1); CORRESPOND WITH A. SURINAK (KIRKLAND) REGARDING SAME (.1). | 0.30 |
| 02/27/24 | ASHLEY JERICHO | CORRESPOND WITH D. XU REGARDING PROVINCE ENGAGEMENT LETTER (.1); REVIEW ORDER GRANTING MCDONALD HOPKINS RETENTION APPLICATION (.1); CORRESPOND WITH A. SURINAK (KIRKLAND) REGARDING PROVINCE RETENTION APPLICATION (.1); CORRESPOND WITH R. MELTZER REGARDING PROVINCE ENGAGEMENT LETTER (.1); CORRESPOND WITH PROVINCE TEAM REGARDING SAME AND RETENTION APPLICATION (.1). | 0.50 |
| 02/27/24 | DAVID AGAY | MULTIPLE CORRESPONDENCE WITH DISINTERESTED DIRECTORS REGARDING FINALIZING PROVINCE ENGAGEMENT LETTER. | 0.30 |
| 02/28/24 | ASHLEY JERICHO | REVIEW AND REVISE JANUARY PRO FORMAS RELATING TO PRIVILEGE AND COMPLIANCE WITH UNITED STATES TRUSTEE GUIDELINES (.3); CORRESPOND WITH MCDONALD HOPKINS ACCOUNTING TEAM REGARDING SAME (.1). | 0.40 |
| 02/28/24 | ASHLEY JERICHO | CORRESPOND WITH A. SURINAK (KIRKLAND) REGARDING PROVINCE ENGAGEMENT LETTER AND RETENTION APPLICATION. | 0.10 |
| **Total** | | | **31.00** |

**Timekeeper Summary**

| Name | Timekeeper Title | Hours | Rate | Amount |
|---|---|---|---|---|
| JOHN M. SPENCER | Associate | 1.30 | 475.00 | 617.50 |

Matter Name: RETENTION AND FEE
APPLICATIONS

Matter Number: 57514-00006

Invoice Date:          March 19, 2024

Invoice Number:              1505208

| Name | Timekeeper Title | Hours | Rate | Amount |
|---|---|---:|---:|---:|
| JORY BERG | Associate | 1.30 | 405.00 | 526.50 |
| ASHLEY JERICHO | Member | 21.40 | 575.00 | 12,305.00 |
| DAVID AGAY | Member | 4.30 | 905.00 | 3,891.50 |
| JOSH GADHARF | Member | 2.60 | 630.00 | 1,638.00 |
| SEAN D MALLOY | Member | 0.10 | 905.00 | 90.50 |
| **Total** | | **31.00** | | **$19,069.00** |

Matter Name: DIP FINANCING AND CASH MANAGEMENT

Matter Number: 57514-00009

Invoice Date: March 19, 2024

Invoice Number: 1505208

---

**Time Detail**

| Date | Name | Description | Hours |
|------|------|-------------|-------|
| 02/20/24 | DAVID AGAY | REVIEW DIP CREDIT AGREEMENT, INTERIM DIP, AND PROPOSED FINAL DIP ORDER AND RESEARCH REGARDING SAME. | 2.20 |
| 02/24/24 | DAVID AGAY | REVIEW UCC DIP OBJECTION (1.4); CORRESPONDENCE TO R. MELTZER REGARDING SAME (.1); RESEARCH ISSUES RAISED BY UCC DIP OBJECTION (1.8); TELEPHONE CONFERENCE WITH M. MARCUS REGARDING SAME (.2). | 3.50 |
| 02/24/24 | ASHLEY JERICHO | REVIEW COMMITTEE OBJECTION TO ENTRY OF FINAL DIP ORDER AND FINAL DIP ORDER REDLINE RELATING TO RELEASE ISSUES (1.2); CORRESPOND WITH D. AGAY REGARDING SAME (.2); REVIEW CREDIT AGREEMENT, CORRESPONDENCE EXCHANGED RELATING TO SAME, AND INTERIM ORDER RELATING TO SAME (.8); EXCHANGE CORRESPONDENCE WITH MCDONALD HOPKINS TEAM RELATING TO SAME (.2). | 2.40 |
| 02/26/24 | ASHLEY JERICHO | REVIEW CORRESPONDENCE FROM S. MALLOY REGARDING FINAL DIP ORDER ISSUES. | 0.10 |
| 02/28/24 | DAVID AGAY | REVIEW DEBTORS' DIP REPLY AND REVISED FINAL DIP ORDER. | 0.60 |
| 02/28/24 | MICAH E. MARCUS | REVIEW SUPPLEMENTAL PLEADINGS RESOLVING OBJECTIONS BY UCC. | 0.20 |
| **Total** | | | **9.00** |

**Timekeeper Summary**

| Name | Timekeeper Title | Hours | Rate | Amount |
|------|-----------------|-------|------|--------|
| ASHLEY JERICHO | Member | 2.50 | 575.00 | 1,437.50 |
| DAVID AGAY | Member | 6.30 | 905.00 | 5,701.50 |
| MICAH E. MARCUS | Member | 0.20 | 780.00 | 156.00 |
| **Total** | | **9.00** | | **$7,295.00** |

Matter Name: CREDITOR MEETINGS                                    Invoice Date:        March 19, 2024

Matter Number: 57514-00010                                        Invoice Number:              1505208

