*Co-Counsel to the Debtors and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022

Chad J. Husnick, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654

**COLE SCH...**
Michael D. Siro...
Warren A. Usa...
Felice R. Yudk...
Court Plaza No...
Hackensack, New Jersey 07601

Order Filed on March 18, 2024
by Clerk,
U.S. Bankruptcy Court
District of New Jersey

---

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

In re:

CAREISMATIC BRANDS, LLC, *et al.*

　　　Debtors.

Chapter 11

Case No. 24-10561 (VFP)

(Jointly Administered)

---

### ORDER AUTHORIZING THE DEBTORS TO
### EMPLOY AND RETAIN DONLIN, RECANO & COMPANY, INC.
### AS ADMINISTRATIVE ADVISOR EFFECTIVE AS OF THE PETITION DATE

The relief set forth on the following pages, numbered two (2) through seven (7), is

**ORDERED**.

**DATED: March 18, 2024**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

(Page | 2)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al.* |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | ORDER AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN DONLIN, RECANO & COMPANY, INC. AS ADMINISTRATIVE ADVISOR EFFECTIVE AS OF THE PETITION DATE |

Upon the application (the "Application")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] for entry of an order (this "Order") granting the employment and retention of Donlin, Recano & Company, Inc. ("DRC") as administrative advisor ("Administrative Advisor") effective as of January 22, 2024 (the "Petition Date") pursuant to sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1(a) and 2016-1 all as more fully described in the Application; and upon the Terry Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found based on the representations made in the Application and in the Terry Declaration that (a) DRC does not hold or represent an interest adverse to the Debtors' estates and (b) DRC is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and this Court having found that the Debtors provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings

---

[1]    All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

[2]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.donlinrecano.com/careismatic.  The location of Debtor Careismatic Brands, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is:  1119 Colorado Avenue, Santa Monica, California 90401.

(Page | 3)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al*. |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | ORDER AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN DONLIN, RECANO & COMPANY, INC. AS ADMINISTRATIVE ADVISOR EFFECTIVE AS OF THE PETITION DATE |

had before this Court; and after due deliberation and sufficient cause appearing therefor, IT IS

HEREBY ORDERED THAT:

1.     The Application is **GRANTED** as set forth herein.

2.     The Debtors are authorized to retain DRC as Administrative Advisor, pursuant to

sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code effective as of January 22, 2024,

under the terms of the Engagement Agreement, attached hereto as **Exhibit 1**, as modified by this

Order, and DRC is authorized to perform the Administrative Services described in the Application

and set forth in the Engagement Agreement.

3.     Any services DRC will provide relating to the Debtors' schedules of assets and

liabilities and statements of financial affairs shall be limited to administrative and ministerial

services.   The Debtors shall remain responsible for the content and accuracy of their schedules of

assets and liabilities and statements of financial affairs.

4.     DRC and the Debtors are authorized, but not directed, to take such other actions

necessary to effectuate the relief granted pursuant to this Order in accordance with the Application

and as set forth in the Engagement Agreement.

5.     DRC shall apply for compensation for Administrative Services rendered and

reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in

compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the

Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.

DRC intends to, and shall comply with the U.S. Trustee's requests for information and additional

disclosures as set forth in the *U.S. Trustee Guidelines for Reviewing Applications for*

(Page | 4)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al*. |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | ORDER AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN DONLIN, RECANO & COMPANY, INC. AS ADMINISTRATIVE ADVISOR EFFECTIVE AS OF THE PETITION DATE |

*Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 300 by Attorneys in Larger Chapter 11 Cases* effective as of November 1, 2013, both in connection with the Application and interim and final fee applications to be filed by DRC in these chapter 11 cases.

6.     The Debtors are authorized to pay DRC's fees and to reimburse DRC for its actual, reasonable, and documented out-of-pocket costs and expenses as provided in the Engagement Agreement as modified by this Orders and consistent with the proposed compensation set forth in the Engagement Agreement.

7.     The indemnification provisions in the Engagement Agreement are approved, subject to the following modifications, applicable during the pendency of these chapter 11 cases:

a.   Subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify the Indemnified Parties, in accordance with the Engagement Agreement for any claim arising from, related to, or in connection with their performance of the services described in the Engagement Agreement; *provided, however*, that the Indemnified Parties shall not be indemnified for any claim arising from services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution, or reimbursement therefore are approved by this Court;

b.   Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify any person or provide contribution or reimbursement to any person, (i) for any claim or expense that it is judicially determined (the determination having become final and no longer subject to appeal) to have arisen from that person's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege breach of DRC's obligations under the Engagement Agreement unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to that person's gross negligence or willful misconduct, but determined by this Court, after notice and a hearing, to be a claim or expense for which that person should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement, as modified by the proposed Order; and

(Page | 5)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al*. |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | ORDER AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN DONLIN, RECANO & COMPANY, INC. AS ADMINISTRATIVE ADVISOR EFFECTIVE AS OF THE PETITION DATE |

     c.  If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, DRC believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including without limitation the advancement of defense costs. DRC must file an application before this Court and the Debtors may not pay any such amounts before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses for indemnification, contribution, or reimbursement and not a provision limiting the duration of the Debtors' obligation to indemnify DRC.

