*Co-Counsel to the Debtors and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022

Chad J. Husnick, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601

Order Filed on March 21, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

---

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| In re: | Chapter 11 |
| CAREISMATIC BRANDS, LLC, *et al.* | Case No. 24-10561 (VFP) |
| Debtors. | (Jointly Administered) |

# ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PROVINCE, LLC AS FINANCIAL ADVISOR TO CBI PARENT, L.P. AND CBI INTERMEDIATE, INC. AT THE SOLE DIRECTION OF THE DISINTERESTED DIRECTORS OF THE TRANSACTION COMMITTEES, EFFECTIVE AS OF FEBRUARY 28, 2024

The relief set forth on the following pages, numbered two (2) through eight (8), is **ORDERED**.

**DATED: March 21, 2024**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al.* |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PROVINCE, LLC AS FINANCIAL ADVISOR TO CBI PARENT, L.P. AND CBI INTERMEDIATE, INC. AT THE SOLE DIRECTION OF THE DISINTERESTED DIRECTORS OF THE TRANSACTION COMMITTEES, EFFECTIVE AS OF FEBRUARY 28, 2024 |

Upon the *Application of Debtors CBI Parent, L.P. and CBI Intermediate, Inc. for Entry of an Order Authorizing the Retention and Employment of Province, LLC as Financial Advisor to CBI Parent, L.P. and CBI Intermediate, Inc. at the Sole Direction of the Disinterested Directors of the Transaction Committees, Effective as of February 28, 2024* (the "Application")[1] of CBI Parent, L.P. ("CBI Parent") and CBI Intermediate, Inc. ("Intermediate" and, together with CBI Parent, the "Transaction Committee Debtors")[2] for entry of an order (this "Order"): (a) authorizing, but not directing, counsel to the Transaction Committee Debtors to retain Province, LLC ("Province") as financial advisor to render independent services on behalf of and at the sole direction of Harvey Tepner, the disinterested director serving on the Transaction Committee of the Board of Directors of CBI Parent, L.P. ("CBI Parent"), with respect to certain conflict matters, and at the sole direction of Roger Meltzer (together with Harvey Tepner, the "Disinterested Directors"), the disinterested director serving on the Transaction Committee of the Board of Directors of CBI Intermediate, Inc. ("Intermediate") (collectively with the Transaction Committee of CBI Parent, the "Transaction Committees"), with respect to certain conflict matters, and in accordance with the terms and conditions set forth in that certain engagement letter dated February 28, 2024 (the "Engagement Letter") which is attached hereto as

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

[2] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.donlinrecano.com/careismatic. The location of Debtor Careismatic Brands, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is: 1119 Colorado Avenue, Santa Monica, California 90401.

(Page | 3)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al*. |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PROVINCE, LLC AS FINANCIAL ADVISOR TO CBI PARENT, L.P. AND CBI INTERMEDIATE, INC. AT THE SOLE DIRECTION OF THE DISINTERESTED DIRECTORS OF THE TRANSACTION COMMITTEES, EFFECTIVE AS OF FEBRUARY 28, 2024 |

**Exhibit 1**; and (b) granting related relief, all as more fully set forth in the Application; and upon the Moses Declaration; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 US.C. §§ 1408 and 1409; and this Court having found that the Transaction Committee Debtors' notice of the Application was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

    1.    The Application is **GRANTED** as set forth herein.

    2.    Pursuant to sections 327(a), 328(a), and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, Kobre & Kim LLP and McDonald Hopkins LLC, in their capacity as counsel to the CBI Parent and Intermediate, respectively, are authorized to employ and retain Province as financial advisor to render independent services for the Transaction Committees at the sole direction of the Disinterested Directors effective as of

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al*. |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PROVINCE, LLC AS FINANCIAL ADVISOR TO CBI PARENT, L.P. AND CBI INTERMEDIATE, INC. AT THE SOLE DIRECTION OF THE DISINTERESTED DIRECTORS OF THE TRANSACTION COMMITTEES, EFFECTIVE AS OF FEBRUARY 28, 2024 |

February 28, 2024, pursuant to the terms of the Engagement Letter, the Application, and the Moses Declaration, as modified by this Order.

