| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>Bradford J. Sandler<br>Robert J. Feinstein (admitted *pro hac vice*)<br>Judith Elkin (admitted *pro hac vice*)<br>Cia H. Mackle (admitted *pro hac vice*)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Telephone: (212) 561-7700<br>Facsimile: (212) 561-7777<br>bsandler@pszjlaw.com<br>rfeinstein@pszjlaw.com<br>jelkin@pszjlaw.com<br>cmackle@pszjlaw.com<br><br>*Counsel for the Official Committee of Unsecured Creditors* |

| | |
|---|---|
| In re:<br><br>CAREISMATIC BRANDS, LLC, *et al.*,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 24-10561 (VFP)<br><br>(Jointly Administered) |

**STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN SUPPORT OF THE DEBTORS' SECOND AMENDED JOINT PLAN OF REORGANIZATION OF CAREISMATIC BRANDS, LLC AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (the "Debtors") hereby submits its *Statement* (the "Statement") *in Support of the Debtors' Second Amended Joint Plan of Reorganization of Careismatic Brands, LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code*

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.donlinrecano.com/careismatic. The location of Debtor Careismatic Brands, LLC's principal place of business and the Debtors' service address in these chapter 11 cases is: 1119 Colorado Avenue, Santa Monica, California 90401.

4892-9513-7731.1 12841.00002                               1

[Docket No. 588; as amended, Docket No. 744] (the "Plan").[2]  In support of its Statement, the Committee respectfully states as follows:

## THE COMMITTEE AND ALL UNSECURED CREDITORS SUPPORT THE PLAN.

1. The Committee and its constituency support confirmation of the Plan. The Plan was approved by 100% of the voting classes, including Class 5 General Unsecured Creditors, the constituency of the Committee. This is the result of the diligent and collective efforts of the Committee, the Debtors, and the First Lien Ad Hoc Group and each of their professionals.

2. The Committee was appointed on February 2, 2024 and on February 6, 2024, retained Pachulski Stang Ziehl & Jones as its counsel and FTI Consulting as its financial advisor. Since that time, the Committee and its professionals have worked tirelessly to maximize value for their constituency and work towards a consensual plan of reorganization.

3. The initial Plan filed by the Debtors contemplated no recovery for Class 5 General Unsecured Creditors and was being pushed towards confirmation on an expedited schedule. The Committee filed two objections to the initial Disclosure Statement accompanying the Plan, raising numerous procedural, factual and legal objections to the adequacy of the information included therein, which resulted in the Debtors agreeing to a longer and fairer schedule and certain modifications to the Disclosure Statement, but which did not increase the recovery to unsecured creditors.

4. Furthermore, consistent with its fiduciary duties to all unsecured creditors, the Committee conducted extensive investigations into (i) the value of the Debtors' assets and business operations; (ii) certain transactions that occurred prior to the Petition Date which significantly increased the Debtors' debt obligations, including, but not limited to, the leveraged

---

[2] All defined terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

buyout of the Debtors by the Sponsor consummated in January 2021 (the "LBO Transaction"); (iii) the liens allegedly securing the claims of Holders of First Lien Claims, Second Lien Claims and Equipment Financing Claims (the "Prepetition Secured Parties"); and (iv) actions taken by certain officer and directors and insiders of the Debtors (collectively, the "Investigations"). In furtherance of the Investigations, the Committee served formal and informal discovery requests on the Debtors, Sponsor, Independent Directors and Prepetition Secured Parties.

5. As a result of the Investigations, the Committee filed the Standing Motion[3] seeking court authority to pursue, prosecute, and resolve, on behalf of the Debtors' estates, certain claims, as set forth in detail in the proposed complaint attached to the Standing Motion, for: (i) declaratory judgment that certain property of the Debtors is not subject to the liens or security interests granted to the Prepetition Secured Parties; (ii) avoidance of certain unperfected liens and security interests asserted by the Prepetition Secured Parties against certain property of the Debtors; and (iii) an order reversing (or otherwise reserving for further investigation) certain of the other acknowledgements and agreements of the Debtors set forth in the DIP Orders, as well as any potential causes of action arising from the LBO Transaction. The Committee was also prepared to seek standing to assert additional causes of action against potential defendants whose claims were not subject to the Challenge Deadline set out in the Final DIP Order.