---

**Time Detail**

| Date | Name | Description | Hours |
|------|------|-------------|-------|
| 02/19/24 | MICAH E. MARCUS | CONFERENCE WITH MILBANK REGARDING STATUS OF INVESTIGATION. | 0.40 |
| **Total** | | | **0.40** |

**Timekeeper Summary**

| Name | Timekeeper Title | Hours | Rate | Amount |
|------|------------------|-------|------|--------|
| MICAH E. MARCUS | Member | 0.40 | 780.00 | 312.00 |
| **Total** | | **0.40** | | **$312.00** |

| Matter Name: LITIGATION AND ADVERSARY PROCEEDINGS | Invoice Date: | March 19, 2024 |
|---|---|---|
| Matter Number: 57514-00014 | Invoice Number: | 1505208 |

**Time Detail**

| Date | Name | Description | Hours |
|---|---|---|---|
| 02/14/24 | DAVID AGAY | TELEPHONE CONFERENCE WITH KIRKLAND LITIGATION TEAM REGARDING POTENTIAL FILING OF 105 INJUNCTION COMPLAINT. | 0.50 |
| 02/19/24 | MICAH E. MARCUS | ATTEND MEETING ON LITIGATION STRATEGY DECISION. | 0.40 |
| 02/19/24 | DAVID AGAY | REVIEW DRAFT PLEADINGS REGARDING 105 INJUNCTION COMPLAINT (1.4); TELEPHONE CONFERENCE WITH CLIENT REGARDING SAME (.3) | 1.70 |
| 02/20/24 | DAVID AGAY | REVIEW FILED 105 INJUNCTION COMPLAINT. | 0.80 |
| 02/27/24 | DAVID AGAY | REVIEW 2004 SUBPOENAS ISSUED BY UNSECURED CREDITORS' COMMITTEE (.6); REVIEW CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER ENTERED BY THE COURT (.5); REVIEW LIFT STAY MOTION FILED BY PENNER AND CHANDRARAJ (.4). | 1.50 |
| **Total** | | | **4.90** |

**Timekeeper Summary**

| Name | Timekeeper Title | Hours | Rate | Amount |
|---|---|---|---|---|
| DAVID AGAY | Member | 4.50 | 905.00 | 4,072.50 |
| MICAH E. MARCUS | Member | 0.40 | 780.00 | 312.00 |
| **Total** | | **4.90** | | **$4,384.50** |

| Matter Name: PLAN AND DISCLOSURE STATEMENT | Invoice Date: | March 19, 2024 |
|---|---|---|
| Matter Number: 57514-00015 | Invoice Number: | 1505208 |

**Time Detail**

| Date | Name | Description | Hours |
|---|---|---|---|
| 02/28/24 | DAVID AGAY | REVIEW DISCLOSURE STATEMENT AND PLAN (1.4 ); REVIEW SOLICITATION MOTION (.9). | 2.30 |
| 02/29/24 | JOSH GADHARF | REVIEW AND ANALYZE DISCLOSURE STATEMENT FILED ON FEBRUARY 27 TO CONFIRM CERTAIN GOVERNANCE DISCLOSURES (.6); CORRESPOND WITH D. AGAY REGARDING SAME (.1). | 0.70 |
| 02/29/24 | DAVID AGAY | REVIEW DISCLOSURE STATEMENT AND PLAN (2.8); RESEARCH CONFIRMATION ISSUES RELATING TO SAME (.7). | 3.50 |
| **Total** | | | **6.50** |

**Timekeeper Summary**

| Name | Timekeeper Title | Hours | Rate | Amount |
|---|---|---|---|---|
| DAVID AGAY | Member | 5.80 | 905.00 | 5,249.00 |
| JOSH GADHARF | Member | 0.70 | 630.00 | 441.00 |
| **Total** | | **6.50** | | **$5,690.00** |

Matter Name: HEARINGS

Invoice Date:        March 19, 2024

Matter Number: 57514-00016

Invoice Number:        1505208

---

**Time Detail**

| Date | Name | Description | Hours |
|------|------|-------------|-------|
| 02/27/24 | DAVID AGAY | REVIEW AGENDA FOR 2/29 HEARING. | 0.10 |
| **Total** | | | **0.10** |

**Timekeeper Summary**

| Name | Timekeeper Title | Hours | Rate | Amount |
|------|------------------|-------|------|--------|
| DAVID AGAY | Member | 0.10 | 905.00 | 90.50 |
| **Total** | | **0.10** | | **$90.50** |

Matter Name: INVESTIGATION                                    Invoice Date:      March 19, 2024

Matter Number: 57514-00020                                    Invoice Number:         1505208