8.     Notwithstanding anything to the contrary contained in the Engagement Agreement, the Court shall have exclusive jurisdiction over DRC's engagement during the pendency of these chapter 11 cases.

9.     In the event that DRC seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in DRC's own applications, both interim and final, and these invoices and time records shall be subject to the approval of this Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

10.     Notwithstanding anything to the contrary contained in the Engagement Agreement, including paragraph 1 thereof, DRC shall provide at least ten (10) days' notice of any increases in its billing rates, subject to the parties in interest's right to object to any such increases, including,

| Debtors: | CAREISMATIC BRANDS, LLC, *et al*. |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | ORDER AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN DONLIN, RECANO & COMPANY, INC. AS ADMINISTRATIVE ADVISOR EFFECTIVE AS OF THE PETITION DATE |

but not limited to, the reasonableness standard provided in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

11.   In the event of any inconsistency between the Engagement Agreement, the Application, and this Order, the terms of this Order shall govern.

12.   Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of the Bankruptcy Rules, and the Local Rules are satisfied by such notice.

13.   Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

14.   This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

15.   Any additional services provided by DRC on behalf of the Debtors that are not covered by this Order or the Claims Agent Order shall require further Court approval.

16.   Notwithstanding anything in the Application or supporting declaration to the contrary, DRC shall, to the extent DRC uses the services of independent contractors, subcontractors, or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") in these cases, pass through the cost of such Contractors to the Debtors at the same rate that DRC pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflict checks as required for DRC; (iv) file with this Court disclosures pertaining to such use required by Bankruptcy Rule 2014; (v) and attach any such Contractor

(Page | 7)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al.* |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | ORDER AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN DONLIN, RECANO & COMPANY, INC. AS ADMINISTRATIVE ADVISOR EFFECTIVE AS OF THE PETITION DATE |

invoices to its monthly fee statements, interim fee applications and/or final fee applications filed in these cases.

17.     Notwithstanding anything to the contrary in the Engagement Agreement, paragraph 1 of the Engagement Agreement (indicating that will continue to be paid, notwithstanding conversion of the cases to chapter 7), shall be of no force or effect with respect to services provided by DRC pursuant to the order.

18.     Notwithstanding anything to the contrary contained in the Engagement Agreement, the 1.5% late charge in paragraph 3 of the Engagement Agreement shall not be assessed during the pendency of these Chapter 11 Cases.

19.     DRC shall not seek reimbursement of any fees or costs arising from the defense of its fee applications in the above-captioned cases.

## Exhibit 1

**Engagement Agreement**

## VOTING AND CONSULTING SERVICES AGREEMENT

## TERMS AND CONDITIONS

**Donlin, Recano & Company, Inc.** (hereinafter called "DRC") agrees to provide **Careismatic Brands, LLC**, including but not limited to any and all bankruptcy cases filed by any affiliate of **Careismatic Brands, LLC** (hereinafter called the "Client") and Client agrees to purchase services upon the terms and conditions and in accordance with "Schedule A", attached hereto, and other provisions stated herein, including but not limited to services to be rendered by DRC in connection with solicitation, calculation and tabulation of votes under any plan of reorganization or liquidation (the "Voting Services"). Client agrees and understands that none of the services constitute legal advice.

**1. CHARGES**: All charges shall be based upon the time and materials incurred by DRC, billed at the DRC then prevailing standard rate minus an overall 10% discount on professional hourly rates (except clerical). The overall 10% discount is reflected in the fee schedule. DRC reserves its rights to adjust its standard rates in January of each year to reflect changes in the business and economic environment. In the event that rates are based other than on time and materials, and such other basis for rates is set forth herein, the Client agrees to pay, in addition to those rates, for all charges, incurred by DRC as a result of Client error or omission as determined by DRC. Such charges shall include but shall not be limited to re-runs and any additional clerical work, phone calls, travel expenses, or any other disbursements. When possible, DRC will notify Client in advance of any additional charges. Checks are accepted subject to collection and the date of collection shall be deemed the date of payment. Any check received from Client may be applied by DRC against any obligation owing by Client to DRC, and an acceptance by DRC of any partial payment shall not constitute a waiver of DRC's right to pursue the collection of any remaining balance. DRC requires advance deposits for all noticing, newspaper publishing or other significant expenditures as defined by DRC. In addition, Client shall reimburse DRC for all actual and documented out-of-pocket expenses reasonably incurred by DRC, subject to advance notice to Client prior to DRC incurring any out-of-pocket expenses individually or in the aggregate exceeding $25,000. The out-of-pocket expenses may include, but are not limited to, postage, delivery services, travel, meals and other similar costs and expenses. In addition to all charges for services and materials hereunder, Client shall pay to DRC all taxes, however designated, levied or based that are applicable to this Agreement or are measured directly by payments made under this Agreement and are required to be collected by DRC or paid by DRC to taxing authorities. This provision, includes but is not limited to, sales, use and excise taxes, but does not include personal property taxes or taxes based on net income. In the event the Client files for protection pursuant to chapter 11 of title 11 of the United States Code, the parties intend that all fees and expenses due under this agreement shall be paid as administrative expenses of the Clients' chapter 11 estate(s). In the event the Clients' bankruptcy case(s) are converted to a Chapter 7 case(s), any unpaid fees and costs with respect to this Agreement shall be treated first as a Chapter 7 administrative expense claim and second as a Chapter 11 administrative claim. In the event DRC has performed pre-petition services and/or incurred pre-petition costs which have not otherwise been paid in full at the commencement of the bankruptcy case(s), Client covenants and agrees to file (or cause the filing of) with the court, at the option of DRC, either (i) a motion to assume this Agreement and cure any defaults (in the event DRC is retained pursuant to 11 U.S.C. §§ 327 and 328), or (ii) file a request for the payment of all such unpaid and outstanding fees and costs without prejudice to DRC's retention