3. The indemnification provisions in the Engagement Letter are approved, subject to the following modifications:

   a. The Indemnified Parties shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services other than the services provided under the Engagement Letter, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;

   b. Notwithstanding any provision of the Engagement Letter to the contrary, the Transaction Committee Debtors shall have no obligation to indemnify or provide contribution or reimbursement to the Indemnified Parties for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen from the Indemnified Parties' gross negligence, fraud, breach of fiduciary duty (if any), bad faith, self-dealing, or willful misconduct, (ii) for a contractual dispute in which the Transaction Committee Debtors allege the breach of the Indemnified Parties' contractual obligations, unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Company, et al*., 315 F.3d 217 (3d Cir. 2003); or (iii) settled without the consent of the Transaction Committee Debtors prior to a judicial determination as to the Indemnified Parties' gross negligence, fraud, willful misconduct, bad faith or self-dealing but determined by this Court, after notice and a hearing, to be a claim or expense for which the Indemnified Parties should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter, as modified by this Order;

   c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, any Indemnified Party believes that it is entitled to the payment of any amounts by the Transaction Committee Debtors on account of the Transaction Committee Debtors' indemnification, contribution and/ or reimbursement obligations under the Engagement Letter (as modified by this Order),

Case 24-10561-VFP    Doc 472    Filed 03/23/24    Entered 03/24/24 00:16:07    Desc
Imaged Certificate of Notice    Page 5 of 20

(Page | 5)
Debtors:         CAREISMATIC BRANDS, LLC, *et al.*
Case No.         24-10561 (VFP)
Caption of Order: ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PROVINCE, LLC AS FINANCIAL ADVISOR TO CBI PARENT, L.P. AND CBI INTERMEDIATE, INC. AT THE SOLE DIRECTION OF THE DISINTERESTED DIRECTORS OF THE TRANSACTION COMMITTEES, EFFECTIVE AS OF FEBRUARY 28, 2024

including without limitation any advancement of defense costs, the Indemnified Party must file an application therefor in this Court, and the Transaction Committee Debtors may not pay any such amounts to the Indemnified Party before the entry of an order by this Court approving any such payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request by an Indemnified Party for indemnification, contribution and/or reimbursement, and is not intended to limit the duration of the Transaction Committee Debtors' obligations to indemnify or make contributions or reimbursements to an Indemnified Party; and

    d.    Any limitation on liability pursuant to the terms of the Engagement Letter shall be eliminated.

4. Province shall file interim and final fee applications for allowance of its compensation for professional services and reimbursement of its expenses actually incurred as set forth in the Application and in compliance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable procedures and orders of this Court, including an arrangement for interim compensation. Province shall keep its time in one-tenth (1/10) hour increments in accordance with the U.S. Trustee Guidelines.

5. Notwithstanding anything to the contrary in the Application or the Moses Declaration, Province shall not seek reimbursement for any fees or costs, including attorney fees and costs, arising from the defense of Province's fee applications in these chapter 11 cases, unless otherwise permitted under applicable law. In the event Province seeks reimbursement for attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in Province's fee and expense applications, and these invoices and time records shall be in compliance with the Local Rules, and shall be subject to the U.S. Trustee Guidelines and the

| (Page \| 6) | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al*. |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PROVINCE, LLC AS FINANCIAL ADVISOR TO CBI PARENT, L.P. AND CBI INTERMEDIATE, INC. AT THE SOLE DIRECTION OF THE DISINTERESTED DIRECTORS OF THE TRANSACTION COMMITTEES, EFFECTIVE AS OF FEBRUARY 28, 2024 |

approval of the Court pursuant to sections 330 and 331 of the Bankruptcy Code, but without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code. All rights are reserved to permit objection to any request for reimbursement of expenses, including but not limited to, any request for the reimbursement of legal fees of Province's independent legal counsel.

6. Province shall provide ten (10) days' notice to the Debtors, the Committee, and the U.S. Trustee before any increases in the rates set forth in the Application or any agreement entered into connection with the Debtors' retention of Province are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

7. Notwithstanding anything in the Application or the Moses Declaration to the contrary, Province shall (i) comply with the requirements of Local Rule 2016-1; (ii) use the billing and expenses categories set forth below; (iii) only bill fifty percent (50%) for non-working travel; and (iv) provide any and all interim fee applications, and final fee applications in "LEDES" or Excel format to the U.S. Trustee.

| Billing Categories | Expense Categories |
|---|---|
| Business Analysis / Operations | Airfare/Train |
| Case Administration | Ground Transportation |
| Claims Analysis and Objections | Lodging |
| Committee Activities | Meals |
| Court Filings | Miscellaneous (research, data site hosting, postage, etc.) |
| Court Hearings | Telephone/Internet |
| Fee / Employment Applications | |
| Financing Activities | |
| Litigation | |

| Debtors: | CAREISMATIC BRANDS, LLC, *et al*. |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PROVINCE, LLC AS FINANCIAL ADVISOR TO CBI PARENT, L.P. AND CBI INTERMEDIATE, INC. AT THE SOLE DIRECTION OF THE DISINTERESTED DIRECTORS OF THE TRANSACTION COMMITTEES, EFFECTIVE AS OF FEBRUARY 28, 2024 |

| Plan and Disclosure Statement | |
| Sale Process | |
| Tax Issues | |
| Travel Time | |

8. Notwithstanding anything in the Application, Engagement Letter or the Moses Declaration to the contrary, Province shall: (i) to the extent that Province uses the services of independent contractors or subcontractors (collectively, the "Contractors") in the chapter 11 cases, pass through the cost of such Contractors at the same rate that Province pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors (to the extent they are attorneys, accountants or other agents) are subject to the conflicts checks and disclosures in accordance with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules; (iv) file with the Court such disclosures required by Bankruptcy Rule 2014; and (v) attach any such Contractor invoices to its monthly fee statements, interim fee applications and/or final fee applications filed in these cases.

9. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

10. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11. To the extent the Application, the Moses Declaration, or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

(Page | 8)

| | |
|---|---|
| Debtors: | CAREISMATIC BRANDS, LLC, *et al*. |
| Case No. | 24-10561 (VFP) |
| Caption of Order: | ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PROVINCE, LLC AS FINANCIAL ADVISOR TO CBI PARENT, L.P. AND CBI INTERMEDIATE, INC. AT THE SOLE DIRECTION OF THE DISINTERESTED DIRECTORS OF THE TRANSACTION COMMITTEES, EFFECTIVE AS OF FEBRUARY 28, 2024 |

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Case 24-10561-VFP    Doc 472    Filed 03/23/24    Entered 03/24/24 00:16:07    Desc
Imaged Certificate of Notice    Page 9 of 20

## **Exhibit 1**

**Engagement Letter**

# PROVINCE
www.provincefirm.com

February 28, 2024

**PRIVILEGED & CONFIDENTIAL**

**VIA EMAIL ONLY**

| | |
|---|---|
| McDonald Hopkins LLC | Kobre & Kim LLP |
| Attention: David A. Agay | Attention: Daniel Saval |
| 300 N. LaSalle Street, Suite 1400 | 800 Third Avenue |
| Chicago, Illinois 60654 | New York, New York 10022 |
| dagay@mcdonaldhopkins.com | Daniel.Saval@kobrekim.com |

      Re: *Province Inc. Engagement Letter*

Dear Messrs. Agay and Saval:

      This letter confirms and sets forth the terms and conditions of the engagement between and among (i) Province, LLC ("Province" or "we"), (ii) Kobre & Kim LLP ("K&K"), in its capacity as counsel to CBI Parent, L.P. ("CBI Parent"), at the sole direction of Harvey Tepner, the disinterested director serving on the Transaction Committee of CBI Parent, with respect to certain conflict matters, and (iii) McDonald Hopkins LLC ("MH" and, collectively with K&K, "Counsel" or "you"), in its capacity as counsel to CBI Intermediate, Inc. ("CBI Intermediate" and, together with CBI Parent, the "Companies"), at the sole direction of Roger Meltzer (together with Harvey Tepner, the "Disinterested Directors"), the disinterested director serving on the Transaction Committee of CBI Intermediate (collectively with the Transaction Committee of CBI Parent, the "Transaction Committees"), in respect to certain conflict matters, in relation to the jointly administered chapter 11 cases styled as *In re: Careismatic Brands, LLC[1], et al.*, case number 24-10561 (VFP) (the "Case") before the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), for the exclusive benefit of the Transaction Committees.

      We understand that we will be working at Counsel's direction, to assist you in advising the Companies, at the sole discretion of the respective Disinterested Directors, on matters for which CBI Parent and CBI Intermediate have no conflict. It is intended that Province's work on this engagement will be protected by attorney-client and common-interest privileges and the work-product doctrine throughout Counsel's legal representation of the Companies, at the sole direction

---

[1]     The jointly administered debtors in the Case are as follows: Careismatic Brands, LLC, ALLHearts, LLC, Careismatic, LLC, Careismatic Group Inc., Careismatic Group II, Inc., CBI Intermediate, Inc., CBI Midco, Inc., CBI Parent, L.P., Krazy Kat Sportswear LLC, Marketplace Impact, LLC, Med Couture, LLC, Medelita, LLC, New Trojan Parent, Inc., Pacoima Limited, LLC, Silverts Adaptive, LLC, Strategic Distribution, L.P., Strategic General Partners, LLC, Strategic Partners Acquisition Corp., Strategic Partners Corp., Strategic Partners Midco, LLC, Trojan Buyer, Inc., and Trojan Holdco, Inc. (jointly and severally referred to herein as the "Debtors").

T: (702) 685-5555   F: (702) 685-5556

LAS VEGAS | LOS ANGELES | MIAMI | BALTIMORE

33251819.9

February 28, 2024 — Page 2 of 7
Careismatic Brands, LLC - Engagement Letter

of the respective Disinterested Directors. Upon execution of this letter by each of the parties below, this letter will constitute an agreement between Counsel, in their capacity as counsel to the Companies, at the sole direction of the respective Disinterested Directors, and Province (the "Agreement") and will be effective as of the date of this Agreement stated above, subject to Bankruptcy Court approval.