6. As a result of the Investigations, the Creditors' Committee entered into extensive arms' length settlement negotiations with the Debtors, the First Lien Ad Hoc Group, the Cross-Holder Ad Hoc Group and the Sponsor to meaningfully improve the treatment of General Unsecured Creditors under the Plan. These negotiations were hard-fought and ultimately resulted

---

[3] *Motion of the Official Committee of Unsecured Creditors for Entry of an Order Granting Standing and Authorizing the Prosecution of Certain Challenge Claims on Behalf of the Bankruptcy Estates* [Docket No. 530].

in the current Plan, which provides a meaningful recovery to General Unsecured Creditors through the creation of a GUC Trust for the benefit of all Class 5 General Unsecured Creditors funded with $3.5 million in cash and the proceeds of certain GUC Trust Claims which may be pursued by the GUC Trust.

7. The Committee believes that based on its cost-benefit analysis of the claims asserted in the Standing Motion and other potential claims discovered pursuant to the Investigations, the Plan, as currently proposed, provides the best recovery for General Unsecured Creditors.

## THE PLAN COMPLIES IN ALL RESPECTS WITH THE BANKRUPTCY CODE AND SHOULD BE CONFIRMED.

8. As set forth in detail in the *Debtors' Memorandum of Law in Support of the Debtors' Second Amended Joint Plan of Reorganization of Careismatic Brands, LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 757] (the "Memorandum in Support"), which the Committee incorporates herein, the Plan meets all requirements for confirmation set out in the Bankruptcy Code and any other applicable law.

9. Four objections have been filed with respect to confirmation of the Plan.[4] The Committee has reviewed each objection and believes that, notwithstanding the arguments advanced therein, the Plan satisfies all applicable confirmation standards. In regard to the US

---

[4] The objections consist of (i) the *United States Trustee's Objection to Confirmation of the Second Amended Joint Plan of Reorganization of Careismatic Brands, LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 728] (the "US Trustee Objection"), (ii) the *Limited Objection of Michael Singer to the Second Amended Joint Plan of Reorganization of Careismatic Brands, LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 730] (the "Singer Objection"), (iii) *Robert Pierpoint's Limited Objection and Joinder to the Limited Objection of Michael Singer to the Second Amended Joint Plan of Reorganization of Careismatic Brands, LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 736] (the "Pierpoint Objection"), and (iv) *Cart.com's Limited Objection and Opt-Out of Release* [Docket No. 738] (the "Cart.com Objection"). The Committee has been informed that the Cart.com Objection has been consensually resolved.

Trustee Objection, the Committee has filed its Response[5] (which it incorporates herein) setting forth the legal and factual reasons why the US Trustee Objection should be overruled. With respect to the remaining Objections, the Committee joins in the arguments set forth in the Memorandum in Support and respectfully submits that each objection should be overruled.

10. The Committee fully supports confirmation of the Plan which it believes represents an optimal outcome for all creditors and parties in interest with respect to these chapter 11 cases.

## CONCLUSION

**WHEREFORE**, for all of the foregoing reasons, the Committee requests that the Court: (i) overrule all Objections, (ii) confirm the Plan, and (iii) grant such other and further relief as is appropriate and just.

[*remainder of page left blank*]

---

[5] *Response of the Official Committee of Unsecured Creditors to the United States Trustee's Objection to the Second Amended Joint Plan of Reorganization of Careismatic Brands, LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 749]

| | |
|---|---|
| Dated:  May  29, 2024 | **PACHULSKI STANG ZIEHL & JONES LLP** |
| | */s/ Bradford J. Sandler* |
| | Bradford J. Sandler |
| | Robert J. Feinstein (admitted *pro hac vice*) |
| | Judith Elkin (admitted *pro hac vice*) |
| | Cia H. Mackle (admitted *pro hac vice*) |
| | 780 Third Avenue, 34th Floor |
| | New York, NY 10017 |
| | Telephone:  (212) 561-7700 |
| | Facsimile:  (212) 561-7777 |
| | bsandler@pszjlaw.com |
| | rfeinstein@pszjlaw.com |
| | jelkin@pszjlaw.com |
| | cmackle@pszjlaw.com |
| | |
| | *Counsel for the Official Committee of Unsecured Creditors* |