---

**Time Detail**

| Date | Name | Description | Hours |
|------|------|-------------|-------|
| 02/01/24 | JOHN M. SPENCER | REVIEW AND ANALYZE PRODUCED DOCUMENTS REGARDING ISSUES RELATING TO INVESTIGATION (1.2); CONFERENCE WITH M. MARCUS REGARDING INVESTIGATION INTERVIEW (.3); DRAFT DILIGENCE REQUESTS TO NEW MOUNTAIN (.3); REVISE ADVISORY MEMORANDUM (1.9) | 3.70 |
| 02/01/24 | SEAN D MALLOY | CORRESPOND WITH D.  AGAY REGARDING THEORY OF CLAIM (.1); CORRESPOND WITH J. BERG REGARDING DOCUMENT PRODUCTION (.1); REVIEW MATERIALS FOR INVESTIGATION (0.5). | 0.70 |
| 02/01/24 | MICAH E. MARCUS | DRAFT DILIGENCE REQUESTS (.4); CONFERENCE WITH KIRKLAND REGARDING CUSTODIAN AND DOCUMENT COLLECTION (.2); CORRESPOND WITH KOBRE & KIM REGARDING SEARCH TERMS AND DILIGENCE MATERIALS (.2). | 0.80 |
| 02/01/24 | JORY BERG | CORRESPOND WITH M. MARCUS REGARDING DOCUMENT PRODUCTION (.2); CONFERENCE WITH S. EXPOSITO (SANDLINE) REGARDING PRODUCTION PROCESS (.8); CORRESPOND WITH K. DACEY AND S. FAGAN (ROPES AND GRAY) REGARDING SAME (.2). | 1.20 |
| 02/02/24 | DAVID AGAY | REVIEW AND ANALYZE PRODUCED DOCUMENTS REGARDING ISSUES RELATING TO INVESTIGATION. | 3.20 |
| 02/02/24 | SEAN D MALLOY | REVIEW SEARCH TERMS AND DOCUMENT REQUESTS (.3); CORRESPOND WITH M. MARCUS REGARDING SAME (.1) | 0.40 |
| 02/02/24 | JORY BERG | CORRESPOND WITH SANDLINE TEAM REGARDING PRODUCTION BATCHES. | 0.40 |
| 02/02/24 | JORY BERG | REVIEW AND ANALYZE PRODUCED DOCUMENTS REGARDING ISSUES RELATING TO INVESTIGATION (4.1); CORRESPOND WITH S. MALLOY REGARDING SAME (.1). | 4.20 |
| 02/02/24 | MICAH E. MARCUS | ANALYZE DILIGENCE REQUESTS (.4); CORRESPOND WITH KOBRE KIM REGARDING SAME (.2); CONFERENCE WITH D. AGAY REGARDING POTENTIAL VALUATION ANALYSIS (.2). | 0.80 |
| 02/05/24 | JOHN M. SPENCER | REVIEW AND REVISE ADVISORY MEMORANDUM REGARDING K. PERCY (CAREISMATIC) INTERVIEW. | 0.90 |
| 02/05/24 | JORY BERG | REVIEW AND ANALYZE PRODUCED DOCUMENTS REGARDING ISSUES RELATING TO INVESTIGATION (5.0); DRAFT DOCUMENT INDEX SUMMARY (.5); CORRESPOND WITH S. MALLOY REGARDING SAME (.1). | 5.60 |
| 02/05/24 | JORY BERG | CORRESPOND WITH A. STEFON (RELATIVITY) REGARDING PRODUCTION. | 0.20 |
| 02/05/24 | SEAN D MALLOY | REVIEW DOCUMENT SEARCH STATUS (.1); CORRESPOND WITH J. BERG REGARDING SAME (.1); REVIEW CORRESPONDENCE REGARDING FOURTH PRODUCTION (.1); CORRESPOND WITH J. BERG REGARDING SAME (.2); CORRESPOND WITH M. MARCUS REGARDING FINANCIAL ADVISORY WORK AND COMMITTEES (.1). | 0.60 |

Matter Name: INVESTIGATION

Invoice Date:    March 19, 2024

Matter Number: 57514-00020

Invoice Number:    1505208

| Date | Name | Description | Hours |
|------|------|-------------|-------|
| 02/06/24 | DAVID AGAY | REVIEW AND ANALYZE PRODUCED DOCUMENTS REGARDING ISSUES RELATING TO INVESTIGATION. | 2.20 |
| 02/06/24 | MICAH E. MARCUS | REVIEW NEW MOUNTAIN PRESENTATION (.3); CORRESPOND WITH KOBRE & KIM REGARDING POTENTIAL EXPERT MATTER AND DILIGENCE REQUESTS TO EQUITY (.2); CONFERENCES WITH D. AGAY AND S. MALLOY REGARDING SAME (.2). | 0.70 |
| 02/06/24 | SEAN D MALLOY | REVIEW INFORMATION ABOUT FINANCIAL ADVISOR RELATIONSHIP WITH NEW MOUNTAIN (.1); CORRESPOND WITH M. MARCUS REGARDING SAME (.1); TELEPHONE CONFERENCE WITH M. MARCUS REGARDING SAME (.1). | 0.30 |
| 02/06/24 | JOHN M. SPENCER | REVIEW AND ANALYZE PRODUCED DOCUMENTS REGARDING ISSUES RELATING TO INVESTIGATION. | 1.10 |
| 02/07/24 | MICAH E. MARCUS | CORRESPOND AND CONFERENCE WITH KOBRE & KIM REGARDING DILIGENCE INQUIRIES (.3); CORRESPOND AND CONFERENCE WITH CLIENT REGARDING STATUS OF SAME (.6); CONFERENCE WITH D. AGAY REGARDING SAME (.2). | 1.10 |
| 02/07/24 | DAVID AGAY | RESEARCH AND REVIEW CASES RELATING TO INVESTIGATION. | 3.60 |
| 02/07/24 | JORY BERG | REVIEW NOTES FROM P. GRASTLY (PARTNERS GROUP) INTERVIEW (.5); DRAFT P. GRASTLY INTERVIEW MEMORANDUM (2.6). | 3.10 |
| 02/08/24 | JORY BERG | CORRESPOND WITH M. MARCUS REGARDING P. GRASTLY (PARTNERS GROUP) INTERVIEW MEMORANDUM. | 0.20 |
| 02/08/24 | SEAN D MALLOY | REVIEW KOBRE & KIM COMMENTS ON NEW MOUNTAIN DOCUMENT AND COMMUNICATION REQUEST (.1); CORRESPOND WITH M. MARCUS REGARDING SAME (.1). | 0.20 |
| 02/08/24 | SEAN D MALLOY | DRAFT DILIGENCE REQUEST TO NEW MOUNTAIN (.2); CONFERENCE WITH M. MARCUS REGARDING INVESTIGATION MATTERS AND STRATEGY (.2); EMAIL KOBRE & KIM REGARDING SAME (.1) | 0.50 |
| 02/08/24 | MICAH E. MARCUS | REVIEW AND ANALYZE PRODUCED DOCUMENTS REGARDING ISSUES RELATING TO INVESTIGATION. | 0.30 |
| 02/08/24 | DAVID AGAY | REVIEW CORRESPONDENCE WITH KOBRE & KIM REGARDING SEARCH TERMS. | 0.20 |
| 02/08/24 | JORY BERG | DRAFT P. GRASTLY (PARTNERS GROUP) INTERVIEW MEMORANDUM. | 2.20 |
| 02/09/24 | MICAH E. MARCUS | CORRESPOND AND CONFERENCES REGARDING POTENTIAL VALUATION EXPERT (.6); CONFERENCE WITH PAUL WEISS REGARDING DILIGENCE REQUESTS (.5); CORRESPOND WITH KIRKLAND REGARDING VALUATION MATTERS (.3) | 1.40 |
| 02/09/24 | MICAH E. MARCUS | CONFERENCE WITH PAUL WEISS REGARDING DILIGENCE REQUESTS. | 0.50 |
| 02/09/24 | DAVID AGAY | REVIEW ASSET SALE MOTION. | 0.60 |