**www.donlinrecano.com**

hereunder.

**2. TRANSPORTATION OF DATA**:  Data submitted by the Client to DRC for processing shall be transported at the Client's risk and expense to and from the DRC office.  In the event the Client fails to deliver the input data to DRC at the time scheduled, the Client agrees that DRC may extend, as necessary, the time for the completion of processing of such data.  Client further agrees that the time for the completion or processing of such data may be extended because of the following holidays in addition to any Bank holidays recognized in the city in which DRC is located:  New Year's Day, Memorial Day, Independence Day, Labor Day, Thanksgiving Day and Christmas Day. In any event, DRC does not warrant or represent that shipment or availability dates will be met, but will use its best efforts to do so.  If DRC is required to stay open to perform required tasks on such days, an additional mutually agreed upon cost may be required by DRC.

**3. INVOICES**:  Client shall pay the charges set forth in Schedule A, attached hereto.  DRC shall invoice the Client monthly for all services rendered during the preceding month.  Charges for a partial month's service shall be prorated based on a thirty (30) day month.  Terms are net 20 days following the date of billing.  Failure to pay any fees, costs or other amounts to DRC shall be a breach of this Agreement (a "Failure to Pay").  Notwithstanding anything else contained in this Agreement, in the event of a Failure to Pay, DRC reserves the right to withhold reports and materials of the Client, in addition to all other remedies available to DRC.  Upon a Failure to Pay of more than thirty (30) days, DRC may assess a late charge at a rate of one and one-half percent (1-1/2%) per month or the highest rate permitted by law, whichever is less, on all unpaid amounts until paid in full. DRC shall also have the right, at its option, to terminate this agreement for non-payment of invoices after 30 days from the date unpaid invoices are rendered (a "Non-Payment Breach").  If the invoice amount is disputed, notice shall be given to DRC within ten (10) days of receipt of the invoice by the Client.  The undisputed portion of the invoice will remain due and payable.   Late charges shall not accrue on any amounts in dispute. Notwithstanding anything contained in this agreement to the contrary, a Failure to Pay shall under no circumstances be construed as an agreement by DRC to reduce or waive DRC's fees and expenses.  The Client shall not agree or otherwise consent to a unilateral reduction or waiver of DRC fees and expenses without the explicit written consent of DRC and any such agreement or consent to such reduction or waiver by the Client without DRC's explicit written consent shall be deemed null and void and constitute a breach of this Agreement (a "Material Breach").  Notwithstanding anything contained in this agreement to the contrary, upon the occurrence of a Material Breach, DRC shall have the right, at its option, to terminate this agreement upon five (5) business days notice to the Client. Notwithstanding anything contained in this Agreement, the payment terms under this Agreement shall be subject to any order of the Bankruptcy Court (as defined below) pursuant to (i) 11 U.S.C. § 105(a) and 331 Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals or (ii) 11 U.S.C. § 330 Granting Interim or Final Compensation and Reimbursement of Expenses of Professionals.

**4. STORAGE**:  Client shall assume the risks and DRC shall not be responsible for any damages, liability or expenses incurred in connection with any delay in delivery of or damage to cards, disks, magnetic tapes or any input data furnished by Client unless DRC has agreed in writing to assume such responsibility.  Forms storage at DRC beyond a normal 90 day supply will be billed at standard

warehousing rates established by DRC. DRC shall return or dispose of any Client storage media or other materials furnished to DRC in connection with this Agreement in the manner requested by the Client.