Province will perform such financial advisory and forensic advisory services as requested by Counsel, in their respective roles as counsel to the Companies, at the sole direction of the respective Disinterested Directors, and agreed to by Province. In performing these services, Counsel agrees to use best efforts to provide Province with the necessary access to the Companies, the Companies' affiliates, and the Transaction Committees in order to obtain all information that we believe is necessary or appropriate to fulfill our responsibilities during the term of this engagement.

Scope of Services and Client Duties: Based upon confidential discussions with you, Province will report to and work at the direction of Counsel, as counsel to the Companies, at the sole direction of the respective Disinterested Directors, with respect to certain conflict matters, pursuant to the terms hereto pending Bankruptcy Court approval. Province's responsibilities will be to provide to Counsel, as counsel to the Companies, at the sole direction of the respective Disinterested Directors, the services outlined in this Agreement, and Province shall report to Counsel in its capacity as counsel to the Companies, at the sole direction of the respective Disinterested Directors. Upon execution of this Agreement, the parties hereto shall agree on a schedule for delivery of reports and other work product by Province, which will align with the timeline for completion of the ongoing investigation by the Transaction Committees.

Fees and Billing Practices: This Agreement outlines the basis upon which Province will render the services outlined herein and confirms the parties' understanding with respect to the determination and payment of fees and the reimbursement of costs and expenses, subject to Bankruptcy Court approval. Province will charge the Companies for its services based on the following schedule of standard rates summarized below:

| Professional Level | Per Hour (USD) |
|---|---|
| Managing Directors and Principals | $870-$1,450 |
| Vice Presidents, Directors, and Senior Directors | $690-$950 |
| Analysts, Associates, and Senior Associates | $370-$700 |
| Other / Para-Professional | $270-$410 |

Province shall indicate the billable time in increments of six minutes.

Province may periodically adjust its rates to reflect the advancing experience, capabilities, and seniority of certain of our professionals as well as general economic factors on an annual basis. Accordingly, the rates listed above may be changed during the term of this Agreement. Province intends to provide ten (10) business days' notice to the Companies, the Disinterested Directors, Counsel, and the U.S. Trustee before implementing any increases in Province's rates for its professionals.

Province - Careismatic Brands Engagement Letter (Executed)-c.docx

February 28, 2024 Page **3** of **7**
Careismatic Brands, LLC - Engagement Letter

  It is our understanding that all fees and expenses incurred by Province in this engagement will be paid by the Companies, and in no event shall Counsel be liable for any of Province's fees, expenses or indemnity obligations in connection with this Agreement.

  <u>Costs and Other Charges</u>:  In general, Province will incur various costs and expenses in the normal course of this Agreement.  Costs and expenses commonly include, but are not limited to: reasonable lodging, postage, parking, legal fees, allocable research fees, photocopying and other reproduction and binding costs, messenger and other delivery fees, express mail, information retrieval services, temporary clerical assistance and other similar items.  All such costs and expenses will be itemized and included for reimbursement in fee applications to be filed with the Bankruptcy Court.

  <u>Conflicts</u>:  To Province's knowledge, neither Province nor any of its employees have any connection with any party in interest, their attorneys or accountants, other than as set forth in this Agreement at *Schedule 1* hereto.  While Province has undertaken and continues to undertake efforts to identify connections with the Debtors and other parties-in-interest, it is possible that connections with some parties-in-interest have not yet been identified.  Should Province, through its continuing efforts, learn of any new connections of the nature described above, Province will promptly inform Counsel and the Transaction Committees and file supplemental declarations, as required by Bankruptcy Rule 2014(a).

  You recognize that Province is representing multiple parties with respect to this engagement.  To this end, each of you has consented to (a) permitting Province to provide services to each of you with respect to our proposed services at the same time and (b) the fact that the representation could change in the event that a conflict should arise between you.

  As we discussed, each Counsel could choose to be represented by a separate advisor.  Each Counsel has separately advised Province that: (a) there are considerations of cost and strategic advantages for each Counsel in this joint representation; and (b) each Counsel has agreed on all material issues concerning the scope of services requested of Province.

  During the course of Province's representation, a conflict might arise that would preclude this joint engagement.  From the information that has been presented to Province thus far, it appears that no issues have arisen precluding joint representation as of the date of execution of this Agreement.  Each of you is aware that the possibility exists that each of you may have divergent interests in the future.  Province is obligated to advise each of you of the possibility that such conflicts may arise.

  Each of you agrees that in the event a conflict of interest arises, CBI Parent and CBI Intermediate, at the sole direction of the respective Disinterested Directors, will negotiate the parameters for addressing that conflict in relation to Province's work.  To the extent that Province is working on any such issues or transactions, the parties agree that Province's work done at the instruction of one Counsel shall not be shared with the other Counsel.  If necessary, Province may withdraw from the representation of any of you as necessary to resolve the conflict.  In such event, each of you, as the case may be, agrees in advance that Province may continue to provide services to the other Counsel, at the sole direction of the applicable Disinterested Director.