Matter Name: INVESTIGATION

Matter Number: 57514-00020

Invoice Date:          March 19, 2024

Invoice Number:              1505208

| Date | Name | Description | Hours |
|---|---|---|---|
| 02/09/24 | JORY BERG | REVIEW AND ANALYZE PRODUCED DOCUMENTS REGARDING ISSUES RELATING TO INVESTIGATION. | 3.50 |
| 02/09/24 | SEAN D MALLOY | EMAIL D. XU (KOBRE & KIM) REGARDING COORDINATION WITH OTHER TRANSACTION COMMITTEE (.1); CORRESPOND WITH J. BERG REGARDING INVESTIGATION (.1); REVIEW AND REVISE DILIGENCE LIST AND REQUESTS (.4); CORRESPOND WITH M. MARCUS REGARDING SAME (.1) | 0.70 |
| 02/09/24 | SEAN D MALLOY | TELEPHONE CONFERENCE WITH TRANSACTIONS COMMITTEE GROUP REGARDING FINANCIAL ADVISORS (.4); REVIEW AND ANALYZE POTENTIAL LEGAL CLAIMS AND STRATEGY FOR SAME (.6). | 1.00 |
| 02/11/24 | MICAH E. MARCUS | REVIEW STATUS OF PRODUCTION. | 0.40 |
| 02/12/24 | MICAH E. MARCUS | CONFERENCE WITH KIRKLAND REGARDING DILIGENCE (.2); CORRESPOND WITH D. AGAY REGARDING SAME (.2); CORRESPOND WITH PAUL WEISS RE SAME (.1). | 0.50 |
| 02/12/24 | DAVID AGAY | TELEPHONE CONFERENCE WITH S. MALLOY REGARDING STATUS OF RESEARCH AND DUE DILIGENCE (.3); TELEPHONE CONFERENCE AND CORRESPONDENCE WITH M. MARCUS REGARDING SAME (.2); REVIEW DUE DILIGENCE MATERIALS AND RESEARCH REGARDING SAME (2.5). | 3.00 |
| 02/12/24 | JORY BERG | REVIEW AND ANALYZE PRODUCED DOCUMENTS REGARDING ISSUES RELATING TO INVESTIGATION. | 3.60 |
| 02/12/24 | SEAN D MALLOY | REVIEW AND ANALYZE PRODUCED DOCUMENTS REGARDING ISSUES RELATING TO INVESTIGATION. (.2); REVIEW VARIOUS CORRESPONDENCE REGARDING DOCUMENT PRODUCTIONS (.3); TELEPHONE CONFERENCE WITH D. AGAY REGARDING INVESTIGATION STRATEGY (.3). | 0.80 |
| 02/13/24 | MICAH E. MARCUS | CONFERENCE WITH CLIENT REGARDING RESTRUCTURING SUPPORT AGREEMENT MATTERS (.3); CONFERENCE WITH S. MALLOY REGARDING SAME (.2); CONFERENCE WITH PAUL WEISS AND KOBRE & KIM REGARDING DILIGENCE REQUESTS (.5); CONFERENCE WITH CLIENT REGARDING SAME (.2); CONFERENCE WITH J. BERG AND S. MALLOY REGARDING STATUS OF DILIGENCE (.2); CONFERENCE WITH J. BERG REGARDING SAME (.3); CONFERENCE WITH KRIKLAND REGARDING DILIGENCE PROCESS (.6); CONFERENCE WITH D. AGAY AND S. MALLOY REGARDING SAME (.2); CORRESPOND WITH POTENTIAL VALUATION EXPERTS (.2); REVIEW AND ANALYZE DRAFT MOTION AND COMPLAINT REGARDING STAY ISSUES (.4); REVIEW AND ANALYZE 2004 REQUEST (.2); CONFERENCE WITH KIRKALND REGARDING SAME (.2). | 3.50 |
| 02/13/24 | JORY BERG | CONFERENCE WITH A. STEFON (SANDLINE) REGARDING DOCUMENT PRODUCTION | 0.50 |

| Matter Name: INVESTIGATION | Invoice Date: | March 19, 2024 |
|---|---|---|
| Matter Number: 57514-00020 | Invoice Number: | 1505208 |