**5. E-MAIL COMMUNICATIONS**: DRC and the Client and its agents acknowledge that they may wish to communicate electronically with each other at a business e-mail address. However, the electronic transmission of information cannot be guaranteed to be secure or error free and such information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete or otherwise be adversely affected or unsafe to use. Accordingly, each party agrees to use commercially reasonable procedures to check for the then most commonly known viruses and to check the integrity of data before sending information to the other electronically, but each party recognizes that such procedures cannot be a guarantee that transmissions will be virus-free. It remains the responsibility of the party receiving an electronic communication from the other to carry out a virus check on any attachments before launching any documents, whether received on disk or otherwise.

**6. SUPPLIES**: All supplies shall be furnished at Client's expense.

**7. WARRANTY AND RELIANCE**: Client acknowledges and agrees that DRC will take direction from the Client's representatives, employees, agents and/or professionals (collectively, the "Client Parties") with respect to services being provided under this Agreement. Client and DRC agree that DRC may rely upon, and the Client agrees to be bound by, any requests, advice or information provided by the Client Parties to the same extent as if such requests, advice or information were provided by the Client. DRC shall have the right to rely on the accuracy of all data provided by the Client and the Client Parties to DRC. Client is responsible for the accuracy of all programs, data and other information it submits to DRC (including all information for preparation of the Schedules of Assets and Liabilities ("Schedules") and Statements of Financial Affairs ("Statements"). All Schedules and Statements filed on behalf of, or by, the Client are reviewed and ultimately approved by the Client, and DRC bears no responsibility for the accuracy or contents therein. The DRC warranty under this agreement shall be limited to the re-running at its expense, of any inaccurate reports provided that such inaccuracies were caused solely as a result of performance hereunder and provided further that DRC shall receive written notice of such inaccuracies within thirty (30) days of delivery of such report. If said notice is not made to DRC within the prescribed time limit Client is due and liable for all charges. Client agrees that the foregoing constitutes the exclusive remedy available to it.

**8. TERM**: This agreement shall be effective from the date upon which it is accepted by DRC as set forth herein and shall remain in force until terminated by either party upon thirty days' written notice to the other party or by DRC upon occurrence of a Non-Payment Breach or a Material Breach, as defined in paragraph 3 above. In the event that a chapter 7 trustee, chapter 11 trustee or chapter 11 liquidating trustee is appointed, this agreement will remain in effect until an order of the Bankruptcy Court is entered discharging DRC from service and responsibility under this Agreement. The payment obligation and the indemnity obligation set forth in sections 3 and 10 herein, respectively, shall survive termination of this Agreement. In the event this Agreement is terminated, DRC shall coordinate with the Client and, to the extent applicable, the Office of the Clerk of the Bankruptcy Court, for an orderly transfer of record keeping functions and shall provide all necessary staff, services and assistance required for such orderly transfer. Client agrees to pay for such services in accordance with DRC's then existing fees for such services. If termination of this Agreement occurs following entry of an order by the Bankruptcy Court approving DRC's retention under 11 U.S.C. §§ 327 (a) and 328, then the Client

shall immediately seek entry of an order (in form and substance reasonably acceptable to DRC) that discharges DRC from service and responsibility under this Agreement.

**9. TERMS OF AGREEMENT**:  The terms of this Agreement prevail over any and all terms contained in Client's purchase order or authorization and no waiver, discharge, or modification of the terms of this Agreement shall bind DRC unless in writing and signed by an authorized representative of DRC.

**10. INDEMNIFICATION**:  The Client shall indemnify and hold DRC and its affiliates, officers, directors, agents, employees, consultants, and subcontractors (collectively, the "Indemnified Parties") harmless, to the fullest extent permitted by applicable law, from and against any and all losses, claims, damages, liabilities, costs, obligations, judgments, causes of action, charges (including, without limitation, costs of preparation and reasonable and documented attorneys' fees) and reasonable and documented out-of-pocket expenses as incurred (collectively, "Losses"), arising out of or relating to (a) this Agreement or DRC's rendering of services pursuant hereto (including any erroneous instructions or information provided to DRC by the Client or the Client Parties for use in providing services under this Agreement), (b) any breach or alleged breach of this Agreement by Client, or (c) any negligence or willful or reckless actions or  misconduct of Client or Client Parties with respect to this Agreement, other than Losses resulting solely from DRC's gross negligence or willful misconduct.  Without limiting the generality of the foregoing, "Losses" includes any liabilities resulting from claims by third persons against any Indemnified Parties.  The Client shall notify DRC in writing promptly of the institution, threat or assertion of any claim of which the Client is aware with respect to the services provided by DRC under this Agreement.  Such indemnity shall remain in full force and effect regardless of any investigation made by or on behalf of DRC and shall survive the termination of this Agreement until the expiration of all applicable statutes of limitation with respect to DRC's liabilities.