February 28, 2024     Page **4** of **7**
Careismatic Brands, LLC - Engagement Letter

<u>Discharge, Withdrawal, Termination</u>:  Province has the right to terminate this Agreement with ten (10) days written notice; *provided* that if CBI Parent or CBI Intermediate impairs Province's ability to effectively provide the services outlined in this Agreement or CBI Parent or CBI Intermediate is withholding information, Province may terminate this engagement immediately.  Reasons for Province's termination may also include, but are not limited to, your breach of this Agreement, refusal to cooperate with or to follow advice, or a representation of you that is unlawful or unethical.  Prior to Province terminating this Agreement, Province will provide written notice to you of such termination. Counsel or the Transaction Committees shall have the right to terminate this engagement at any time by written notice to Province.

<u>Disclaimer of Guarantee; Exculpation</u>:  Nothing in this Agreement should be construed as a promise or guarantee about the outcome of any of Province's efforts. Our comments about the outcome or likely results of any effort are expressions of personal opinion only and are not representations or warranties and do not otherwise bind us.

<u>Indemnification</u>:  The Companies agree to indemnify and hold harmless Province and its affiliates and their respective directors, officers, partners, employees, and agents from and against any and all losses, claims, damages and liabilities, joint or several, to which such indemnified person may become subject and relating to, arising out of or in connection with the Case or Province's engagement hereunder, and will reimburse each indemnified person for all expenses as and when they are incurred in connection with investigating, preparing or defending, or providing evidence in or preparing to serve or serving as a witness with respect to, any pending or threatened claim or any action or proceeding arising therefrom; provided, however, the Companies shall not be liable pursuant to the foregoing indemnification provision (a) should a court of competent jurisdiction determine that such loss, claim, damage or liability is the result of the bad faith, fraud, willful misconduct, or gross negligence of Province, and (b) for special, consequential, incidental or exemplary damages or loss (nor any lost profits, savings or business opportunity).

<u>Bankruptcy Court Approvals</u>: Province acknowledges that in the event that the Bankruptcy Court approves its retention, Province's fees and expenses may be subject to the jurisdiction and approval of the Bankruptcy Court, provided further, that Province shall be required to maintain time records in a detail and format as required by this Agreement, the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of the Court, and guidelines established by the United States Trustee.

<u>Privilege</u>.  We understand that our work (a) will be conducted under Counsel's direction and (b) is covered by the attorney-client, common-interest, and work product privileges.  We will keep confidential all non-public, confidential or proprietary information pertaining to the Companies and their affiliates (the "Confidential Information") whether obtained from Counsel, the Transaction Committees, or the Companies during the term of this engagement. Such Confidential Information will be held in confidence and will not be used for any other purpose except for purposes stated herein.  We agree to abide by the relevant provisions of confidentiality stipulations entered into the Companies with third parties who may provide documents to the Companies relevant to our analysis. This provision shall not prohibit Province from disclosure pursuant to a valid subpoena or court order, or applicable law, but Province and its affiliates shall not incite or assist in securing any such subpoena or court order.  Province shall immediately give notice of any such subpoena or court order it receives by fax or email transmission to Counsel.

February 28, 2024                                                                                                          Page **5** of **7**
Careismatic Brands, LLC - Engagement Letter

The Companies shall pay Province for reasonable costs and expenses associated with any subpoena or court order regarding disclosures of Confidential Information provided that such subpoena or court order is in relation to the Case.

   To the extent possible, written reports, memoranda or status summaries that we prepare under this Agreement will be maintained in accordance with our retention procedures and shall be prominently labeled "Privileged and Confidential"; Attorney-Client Communication; Attorney Work Product"; provided, however, that the failure to so label any work product shall not be deemed a waiver of any applicable privilege or of any right of confidentiality. Any reports, drafts, written evaluations and analyses or other findings, summaries or work papers that we prepare or generate and any communication (oral or written) involving Province in connection, in either event, with any services performed hereunder (collectively, the "Reports") shall be (A) addressed to Counsel, (B) construed as confidential attorney work product, (C) prepared, generated or communicated for the purpose of assisting Counsel in giving legal advice, and (D) protected by the attorney-client and common-interest privileges and the attorney work product doctrine. Without limiting any of the foregoing, and except as may be required by law, regulation or valid judicial or administrative process, Province will maintain in confidence the Reports and any other confidential business information provided to Counsel or the Transaction Committees, and we will not use, disclose or disseminate such Reports and any other confidential business information for any other purpose. The provisions of this paragraph shall survive the termination or expiration of this Agreement.