---

| Date | Name | Description | Hours |
|---|---|---|---|
| 02/13/24 | JORY BERG | REVIEW AND ANALYZE PRODUCED DOCUMENTS REGARDING ISSUES RELATING TO INVESTIGATION. (2.7); CORRESPOND WITH S. MALLOY REGARDING SAME (.1). | 2.80 |
| 02/13/24 | JORY BERG | REVIEW AND ANALYZE PRODUCED DOCUMENTS REGARDING ISSUES RELATING TO INVESTIGATION. | 3.60 |
| 02/14/24 | MICAH E. MARCUS | CONFERENCE WITH POTENTIAL EXPERT AND S. MALLOY (.5); CONFERENCE WITH CLIENT REGARDING STATUS OF SAME (.1); CONFERENCE WITH KIRKALND AND KOBRE & KIM REGARDING 2004 AND POTENTIAL MOTION (.3). | 0.90 |
| 02/14/24 | JORY BERG | REVIEW AND ANALYZE PRODUCED DOCUMENTS REGARDING ISSUES RELATING TO INVESTIGATION (2.7); CORRESPOND WITH S. MALLOY AND M. MARCUS REGARDING SAME (1.) | 2.80 |
| 02/14/24 | SEAN D MALLOY | REVIEW AND ANALYZE PRODUCED DOCUMENTS REGARDING ISSUES RELATING TO INVESTIGATION. (.1); REVIEW CORRESPONDENCE REGARDING FINANCIAL ADVISOR FOR VALUATION (.1) | 0.20 |
| 02/15/24 | JORY BERG | REVIEW AND ANALYZE PRODUCED DOCUMENTS REGARDING ISSUES RELATING TO INVESTIGATION. (3.4); CONFERENCE WITH S. MALLOY, M. MARCUS, AND A. JERICHO REGARDING NEXT STEPS (.7). | 4.10 |
| 02/15/24 | JOHN M. SPENCER | DRAFT RULE 2004 DOCUMENT REQUESTS TO M. SINGER (CAREISMATIC). | 2.40 |
| 02/15/24 | MICAH E. MARCUS | CONFERENCE WITH MCDONALD HOPKINS TEAM REGARDING DOCUMENT REVIEW PROCESS (.5); CONFERENCE WITH J. SPENCER REGARDING 2004 EXAM (.2); CONFERENCE WITH J. BERG AND S. MALLOY REGARDING STATUS OF DILIGENCE (.2); CORRESPOND WITH ROPES REGARDING STATUS OF DILIGENCE PRODUCTION (.2) | 1.10 |
| 02/15/24 | DAVID AGAY | CORRESPOND WITH S. MALLOY REGARDING LEVERAGED BUYOUT TRANSACTION (.1); TELEPHONE CONFERENCE WITH S. MALLOY REGARDING SAME (.1); REVIEW CASELAW ON LEVERAGED BUYOUT TRANSACTIONS AND DUE DILIGENCE MATERIALS REGARDING SAME (3.8). | 4.00 |
| 02/15/24 | SEAN D MALLOY | CORRESPOND WITH M. MARCUS AND J. BERG REGARDING INVESTIGATION AND FINANCIAL ADVISOR (.2); REVIEW CORRESPONDENCE AND INFORMATION REGARDING STATUS OF BOARD MINUTES FOR REVIEW (.2). | 0.40 |
| 02/15/24 | ASHLEY JERICHO | CORRESPOND WITH M. MARCUS REGARDING REQUESTS FOR PRODUCTION FOR INVESTIGATION (.1); CORRESPOND WITH COLE SCHOTZ TEAM REGARDING PRECEDENT AND LOCAL PROCEDURES FOR SAME (.2). | 0.30 |
| 02/16/24 | JOHN M. SPENCER | REVIEW AND ANALYZE PRODUCED DOCUMENTS REGARDING ISSUES RELATING TO INVESTIGATION.(.5); CONFERENCE WITH MCDONALD HOPKINS TEAM REGARDING SAME (.6). | 1.10 |

| | | | |
|---|---|---|---|
| Matter Name: INVESTIGATION | | Invoice Date: | March 19, 2024 |
| Matter Number: 57514-00020 | | Invoice Number: | 1505208 |