**11. CONFIDENTIALITY:**  Each of DRC and the Client, on behalf of themselves and their respective employees, agents, professionals and representatives, agrees to keep confidential all non-public records, systems, procedures, software and other information received from the other party in connection with the services provided under this Agreement; provided, however, that if either party reasonably believes that it is required to produce any such information by order of any governmental agency or other regulatory body, it may, upon not less than five (5) business days' written notice to the other party, release the required information. A breach by DRC of any promises or agreements contained herein may result in irreparable and continuing damage to Client for which there will be no adequate remedy at law, and Client shall be entitled to seek injunctive relief or a decree for specific performance, and such other relief as may be proper (including monetary damages if appropriate), without having to post any bond in support thereof.

**12. OWNERSHIP OF PROGRAMS**:  Unless otherwise agreed in writing, all programs developed by DRC in connection with any services to be performed under this Agreement shall remain the sole property of DRC.  All programs and/or systems documentation in the possession of DRC which DRC has agreed in writing to return to the Client, prepared for the Client by DRC, shall be returned to the Client upon demand providing all charges for such programming and/or systems documentation have been paid in full.

**13. SYSTEMS IMPROVEMENTS:**  DRC's policy is to provide continuous improvements in the quality of

service to its clients.  DRC, therefore, reserves the right to make changes in operating procedures, operating systems, programming languages, application programs, time period of accessibility, equipment, and the DRC data center serving the Client, so long as any such changes do not materially interfere with ongoing services provided to the Client in connection with the Client's chapter 11 case.

**14.  UNUSUAL MEASURES**:  Where the Client requires measures that are unusual and beyond the normal business practice and hours of DRC such as, but not limited to, CPA Audit, Errors and Omissions Insurance, and/or Off-Premises Storage of Data, the cost of such measures, if provided by DRC, shall be charged to the Client.  Said charges may be required in advance if DRC deems it appropriate.

**15.  JURISDICTION:**  This Agreement is subject to the approval by the United States Bankruptcy Court for the district in which the Client commences its case (the "Bankruptcy Court") and such court shall retain jurisdiction over all matters regarding this Agreement.

**16.  FORCE MAJEURE:**  Whenever performance by DRC of any of its obligations hereunder is substantially prevented by reason of any act of God, strike, lock out or other industrial or transportational disturbance, fire, lack of materials, law, regulation or ordinance, war or war conditions, or by reasons of any other matter beyond DRC's reasonable control, then such performance shall be excused and this Agreement shall be deemed suspended during the continuation of such prevention and for a reasonable time thereafter.

**17.  NOTICE:**  Any notice or other communication required or permitted hereunder shall be in writing and shall be delivered personally, or sent by registered mail, postage prepaid, or overnight courier.  Any such notice shall be deemed given when so delivered personally, or, if mailed, five days after the date of deposit in the United States mail, or, if sent by overnight courier, one business day after delivery to such courier, as follows:

if to DRC, to:       Donlin, Recano & Company, Inc.,
           48 Wall Street, 22nd Floor
           New York, NY 10005,
           Attention:  Roland Tomforde

if to the Client, to:      Kirkland & Ellis LLP
           300 North LaSalle
           Chicago, IL 60654
           Attention: Chad J. Husnick, Esq.

**18. GOVERNING LAW:** This Agreement will be governed by and construed in accordance with the laws of the State of New York (without reference to its conflict of laws provisions).

**19. SEVERABILITY:**  All clauses and covenants contained in this Agreement are severable and in the event any of them are held to be invalid by any court, such clause or covenant shall be valid and enforced to the maximum extent as to which it may be valid and enforceable, and this Agreement will be interpreted as if such invalid clauses or covenants were not contained herein.

**20. ASSIGNMENT:** This Agreement and the rights and obligations of DRC and the Client hereunder shall bind and inure to the benefit of any successors or assigns thereto. DRC shall only be permitted to assign this Agreement with the advance written consent of Client.

**21. GENERAL:**   The terms and conditions of this Agreement may be modified by DRC upon one (1) month's prior written notice to Client.  Client will not employ any DRC employee within two (2) years from the termination of this Agreement.  The term "this Agreement" as used herein includes any future written amendments, modifications, supplements or schedules duly executed by Client and DRC.  This Agreement contains the entire agreement between the parties with respect to the subject matter hereof.  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one in the same instrument. A facsimile copy, photocopy or imaged copy of this Agreement shall be considered an original copy.  The Client shall file an application with the Bankruptcy Court under 11 U.S.C. §§ 327(a) and 328 seeking approval of this Agreement (the "Application"), the form and substance of which shall be reasonably acceptable to DRC. If an order is entered approving such Application (the "Order"), any discrepancies between this Agreement, the Application and the Order shall be controlled by the Application and Order.