   <u>Entire Agreement</u>:  Unless otherwise agreed in writing between Province and Counsel, all other matters referred to us for representation shall be governed by the terms of this letter, any Bankruptcy Court order, and any other attached schedules or amendments.  This Agreement contains all terms of the agreement between us and may not be modified except in writing signed by all parties and approved by the Bankruptcy Court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

February 28, 2024                                                                                                                                                                    Page **6** of **7**
Careismatic Brands, LLC - Engagement Letter

      If this letter accurately reflects our agreement, please sign and return it to us.  If you have any questions concerning the provisions of this Agreement, we invite your inquiries. We look forward to working with you.

Very truly yours,

By:    */s/ Daniel Moses*

     Daniel Moses
     Principal
     Province, LLC

Acknowledged and agreed:

**MCDONALD HOPKINS LLC**          **KOBRE & KIM LLP**

By:    */s/ David A. Agay*                  By:    */s/ Daniel J. Saval*

Name:    David A. Agay               Name:    Daniel J. Saval

Its:    Member                             Its:    Partner

Acknowledged and Agreed to:

**CAREISMATIC BRANDS, LLC** for and on behalf of all Debtors

By:    */s/ Sidharth Lakhani*

Name: <u>Sidharth Lakhani</u>

Its: <u>Chief Executive Officer</u>

February 28, 2024 Page **7** of **7**
Careismatic Brands, LLC - Engagement Letter

## Schedule 1

### Connections Disclosure

| Party | Connection Role |
|---|---|
| AlixPartners LLP | Professional |
| Arbour Lane Capital Management LP | Professional |
| Ares Management Corp. | Equity Holder |
| AT&T Inc. | Committee Member |
| Ballard Spahr LLP | Professional |
| Blank Rome LLP | Professional |
| Blue Shield of California | Committee Member |
| Carlyle Group Inc., The | Equity Holder |
| Charles River Associates Inc. | Committee Member |
| Cole Schotz PC | Professional |
| Davis Polk & Wardwell LLP | Professional |
| Donlin Recano & Co. Inc. | Professional |
| Ernst & Young AG | Professional |
| Fredrikson & Byron PA | Professional |
| Gibbons PC | Professional |
| Guggenheim Capital LLC | Professional |
| Houlihan Lokey Inc. | Professional |
| Jefferies Leveraged Credit Products LLC | Professional |
| Katten Muchin Rosenman LLP | Professional |
| King & Spalding LLP | Professional |
| Kobre & Kim LLP | Professional |
| Krazy Kat Sportswear LLC | Committee Member |
| McDonald Hopkins LLC | Professional |
| Medline Industries Inc. | Committee Member |
| Milbank LLP | Professional |
| Moss-Adams LLP | Professional |
| Paul Hastings LLP | Professional |
| PJT Partners Inc. | Professional |
| Proskauer Rose LLP | Professional |
| Rite Aid Corp. | Professional |
| Ropes & Gray LLP | Professional |
| Securitas Electronic Security Inc. | Committee Member |
| Skadden Arps Slate Meagher & Flom LLP | Professional |
| Skechers USA Inc. | Committee Member |
| UBS AG | Professional |
| Weil Gotshal & Manges LLP | Professional |

United States Bankruptcy Court
District of New Jersey

In re:  Case No. 24-10561-VFP
Careismatic Brands, LLC  Chapter 11
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-2  User: admin  Page 1 of 4
Date Rcvd: Mar 21, 2024  Form ID: pdf903  Total Noticed: 12

The following symbols are used throughout this certificate:
**Symbol  Definition**

+  Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 23, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Careismatic Brands, LLC, 1119 Colorado Avenue, Santa Monica, CA 90401-3009 |
| aty | + | Ashley L. Surinak, KIRKLAND & ELLIS LLP, KIRKLAND & ELLIS INTERNATIONAL LLP, 300 North LaSalle Street, Chicago, IL 60654-5412 |
| aty | + | Chad J. Husnick, KIRKLAND & ELLIS LLP, KIRKLAND & ELLIS INTERNATIONAL LLP, 300 North LaSalle Street, Chicago, IL 60654-5412 |
| aty | + | Christine Shang, KIRKLAND & ELLIS LLP, KIRKLAND & ELLIS INTERNATIONAL LLP, 609 Main Street, Houston, TX 77002-3167 |
| aty | + | Cole Schotz P.C., 25 Main Street, Court Paza North, Hackensack, NJ 07601-7015 |
| aty | + | Daniel J. Saval, Kobre & Kim LLP, 800 3rd Avenue, New York, NY 10022-7775 |
| aty | + | Donna Xu, Kobre & Kim LLP, 800 3rd Avenue, New York, NY 10022-7775 |
| aty | + | Kirkland & Ellis LLP Kirkland & Ellis Internationa, 601 Lexington Avenue, New York, NY 10022-4611 |
| aty | + | Kristin Rose, KIRKLAND & ELLIS LLP, KIRKLAND & ELLIS INTERNATIONAL LLP, 555 South Flower Street, Suite 3700, Los Angeles, CA 90071-2432 |
| aty | + | Ruth Mulvihill, KIRKLAND & ELLIS LLP, KIRKLAND & ELLIS INTERNATIONAL LLP, 300 North LaSalle Street, Chicago, IL 60654-5412 |
| aty | + | Seth Sanders, KIRKLAND & ELLIS LLP, KIRKLAND & ELLIS INTERNATIONAL LLP, 300 North LaSalle Street, Chicago, IL 60654-5412 |