| Date | Name | Description | Hours |
|---|---|---|---|
| 02/16/24 | MICAH E. MARCUS | CONFERENCE WITH POTENTIAL FINANCIAL ADVISOR (.4); CONFERENCE WITH S. MALLOY REGARDING SAME AND STATUS OF DILIGENCE (.3); CORRESPOND WITH KOBRE & KIM REGARDING SAME (.1); CONFERENCE WITH S. MALLOY AND KOBRE & KIM REGARDING FINANCIAL ADVISOR PROCESS (.2); CONFERENCE WITH KIRKLAND REGARDING DILIGENCE REQUESTS (.2); CORRESPOND WITH POTENTIAL FINANCIAL ADVISOR EXPERTS REGARDING SELECTION PROCESS (.2); CORRESPOND WITH CLIENT REGARDING SAME (.2). | 1.60 |
| 02/16/24 | SEAN D MALLOY | REVIEW CORRESPONDENCE REGARDING BOARD MINUTES (.1); CORRESPOND WITH M. MARCUS REGARDING CORPORATE RECORDS FOR INVESTIGATION (.1). | 0.20 |
| 02/17/24 | JORY BERG | REVIEW CORRESPONDENCE FROM S. MALLOY REGARDING INVESTIGATION (.2); CONFERENCE WITH A. JERICHO AND J. SPENCER REGARDING DOCUMENT REVIEW (.7); REVIEW AND ANALYZE PRODUCED DOCUMENTS REGARDING ISSUES RELATING TO INVESTIGATION (1.8); CORRESPOND WITH A. JERICHO AND J. SPENCER REGARDING SAME (.3). | 3.00 |
| 02/17/24 | SEAN D MALLOY | REVIEW DOCUMENT REQUESTS AND REVISE PRIORITY LIST TO KEY DOCUMENTS (1.5); CORRESPOND WITH MCDONALD HOPKINS TEAM REGARDING SAME (.3). | 1.80 |
| 02/18/24 | JORY BERG | REVIEW AND ANALYZE PRODUCED DOCUMENTS REGARDING ISSUES RELATING TO INVESTIGATION (.7); CORRESPOND WITH J. SPENCER AND A. JERICHO REGARDING SAME (.1). | 0.80 |
| 02/18/24 | JOHN M. SPENCER | REVIEW AND ANALYZE PRODUCED DOCUMENTS REGARDING ISSUES RELATING TO INVESTIGATION. | 0.70 |
| 02/18/24 | ASHLEY JERICHO | REVIEW AND ANALYZE PRODUCED DOCUMENTS REGARDING ISSUES RELATING TO INVESTIGATION. | 4.70 |
| 02/19/24 | JOHN M. SPENCER | REVIEW AND ANALYZE PRODUCED DOCUMENTS REGARDING ISSUES RELATING TO INVESTIGATION. (4.6); CONFERENCE WITH A. JERICHO AND J. BERG REGARDING SAME (.3). | 4.90 |
| 02/19/24 | SEAN D MALLOY | REVIEW FINANCIAL ADVISORY MATERIALS AND PREPARE FOR INTERVIEWS (.2); PREPARE FOR TELEPHONE CONFERENCE WITH LENDER COUNSEL (.2); ATTEND AND PARTICIPATE IN TELEPHONE CONFERENCE WITH COMPANY AND LENDER COUNSEL REGARDING STATUS OF INVESTIGATION AND TIMING (.5); REVIEW UPDATES ON STATUS OF DOCUMENT REVIEW (.1); TELEPHONE CONFERENCE WITH M. MARCUS REGARDING FINANCIAL ADVISOR REVIEW AND INTERVIEW MATERIALS (.2); TELEPHONE CONFERENCE WITH KOBRE & KIM AND INDEPENDENT DIRECTORS REGARDING SAME (.3); ATTEND INTERVIEWS WITH FOUR FINANCIAL ADVISORY FIRMS (1.4) | 2.90 |