[Remainder of page intentionally left blank]

Accepted and Approved:

Donlin, Recano & Company, Inc.
48 Wall Street, 22nd Floor
New York, NY 10005

By:        Roland Tomforde

Signature:    *Roland W. Tomforde*

Title:        President

Date:        2/29/2024


Accepted and Approved:

Careismatic Brands, LLC

By:        Sidharth Lakhani

Signature:    *Slakhani*

Title:        Chief Executive Officer

Date:        2/29/2024

This Agreement is subject to the terms and conditions set forth herein.  Client acknowledges reading and understanding it and agrees to be bound by its terms and conditions and further agrees that it is the complete and exclusive statement of the Agreement between the parties, which supersedes all proposals oral or written and other prior communications between the parties relating to the subject matter of this Agreement.

**SCHEDULE A**
**Careismatic Brands, LLC**
**Fee Schedule**

| Hourly Rates | |
|---|---|
| Senior Bankruptcy Consultant | $167 - $203 |
| Case Manager | $153 - $167 |
| Consultant/Analyst | $126 - $149 |
| Technology/Programming Consultant | $86 - $122 |
| Clerical | $40 - $50 |

| Noticing Service | |
|---|---|
| Laser Printing/ Photocopies | $.10 per Image |
| Personalization/ Labels | WAIVED |
| Fax (Incoming) | WAIVED |
| Fax Noticing | $.08 per Page |
| Postage and Overnight Delivery | At Cost |
| Electronic Noticing | WAIVED |
| Publication Services | At Cost |

| Solicitation/Balloting, Schedule/SOFA, Custom Programming | |
|---|---|
| Print and Mail Ballots/Plan Disbursements | Print/hourly fees above – Plan/DS media varies |
| Set-up Tabulation & Vote Verification | $86 - $212 as needed |
| Public Securities Solicitation | $86 - $212 per Hour |
| Schedule/SOFA preparation | $86 - $212 per Hour |
| Customized Programming | $86 - $212 per Hour |

| Claims Docketing and Management | |
|---|---|
| Website Core Construction | WAIVED |
| Web Hosting | WAIVED |
| Creditor Data Storage/ Electronic Document Storage | $.08 per record monthly |
| Document Imaging | $.10 per Image |
| Electronic Claims filing | No Set-up charge or per claim charge |
| Electronic Docket, Notice, Mail operations | $.08 per process |

| Data Room Services | |
|---|---|
| DRC DocuLinks™ Virtual Data Room Services | Hosting WAIVED |
| Data Room Development | $95 per Hour |

| Miscellaneous | |
|---|---|
| Escrow Agent Services | Competitive Interest Rates |
| Out-of-Pocket Expenses (including any required travel) | At Cost |
| Call Center Operators | $65 per hour |

United States Bankruptcy Court

District of New Jersey

In re:                                                                                          Case No. 24-10561-VFP

Careismatic Brands, LLC                                                                         Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-2                          User: admin                                        Page 1 of 4

Date Rcvd: Mar 19, 2024                       Form ID: pdf903                                     Total Noticed: 12

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 21, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Careismatic Brands, LLC, 1119 Colorado Avenue, Santa Monica, CA 90401-3009 |
| aty | + | Ashley L. Surinak, KIRKLAND & ELLIS LLP, KIRKLAND & ELLIS INTERNATIONAL LLP, 300 North LaSalle Street, Chicago, IL 60654-5412 |
| aty | + | Chad J. Husnick, KIRKLAND & ELLIS LLP, KIRKLAND & ELLIS INTERNATIONAL LLP, 300 North LaSalle Street, Chicago, IL 60654-5412 |
| aty | + | Christine Shang, KIRKLAND & ELLIS LLP, KIRKLAND & ELLIS INTERNATIONAL LLP, 609 Main Street, Houston, TX 77002-3167 |
| aty | + | Cole Schotz P.C., 25 Main Street, Court Paza North, Hackensack, NJ 07601-7015 |
| aty | + | Daniel J. Saval, Kobre & Kim LLP, 800 3rd Avenue, New York, NY 10022-7775 |
| aty | + | Donna Xu, Kobre & Kim LLP, 800 3rd Avenue, New York, NY 10022-7775 |
| aty | + | Kirkland & Ellis LLP Kirkland & Ellis Internationa, 601 Lexington Avenue, New York, NY 10022-4611 |
| aty | + | Kristin Rose, KIRKLAND & ELLIS LLP, KIRKLAND & ELLIS INTERNATIONAL LLP, 555 South Flower Street, Suite 3700, Los Angeles, CA 90071-2432 |
| aty | + | Ruth Mulvihill, KIRKLAND & ELLIS LLP, KIRKLAND & ELLIS INTERNATIONAL LLP, 300 North LaSalle Street, Chicago, IL 60654-5412 |
| aty | + | Seth Sanders, KIRKLAND & ELLIS LLP, KIRKLAND & ELLIS INTERNATIONAL LLP, 300 North LaSalle Street, Chicago, IL 60654-5412 |

TOTAL: 11

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**

Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| aty | + | Email/Text: josh.greenblatt@kirkland.com | Mar 19 2024 20:43:00 | Joshua Greenblatt, Kirkland and Ellis International, LLP, 601 Lexington Avenue, New York, NY 10022-4611 |