TOTAL: 11

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| aty | + | Email/Text: josh.greenblatt@kirkland.com | Mar 21 2024 21:11:00 | Joshua Greenblatt, Kirkland and Ellis International, LLP, 601 Lexington Avenue, New York, NY 10022-4611 |

TOTAL: 1

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 23, 2024  Signature:  /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 21, 2024 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Alan J. Brody | on behalf of Creditor UBS AG Stamford Branch brodya@gtlaw.com alan-brody-2138@ecf.pacerpro.com |
| Andrew H. Sherman | on behalf of Creditor Michelman & Robinson LLP asherman@sillscummis.com |
| Andrew H. Sherman | on behalf of Defendant Michelman & Robinson LLP asherman@sillscummis.com |
| Anthony Sodono, III | on behalf of Creditor Partner Group (USA) et al. asodono@msbnj.com |
| Beth E Levine | on behalf of Creditor Official Committee Of Unsecured Creditors blevine@pszjlaw.com |
| Boris I Mankovetskiy | on behalf of Creditor Michelman & Robinson LLP bmankovetskiy@sillscummis.com, asherman@sillscummis.com |
| Boris I Mankovetskiy | on behalf of Defendant Michelman & Robinson LLP bmankovetskiy@sillscummis.com, asherman@sillscummis.com |
| Bradford J. Sandler | on behalf of Consultant Back Bay Management Corporation and its Division The Michel-Shaked Group bsandler@pszjlaw.com, mseidl@pszjlaw.com;lpetras@pszjlaw.com;abates@pszjlaw.com |
| Bradford J. Sandler | on behalf of Creditor Official Committee Of Unsecured Creditors bsandler@pszjlaw.com mseidl@pszjlaw.com;lpetras@pszjlaw.com;abates@pszjlaw.com |
| Bradford J. Sandler | on behalf of Attorney Pachulski Stang Ziehl & Jones LLP bsandler@pszjlaw.com mseidl@pszjlaw.com;lpetras@pszjlaw.com;abates@pszjlaw.com |
| Bradford J. Sandler | on behalf of Other Prof. FTI Consulting Inc. bsandler@pszjlaw.com, mseidl@pszjlaw.com;lpetras@pszjlaw.com;abates@pszjlaw.com |
| Chelsey Rosenbloom List | on behalf of Creditor 1WorldSync Inc. chelsey.list@lockelord.com |
| Christopher P. Mazza | on behalf of Creditor Jefferies Finance LLC cpmazza@pbnlaw.com mpdermatis@pbnlaw.com;pnbalala@pbnlaw.com;jmoconnor@pbnlaw.com |
| David Agay | on behalf of Debtor Careismatic Brands LLC dagay@mcdonaldhopkins.com |
| Felice R. Yudkin | on behalf of Debtor Careismatic Brands LLC fyudkin@coleschotz.com, fpisano@coleschotz.com |
| Fran B. Steele | on behalf of U.S. Trustee U.S. Trustee Fran.B.Steele@usdoj.gov |
| Jason D. Angelo | on behalf of Creditor Wingspire Equipment Finance LLC JAngelo@reedsmith.com sshidner@mdmc-law.com;smullen@mdmc-law.com |
| John W. Weiss | on behalf of Interested Party Michael Penner and Girisha Chandraraj jweiss@pashmanstein.com |
| Joseph J. DiPasquale | on behalf of Interested Party Saddle Creek Corporation Jdipasquale@foxrothschild.com cbrown@foxrothschild.com;msteen@foxrothschild.com |
| Joseph L. Schwartz | on behalf of Creditor Ball Up LLC jschwartz@riker.com |
| Joshua Sussberg | on behalf of Debtor Careismatic Brands LLC joshua.sussberg@kirkland.com, amy-donahue-2664@ecf.pacerpro.com;ecf-00163ec7e7ea@ecf.pacerpro.com |
| Joshua A. Gadharf | on behalf of Debtor Careismatic Brands LLC jgadharf@mcdonaldhopkins.com |