Matter Name: INVESTIGATION

Matter Number: 57514-00020

Invoice Date:  March 19, 2024

Invoice Number:  1505208

| Date | Name | Description | Hours |
|---|---|---|---|
| 02/19/24 | MICAH E. MARCUS | CONFERENCES WITH KOBRE & KIM, CLIENT, AND H. TEPNER REGARDING POTENTIAL FINANCIAL EXPERT (1.8); CONFERENCE WITH S. MALLOY REGARDING SAME (.2); CONFERENCE AND CORRESPOND WITH POTENTIAL EXPERTS REGARDING SAME (.3); CONFERENCE WITH D. AGAY REGARDING SAME (.2); CORRESPOND AND CONFERENCE WITH KIRKLAND REGARDING STATUS OF DILIGENCE (.3). | 2.80 |
| 02/19/24 | DAVID AGAY | REVIEW AND ANALYZE PRODUCED DOCUMENTS REGARDING ISSUES RELATING TO INVESTIGATION. | 1.70 |
| 02/19/24 | JORY BERG | REVIEW AND ANALYZE PRODUCED DOCUMENTS REGARDING ISSUES RELATING TO INVESTIGATION (4.7); CONFERENCE WITH A. JERICHO AND J. SPENCER REGARDING SAME (.5). | 5.20 |
| 02/19/24 | ASHLEY JERICHO | REVIEW AND ANALYZE PRODUCED DOCUMENTS REGARDING ISSUES RELATING TO INVESTIGATION. | 1.40 |
| 02/20/24 | JOHN M. SPENCER | CONFERENCE WITH M. MARCUS REGARDING INVESTIGATION STATUS (.1); REVIEW AND ANALYZE PRODUCED DOCUMENTS REGARDING ISSUES RELATING TO INVESTIGATION (4.6); TELEPHONE CONFERENCE WITH A. JERICHO AND J. BERG REGARDING SAME (.5). | 5.20 |
| 02/20/24 | MICAH E. MARCUS | CORRESPOND WITH POTENTIAL FINANCIAL ADVISORS. | 0.20 |
| 02/20/24 | JORY BERG | REVIEW AND ANALYZE PRODUCED DOCUMENTS REGARDING ISSUES RELATING TO INVESTIGATION (3.4); TELEPHONE CONFERENCE WITH J. SPENCER AND A. JERICHO REGARDING SAME (.5). | 3.90 |
| 02/20/24 | SEAN D MALLOY | CORRESPOND WITH M. MARCUS REGARDING FINANCIAL ADVISORS AND DOCUMENT PRODUCTION (.2); REVIEW ADDITIONAL FINANCIAL ADVISOR MATERIALS AND PROPOSALS (.2); REVIEW INVESTIGATION DOCUMENTS REGARDING ADD ON ACQUISITION (.2); REVIEW LATEST PRODUCTION AND CORRESPONDENCE WITH J. SPENCER REGARDING SAME (.2). | 0.80 |
| 02/20/24 | ASHLEY JERICHO | REVIEW AND ANALYZE PRODUCED DOCUMENTS REGARDING ISSUES RELATING TO INVESTIGATION (3.8); TELEPHONE CONFERENCE WITH J. SPENCER AND J. BERG REGARDING SAME (.5). | 4.30 |
| 02/21/24 | MICAH E. MARCUS | CONFERENCE WITH D. AGAY REGARDING FINANCIAL ADVISOR RETENTION. | 0.20 |
| 02/21/24 | SEAN D MALLOY | REVIEW CORRESPONDENCE REGARDING HIRING OF FINANCIAL ADVISOR WITH KOBRE & KIM AND MCDOANLD HOPKINS TEAMS (.1); ANALYZE AND SUMMARIZE PROPOSALS REGARDING SAME (.2); CORRESPOND WITH D. AGAY REGARDING SAME (.3); REVIEW AND ANALYZE HOT DOCUMENTS FROM J. SPENCER (.4); CORRESPOND WITH J. SPENCER REGARDING SAME (.1); ATTEND MEETING WITH TRANSACTION COMMITTEES RE HIRING FINANCIAL ADVISOR (.4); TELEPHONE CONFERENCE WITH | 1.70 |

Matter Name: INVESTIGATION                          Invoice Date:        March 19, 2024

Matter Number: 57514-00020                          Invoice Number:              1505208

| Date | Name | Description | Hours |
|------|------|-------------|-------|
| | | D. AGAY REGARDING STRUCTURE FOR SAME (.2). | |
| 02/21/24 | ASHLEY JERICHO | REVIEW AND ANALYZE PRODUCED DOCUMENTS REGARDING ISSUES RELATING TO INVESTIGATION. | 2.30 |
| 02/22/24 | MICAH E. MARCUS | REVIEW AND ANALYZE DOCUMENT REVIEW HIT REPORT (.2); CORRESPOND WITH KOBRE & KIM REGARDING SAME (.1); CORRESPOND WITH KIRKLAND REGARDING THE STATUS OF DILIGENCE PRODUCTION (.1); CONFERENCE WITH KOBRE & KIM REGARDING SAME (.4). | 0.40 |
| 02/23/24 | MICAH E. MARCUS | REVIEW AND REVISE PROPOSED FINANCIAL ADVISOR ENGAGEMENT LETTER. | 0.50 |
| 02/23/24 | JORY BERG | REVIEW AND ANALYZE PRODUCED DOCUMENTS REGARDING ISSUES RELATING TO INVESTIGATION. | 2.10 |
| 02/25/24 | JOHN M. SPENCER | REVIEW AND ANALYZE PRODUCED DOCUMENTS REGARDING ISSUES RELATING TO INVESTIGATION. | 1.10 |
| 02/25/24 | ASHLEY JERICHO | REVIEW AND ANALYZE PRODUCED DOCUMENTS REGARDING ISSUES RELATING TO INVESTIGATION. | 2.80 |
| 02/26/24 | JORY BERG | CORRESPOND WITH M. MARCUS, A. JERICHO, J. SPENCER, AND S. MALLOY REGARDING DOCUMENT REVIEW (.2); CORRESPOND WITH A. STEFON (SANDLINE) REGARDING DOCUMENT PRODUCTION (.3); PREPARE HOT DOCUMENTS FOR REVIEW (.2). | 0.70 |
| 02/26/24 | JOHN M. SPENCER | REVIEW AND ANALYZE PRODUCED DOCUMENTS REGARDING ISSUES RELATING TO INVESTIGATION. | 0.80 |
| 02/26/24 | ASHLEY JERICHO | CORRESPOND WITH M. MARCUS, J. SPENCER, AND J. BERG REGARDING ISSUES RELATING TO REVIEW OF DOCUMENTS PRODUCED FOR INVESTIGATION. | 0.20 |
| 02/26/24 | MICAH E. MARCUS | CONFERENCE WITH KOBRE & KIM AND ROPES REGARDING STATUS OF PRODUCTION AND PRIVILEGE MATTERS. | 0.30 |
| 02/26/24 | SEAN D MALLOY | REVIEW VARIOUS CORRESPONDENCE AND DOCUMENTS REGARDING LENDER RELEASES (.3); CORRESPOND WITH MCDONALD HOPKINS TEAM REGARDING SAME (.1); REVIEW NEW MOUNTAIN MATERIALS FOR PRODUCTION (.1); CORRESPOND WITH J. BERG REGARDING SAME (.1). | 0.60 |
| 02/27/24 | MICAH E. MARCUS | CORRESPOND WITH KOBRE & KIM AND ROPES REGARDING PRODUCTION AND PRIVILEGE MATTERS. | 0.20 |
| 02/29/24 | JOHN M. SPENCER | CORRESPOND WITH A. JERICHO REGARDING INVESTIGATION STATUS (.3); ADDRESS OPEN ISSUES REGARDING SAME (.1). | 0.40 |
| 02/29/24 | JOSH GADHARF | REVIEW AND ANALYZE ISSUES RELATING TO INVESTIGATION AND RELATED KEY DOCUMENTS (1.2); ATTEND VIDEO CONFERENCE WITH PROVINCE AND KOBRE & KIM REGARDING PROVINCE ENGAGEMENT (.5). | 1.70 |
| 02/29/24 | DAVID AGAY | TELEPHONE CONFERENCE WITH MCDOANLD HOPKINS TEAM REGARDING PRODUCTION, DUE DILIGENCE, AND TIMELINE FOR COMPLETION AND DRAFTING REPORT (.5); TELEPHONE CONFERENCE WITH PROVINCE, KOBRE & | 1.00 |