TOTAL: 1

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 21, 2024                      Signature:          /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 19, 2024 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Alan J. Brody | on behalf of Creditor UBS AG Stamford Branch brodya@gtlaw.com alan-brody-2138@ecf.pacerpro.com |
| Andrew H. Sherman | on behalf of Creditor Michelman & Robinson LLP asherman@sillscummis.com |
| Andrew H. Sherman | on behalf of Defendant Michelman & Robinson LLP asherman@sillscummis.com |
| Anthony Sodono, III | on behalf of Creditor Partner Group (USA) et al. asodono@msbnj.com |
| Beth E Levine | on behalf of Creditor Official Committee Of Unsecured Creditors blevine@pszjlaw.com |
| Boris I Mankovetskiy | on behalf of Creditor Michelman & Robinson LLP bmankovetskiy@sillscummis.com, asherman@sillscummis.com |
| Boris I Mankovetskiy | on behalf of Defendant Michelman & Robinson LLP bmankovetskiy@sillscummis.com, asherman@sillscummis.com |
| Bradford J. Sandler | on behalf of Consultant Back Bay Management Corporation and its Division The Michel-Shaked Group bsandler@pszjlaw.com, mseidl@pszjlaw.com;lsc@pszjlaw.com;lpetras@pszjlaw.com;abates@pszjlaw.com |
| Bradford J. Sandler | on behalf of Creditor Official Committee Of Unsecured Creditors bsandler@pszjlaw.com mseidl@pszjlaw.com;lsc@pszjlaw.com;lpetras@pszjlaw.com;abates@pszjlaw.com |
| Bradford J. Sandler | on behalf of Attorney Pachulski Stang Ziehl & Jones LLP bsandler@pszjlaw.com mseidl@pszjlaw.com;lsc@pszjlaw.com;lpetras@pszjlaw.com;abates@pszjlaw.com |
| Bradford J. Sandler | on behalf of Other Prof. FTI Consulting Inc. bsandler@pszjlaw.com, mseidl@pszjlaw.com;lsc@pszjlaw.com;lpetras@pszjlaw.com;abates@pszjlaw.com |
| Chelsey Rosenbloom List | on behalf of Creditor 1WorldSync Inc. chelsey.list@lockelord.com |
| Christopher P. Mazza | on behalf of Creditor Jefferies Finance LLC cpmazza@pbnlaw.com mpdermatis@pbnlaw.com;pnbalala@pbnlaw.com;jmoconnor@pbnlaw.com |
| David Agay | on behalf of Debtor Careismatic Brands LLC dagay@mcdonaldhopkins.com |
| Felice R. Yudkin | on behalf of Debtor Careismatic Brands LLC fyudkin@coleschotz.com, fpisano@coleschotz.com |
| Fran B. Steele | on behalf of U.S. Trustee U.S. Trustee Fran.B.Steele@usdoj.gov |
| Jason D. Angelo | on behalf of Creditor Wingspire Equipment Finance LLC JAngelo@reedsmith.com sshidner@mdmc-law.com;smullen@mdmc-law.com |
| John W. Weiss | on behalf of Interested Party Michael Penner and Girisha Chandraraj jweiss@pashmanstein.com |
| Joseph J. DiPasquale | on behalf of Interested Party Saddle Creek Corporation Jdipasquale@foxrothschild.com cbrown@foxrothschild.com;msteen@foxrothschild.com |
| Joseph L. Schwartz | on behalf of Creditor Ball Up LLC jschwartz@riker.com |
| Joshua Sussberg | on behalf of Debtor Careismatic Brands LLC joshua.sussberg@kirkland.com, amy-donahue-2664@ecf.pacerpro.com;ecf-00163ec7e7ea@ecf.pacerpro.com |
| Joshua A. Gadharf | on behalf of Debtor Careismatic Brands LLC jgadharf@mcdonaldhopkins.com |

District/off: 0312-2                          User: admin                                    Page 3 of 4
Date Rcvd: Mar 19, 2024                        Form ID: pdf903                              Total Noticed: 12

Kevin J. Mangan
                    on behalf of Interested Party VF Corporation kevin.mangan@wbd-us.com
                    liz.thomas@wbd-us.com;Heidi.sasso@wbd-us.com;cindy.giobbe@wbd-us.com

Kevin J. Mangan
                    on behalf of Interested Party VF Outdoor LLC kevin.mangan@wbd-us.com
                    liz.thomas@wbd-us.com;Heidi.sasso@wbd-us.com;cindy.giobbe@wbd-us.com

Mark E. Hall
                    on behalf of Creditor CherryField/MES UK mhall@foxrothschild.com  cbrown@foxrothschild.com

Micah E. Marcus
                    on behalf of Debtor Careismatic Brands  LLC mmarcus@mcdonaldhopkins.com