Case 24-10561-VFP    Doc 472    Filed 03/23/24    Entered 03/24/24 00:16:07    Desc
Imaged Certificate of Notice    Page 19 of 20

| | | |
|---|---|---|
| District/off: 0312-2 | User: admin | Page 3 of 4 |
| Date Rcvd: Mar 21, 2024 | Form ID: pdf903 | Total Noticed: 12 |

| | |
|---|---|
| Kevin J. Mangan | on behalf of Interested Party VF Corporation kevin.mangan@wbd-us.com liz.thomas@wbd-us.com;Heidi.sasso@wbd-us.com;cindy.giobbe@wbd-us.com |
| Kevin J. Mangan | on behalf of Interested Party VF Outdoor LLC kevin.mangan@wbd-us.com liz.thomas@wbd-us.com;Heidi.sasso@wbd-us.com;cindy.giobbe@wbd-us.com |
| Mark E. Hall | on behalf of Creditor CherryField/MES UK mhall@foxrothschild.com cbrown@foxrothschild.com |
| Micah E. Marcus | on behalf of Debtor Careismatic Brands LLC mmarcus@mcdonaldhopkins.com |
| Michael D. Sirota | on behalf of Debtor Strategic Partners Acquisition Corp. msirota@coleschotz.com fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor Strategic Partners Midco LLC msirota@coleschotz.com, fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor Strategic Distribution L.P. msirota@coleschotz.com, fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor Careismatic Brands LLC msirota@coleschotz.com, fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor Pacoima Limited LLC msirota@coleschotz.com, fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor Krazy Kat Sportswear LLC msirota@coleschotz.com fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor Medelita LLC msirota@coleschotz.com, fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | on behalf of Plaintiff Careismatic Brands LLC msirota@coleschotz.com, fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor Trojan Buyer Inc. msirota@coleschotz.com, fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor Careismatic Group Inc. msirota@coleschotz.com fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor CBI Midco Inc. msirota@coleschotz.com, fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor Med Couture LLC msirota@coleschotz.com, fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor CBI Intermediate Inc. msirota@coleschotz.com, fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor CBI Parent L.P. msirota@coleschotz.com, fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |

Case 24-10561-VFP    Doc 472    Filed 03/23/24    Entered 03/24/24 00:16:07    Desc
Imaged Certificate of Notice    Page 20 of 20

| District/off: 0312-2 | User: admin | Page 4 of 4 |
|---|---|---|
| Date Rcvd: Mar 21, 2024 | Form ID: pdf903 | Total Noticed: 12 |

| | |
|---|---|
| Michael D. Sirota | on behalf of Debtor Marketplace Impact LLC msirota@coleschotz.com, fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor Strategic General Partners LLC msirota@coleschotz.com, fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor AllHearts LLC msirota@coleschotz.com, fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor Silverts Adaptive LLC msirota@coleschotz.com, fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor Strategic Partners Corp. msirota@coleschotz.com fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor New Trojan Parent Inc. msirota@coleschotz.com, fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor Careismatic Group II Inc. msirota@coleschotz.com, fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor Trojan Holdco Inc. msirota@coleschotz.com, fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Michael D. Sirota | on behalf of Debtor Careismatic LLC msirota@coleschotz.com, fpisano@coleschotz.com;ssallie@coleschotz.com;lmorton@coleschotz.com;pratkowiak@coleschotz.com;ddelehanty@coleschotz.com |
| Rachel A. Parisi | on behalf of Creditor Jefferies Finance LLC raparisi@pbnlaw.com mpdermatis@pbnlaw.com;sakelly@pbnlaw.com;pnbalala@pbnlaw.com;jmoconnor@pbnlaw.com |
| Robert Malone | on behalf of Creditor First Lien Ad Hoc Group rmalone@gibbonslaw.com nmitchell@gibbonslaw.com |
| Robert J Feinstein | on behalf of Creditor Official Committee Of Unsecured Creditors rfeinstein@pszjlaw.com |
| S. Jason Teele | on behalf of Defendant Michelman & Robinson LLP steele@sillscummis.com, steele@sillscummis.com |
| S. Jason Teele | on behalf of Creditor Michelman & Robinson LLP steele@sillscummis.com, steele@sillscummis.com |
| Sari Blair Placona | on behalf of Creditor Partner Group (USA) et al. splacona@msbnj.com |
| Sean Malloy | on behalf of Debtor Careismatic Brands LLC smalloy@mcdonaldhopkins.com |
| Thomas J Scrivo | on behalf of Unknown Role Type Cross-Holder Creditors tscrivo@kslaw.com |
| U.S. Trustee | USTPRegion03.NE.ECF@usdoj.gov |
| Warren J. Martin, Jr. | on behalf of Creditor Jefferies Finance LLC wjmartin@pbnlaw.com mpdermatis@pbnlaw.com;pnbalala@pbnlaw.com;raparisi@pbnlaw.com;jmoconnor@pbnlaw.com |
| Wojciech F. Jung | on behalf of Interested Party Diamond Data Systems Inc. (d/b/a The Uniform Solution) Wojciech.Jung@wbd-us.com, liz.thomas@wbd-us.com |

TOTAL: 60