Matter Name: INVESTIGATION                          Invoice Date:        March 19, 2024

Matter Number: 57514-00020                          Invoice Number:            1505208

| Date | Name | Description | Hours |
|------|------|-------------|-------|
| | | KIM, AND MCDOANLD HOPKINS TEAMS REGARDING PROVINCE INVESTIGATION AND DUE DILIGENCE (.5). | |
| 02/29/24 | JORY BERG | CONFERENCE WITH A. JERICHO AND J. SPENCER REGARDING DOCUMENT REVIEW (.3); CORRESPOND WITH M. MARCUS AND S. MALLOY REGARDING HOT DOCUMENTS (.2); CORRESPOND WITH A. STEFON (SANDLINE) REGARDING SAME (.2); REVIEW AND ANALYZE PRODUCED DOCUMENTS REGARDING ISSUES RELATING TO INVESTIGATION (.5). | 1.20 |
| 02/29/24 | ASHLEY JERICHO | TELEPHONE CONFERENCE WITH MCDONALD HOPKINS TEAM REGARDING INVESTIGATION STATUS AND NARROWING ISSUES FOR REVIEW. | 0.60 |
| 02/29/24 | ASHLEY JERICHO | CONFERENCE WITH PROVINCE TEAM, KOBRE & KIM TEAM, AND MCDONALD HOPKINS TEAMS REGARDING INVESTIGATION ISSUES AND TIMELINE FOR SAME. | 0.50 |
| 02/29/24 | ASHLEY JERICHO | REVIEW AND ANALYZE PRODUCED DOCUMENTS REGARDING ISSUES RELATING TO INVESTIGATION. | 6.40 |
| 02/29/24 | ASHLEY JERICHO | TELEPHONE CONFERENCE WITH S. MALLOY AND J. GADHARF REGARDING ISSUES RELATING TO INVESTIGATION AND NEXT STEPS. | 0.70 |
| 02/29/24 | SEAN D MALLOY | CONFERENCE WITH MCDOANLD HOPKINS TEAM REGARDING INVESTIGATION AND NEXT STEPS (.5); CORRESPOND WITH M. MARCUS REGARDING HOT DOCUMENTS (.1); TELEPHONE CONFERENCE WITH D. AGAY REGARDING DOCUMENT REVIEW (.1); REVIEW AND ANALYZE PRODUCED DOCUMENTS REGARDING ISSUES RELATING TO INVESTIGATION (.5); TELEPHONE CONFERENCE WITH J. GADHARF AND A. JERICHO REGARDING KEY SUBSTANTIVE ISSUES FOR REVIEW (.7). | 1.90 |
| 02/29/24 | MICAH E. MARCUS | CONFERENCE WITH MCDONALD HOPKINS TEAM REGARDING STATUS OF INVESTIGATION (.5); CONFERENCE WITH KOBRE & KIM AND PROVINCE REGARDING VALUATION ANALYSIS (.5); CORRESPOND WITH MCDOANLD HOPKINS TEAM REGARDING DILIGENCE (.3); REVIEW MEET AND CONFER DEMAND REGARDING DISCOVERY ISSUES (.2). | 1.50 |
| **Total** | | | **158.00** |

**Timekeeper Summary**

| Name | Timekeeper Title | Hours | Rate | Amount |
|------|------------------|-------|------|--------|
| JOHN M. SPENCER | Associate | 22.30 | 475.00 | 10,592.50 |
| JORY BERG | Associate | 54.90 | 405.00 | 22,234.50 |
| ASHLEY JERICHO | Member | 24.20 | 575.00 | 13,915.00 |

Matter Name: INVESTIGATION                           Invoice Date:        March 19, 2024
Matter Number: 57514-00020                          Invoice Number:          1505208

| Name | Timekeeper Title | Hours | Rate | Amount |
|------|------------------|------:|-----:|-------:|
| DAVID AGAY | Member | 19.50 | 905.00 | 17,647.50 |
| JOSH GADHARF | Member | 1.70 | 630.00 | 1,071.00 |
| MICAH E. MARCUS | Member | 19.70 | 780.00 | 15,366.00 |
| SEAN D MALLOY | Member | 15.70 | 905.00 | 14,208.50 |
| **Total** | | **158.00** | | **$95,035.00** |