Michael D. Sirota
                    on behalf of Debtor Strategic Partners Acquisition Corp. msirota@coleschotz.com
                    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
                    .com

Michael D. Sirota
                    on behalf of Debtor Strategic Partners Midco  LLC msirota@coleschotz.com,
                    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
                    .com

Michael D. Sirota
                    on behalf of Debtor Strategic Distribution  L.P. msirota@coleschotz.com,
                    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
                    .com

Michael D. Sirota
                    on behalf of Debtor Careismatic Brands  LLC msirota@coleschotz.com,
                    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
                    .com

Michael D. Sirota
                    on behalf of Debtor Pacoima Limited  LLC msirota@coleschotz.com,
                    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
                    .com

Michael D. Sirota
                    on behalf of Debtor Krazy Kat Sportswear LLC msirota@coleschotz.com
                    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
                    .com

Michael D. Sirota
                    on behalf of Debtor Medelita  LLC msirota@coleschotz.com,
                    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
                    .com

Michael D. Sirota
                    on behalf of Plaintiff Careismatic Brands  LLC msirota@coleschotz.com,
                    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
                    .com

Michael D. Sirota
                    on behalf of Debtor Trojan Buyer  Inc. msirota@coleschotz.com,
                    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
                    .com

Michael D. Sirota
                    on behalf of Debtor Careismatic Group Inc. msirota@coleschotz.com
                    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
                    .com

Michael D. Sirota
                    on behalf of Debtor CBI Midco  Inc. msirota@coleschotz.com,
                    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
                    .com

Michael D. Sirota
                    on behalf of Debtor Med Couture  LLC msirota@coleschotz.com,
                    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
                    .com

Michael D. Sirota
                    on behalf of Debtor CBI Intermediate  Inc. msirota@coleschotz.com,
                    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
                    .com

Michael D. Sirota
                    on behalf of Debtor CBI Parent  L.P. msirota@coleschotz.com,
                    fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
                    .com

Michael D. Sirota
        on behalf of Debtor Marketplace Impact  LLC msirota@coleschotz.com,
        fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
        .com

Michael D. Sirota
        on behalf of Debtor Strategic General Partners  LLC msirota@coleschotz.com,
        fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
        .com

Michael D. Sirota
        on behalf of Debtor AllHearts  LLC msirota@coleschotz.com,
        fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
        .com

Michael D. Sirota
        on behalf of Debtor Silverts Adaptive  LLC msirota@coleschotz.com,
        fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
        .com

Michael D. Sirota
        on behalf of Debtor Strategic Partners Corp. msirota@coleschotz.com
        fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
        .com

Michael D. Sirota
        on behalf of Debtor New Trojan Parent  Inc. msirota@coleschotz.com,
        fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
        .com

Michael D. Sirota
        on behalf of Debtor Careismatic Group II  Inc. msirota@coleschotz.com,
        fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
        .com

Michael D. Sirota
        on behalf of Debtor Trojan Holdco  Inc. msirota@coleschotz.com,
        fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
        .com

Michael D. Sirota
        on behalf of Debtor Careismatic  LLC msirota@coleschotz.com,
        fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz
        .com

Rachel A. Parisi
        on behalf of Creditor Jefferies Finance LLC raparisi@pbnlaw.com
        mpdermatis@pbnlaw.com;sakelly@pbnlaw.com;pnbalala@pbnlaw.com;jmoconnor@pbnlaw.com

Robert Malone
        on behalf of Creditor First Lien Ad Hoc Group  rmalone@gibbonslaw.com  nmitchell@gibbonslaw.com

Robert J Feinstein
        on behalf of Creditor Official Committee Of Unsecured Creditors rfeinstein@pszjlaw.com

S. Jason Teele
        on behalf of Defendant Michelman & Robinson  LLP steele@sillscummis.com, steele@sillscummis.com

S. Jason Teele
        on behalf of Creditor Michelman & Robinson  LLP steele@sillscummis.com, steele@sillscummis.com

Sari Blair Placona
        on behalf of Creditor Partner Group (USA)  et al. splacona@msbnj.com

Sean Malloy
        on behalf of Debtor Careismatic Brands  LLC smalloy@mcdonaldhopkins.com

Thomas J Scrivo
        on behalf of Unknown Role Type Cross-Holder Creditors tscrivo@kslaw.com

U.S. Trustee
        USTPRegion03.NE.ECF@usdoj.gov

Warren J. Martin, Jr.
        on behalf of Creditor Jefferies Finance LLC wjmartin@pbnlaw.com
        mpdermatis@pbnlaw.com;pnbalala@pbnlaw.com;raparisi@pbnlaw.com;jmoconnor@pbnlaw.com

Wojciech F. Jung
        on behalf of Interested Party Diamond Data Systems  Inc. (d/b/a The Uniform Solution) Wojciech.Jung@wbd-us.com,
        liz.thomas@wbd-us.com


TOTAL: 60